**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| CENTER FOR WORKPLACE COMPLIANCE (f/k/a EQUAL EMPLOYMENT ADVISORY COUNCIL), Plaintiff, v. LITTLER MENDELSON, P.C., et al., Defendants. | Case No. 1:20-cv-1387 (AJT/JFA) JURY TRIAL DEMANDED |

**LITTLER MENDELSON, P.C.'S AND THERESA GOKTURK'S
ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendants Littler Mendelson, P.C. ("Littler") and Theresa Gokturk ("Gokturk") (collectively "Defendants") hereby answer the Amended Complaint of plaintiff Center for Workplace Compliance (f/k/a Equal Employment Advisory Council) ("CWC" or "Plaintiff"). The numbered paragraphs below correspond to the paragraph numbers contained in Plaintiff's Complaint. The headings match those in the Amended Complaint, and are included for ease of reference only. Defendants' defenses and counterclaims then follow.

**ANSWER**

**I.     INTRODUCTION**

1.     Defendants deny this paragraph's allegations.

2.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

3.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

4.      Littler admits that it has the largest global employment and labor law practice, with more than 1,500 attorneys in 80 offices worldwide.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

5.      Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

6.      Defendants admit defendant Lance E. Gibbons ("Gibbons") is a former Littler shareholder and that Gokturk was and is a Littler principal.  Defendants deny the remaining allegations of this paragraph.

7.      Defendants deny that Gibbons or Gokturk are former CWC staff members; neither was ever employed by CWC.  Defendants admit that Gibbons and Gokturk were generally familiar with the types of memoranda and similar materials that CWC made available to its membership, and that individual partners, employees and independent contractors of the NT Lakis, LLP law firm ("NT Lakis") created some of those materials.  Defendants deny this paragraph's remaining allegations.

8.      Defendants deny this paragraph's allegations.

a.      Defendants deny this sub-paragraph's allegations regarding Littler. Defendants further deny that CWC owns some or all of the copyrights to materials accessible on the "CWC Members-Only Site."  Defendants lack sufficient knowledge or information to admit or deny this sub-paragraph's remaining allegations and therefore deny them.

b.      Defendants deny this sub-paragraph's allegations regarding Littler. Defendants further deny that CWC owns some or all of the copyrights to materials accessible on the "CWC Members-Only Site."  Defendants lack sufficient knowledge or information to admit or deny this sub-paragraph's remaining allegations and therefore deny them.

c.      Defendants deny this sub-paragraph's allegations.

d.      Defendants deny this sub-paragraph's allegations regarding Littler. Defendants lack sufficient knowledge or information to admit or deny this sub-paragraph's remaining allegations and therefore deny them.

e.      Defendants deny this sub-paragraph's allegations about them.  Defendants further deny that CWC owns some or all of the copyrights to materials accessible on the "CWC Members-Only Site."  Defendants lack sufficient knowledge or information to admit or deny this sub-paragraph's remaining allegations and therefore deny them.

9.      Defendants deny this paragraph's allegations.

10.     Defendants deny this paragraph's allegations.

11.     Defendants deny this paragraph's allegations.

## II.   PARTIES

12.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

13.     Defendants admit this paragraph's allegations.

14.     Defendants admit that Gibbons is an individual residing in Virginia, and that he served as a Littler shareholder from July 2018 to early April 2020 in the Littler Washington, D.C. and Tysons Corner offices.  Defendants admit that Littler employed Gibbons from June 2007 to July 2015 at Littler's Pittsburgh, Pennsylvania Office.  Defendants admit that Gibbons' employment by and partnership in NT Lakis required that he provide legal services to CWC. The last sentence of this paragraph is a legal conclusion that requires no response, but to the extent a response is required, Defendants deny the legal conclusions contained in the last sentence.  Defendants deny this paragraph's remaining allegations.

15.      Defendants admit that Gokturk is an individual residing in Annandale, Virginia.

Defendants admit that Littler has employed Gokturk as a Principal in its Tysons Corner office

since February 2019.  Defendants deny that Gokturk was ever a "staff member of CWC and its

affiliated organizations."  Defendants admit that while serving as an independent contractor for

NT Lakis, that firm referred to Gokturk as CWC's outside "Senior Advisor, Compliance

Solutions."  The last sentence of this paragraph is a legal conclusion that requires no response,

but to the extent a response is required, Defendants deny the legal conclusions contained in the

last sentence.  Defendants deny this paragraph's remaining allegations.

16.      Defendants deny this paragraph's allegations.

## III.   JURISDICTION AND VENUE

17.      Defendants admit that CWC purports to allege the claims for relief stated in this

paragraph.  Defendants deny this paragraph's remaining allegations.

18.      Defendants admit that CWC purports to allege claims that, if colorable, would

vest the Court with subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Defendants

admit that CWC purports to allege claims that, if colorable, would vest the Court with subject

matter jurisdiction under 28 U.S.C. § 1332.

19.      Defendants admit that CWC purports to allege claims that, if colorable, would

provide the Court discretion to assert supplemental jurisdiction over CWC's state law claims

under 28 U.S.C. § 1367.

20.      Littler admits that it has an office in Tysons Corner, Virginia, and is subject to

personal jurisdiction in this District.  Defendants deny the remaining allegations of this

paragraph.

21.      Defendants admit that Gokturk is a Virginia resident and subject to personal

jurisdiction in this District.  Defendants lack sufficient knowledge or information to admit or

deny this paragraph's allegations about Gibbons and therefore deny them.  Defendants deny the remaining allegations of this paragraph.

22.     Defendants admit that venue in this District and in this Division is proper as to them.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations about Gibbons and therefore deny them.

## IV.    FACTUAL BACKGROUND

### A.    CWC Background

23.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

24.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

25.     Defendants admit that for at least a few years through 2018, CWC generally held the three conferences referenced on an annual basis.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

### B.    CWC Membership

#### 1.    Application and Approval Process Based on Eligibility Requirements

26.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

27.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

#### 2.    Law Firms Are Ineligible for Membership

28.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

29.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

30.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

31.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

32.     The first sentence of this paragraph is speculation, not a fact, to which no response is required.  To the extent that a response is required, Defendants deny it.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

33.     Defendants admit that Gokturk, because of her time as an independent contractor at NT Lakis, was generally aware that CWC excluded law firms and law firm personnel from CWC membership.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations about Gibbons and therefore deny them.  Defendants deny the remaining allegations of this paragraph.

34.     Defendants deny this paragraph's allegations.

**C.      CWC's Members-Only Site and Resources**

35.     Defendants admit that CWC makes certain information, including memoranda, available to its members.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

        a.      Defendants lack sufficient knowledge or information to admit or deny this sub-paragraph's allegations and therefore deny them.

                i.      Defendants lack sufficient knowledge or information to admit or deny this sub-paragraph's allegations and therefore deny them.

ii.      Defendants lack sufficient knowledge or information to admit or deny this subparagraph's allegations and therefore deny them.

b.      Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

c.      Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

d.      Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

e.      Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

36.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

37.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

38.    Defendants admit that this paragraph quotes from Amended Complaint Exhibit C. Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

39.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

40.    Defendants admit that certain materials made available to CWC members contain a statement, in very small print, that "[n]o part of this document may be reproduced without permission of CWC."  Defendants deny this paragraph's remaining allegations with respect to

CWC materials that they have seen.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

### D.     Lance E. Gibbons and Chris Gokturk Join Littler

41.     Defendants admit that Gokturk is familiar that certain partners, employees and/or independent contractors of NT Lakis created certain content made available to CWC members and non-member attendees of CWC conferences.  Defendants admit that Gibbons rejoined Littler in July 2018 as a shareholder.  Defendants further admit that Gokturk joined Littler in February 2019 as a Principal.  Defendants deny that either Gibbons or Gokturk was ever a former CWC "staff member."  Defendants deny that, after Gokturk joined Littler in February 2019, she ever used Littler resources "to obtain, infringe and/or use CWC's information and copyrighted materials to benefit and profit Littler directly and indirectly and" herself.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations regarding Gibbons and therefore deny them.  Littler denies this paragraph's remaining allegations.

42.     Defendants deny that Gibbons was ever "a staff member of CWC" from July 2015 to July 20, 2018, or during any other period.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

43.     Defendants deny that Gibbons "resigned and departed CWC on July 20, 2018"; because Gibbons was never at or employed by CWC he could not have "resigned and departed it."  Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

44.     Defendants deny that Gokturk was ever a staff member of CWC.  Defendants admit that as an independent contractor of NT Lakis, Gokturk provided services through NT Lakis for CWC, including in the areas identified in this paragraph.  Defendants deny this paragraph's remaining allegations.

45.     Defendants admit that Littler issued the press release identified in this paragraph. Defendants further admit that the press release, which is Amended Complaint Exhibit D, speaks for itself.  Defendants deny this paragraph's remaining allegations.

a.     Defendants admit that this sub-paragraph contains excerpts from Amended Complaint Exhibit D.  Defendants deny this paragraph's remaining allegations.

b.     Defendants admit that this sub-paragraph contains an excerpt from Amended Complaint Exhibit D.  Defendants deny this paragraph's remaining allegations.

c.     Defendants admit that this sub-paragraph contains an excerpt from Amended Complaint Exhibit D.  Defendants admit that Exhibit D identified Gibbons' affiliation with Littler's Workplace Policy Institute.  Defendants deny this paragraph's remaining allegations.

d.     Defendants admit that this sub-paragraph accurately quotes from Exhibit D to the Amended Complaint.  Defendants deny this sub-paragraph's allegations to the extent they are inconsistent with that Exhibit.

e.     Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this sub-paragraph's remaining allegations and therefore deny them.

46.     Defendants admit that Littler employed Gibbons in its Pittsburgh, Pennsylvania office from June 2007 to July 2015, and for a certain part of that time Gibbons was a Littler shareholder.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations about the extent to which Gibbons became familiar with Littler's "technology platforms and resources to assist prospective and current Littler client's [sic]," and therefore deny them.  Defendants deny this paragraph's remaining allegations.

47.     Defendants admit that Littler issued the press release identified in this paragraph. Defendants further admit that this paragraph contains an excerpt from the press release, and that the press release is Amended Complaint Exhibit F.  Defendants deny this paragraph's allegations to the extent they are inconsistent with that Exhibit.

   a.     Defendants admit that this paragraph contains an excerpt from Exhibit F to the Amended Complaint.  Defendants deny this paragraph's allegations to the extent they are inconsistent with that Exhibit.

   b.     Defendants admit that this paragraph contains an excerpt from Exhibit F to the Amended Complaint.  Defendants deny this paragraph's allegations to the extent they are inconsistent with that Exhibit.

   **E.     Using Littler's Infrastructure, Platform and Resources to Obtain and Use CWC's Information and Infringe Copyrighted Materials Related to Littler's Practice Areas, Business Interests and Profits**

48.     Defendants admit this paragraph's allegations.

49.     Defendants deny this paragraph's allegations.

50.     Defendants admit this paragraph's allegations.

51.     Defendants admit that Littler has, in certain instances, discussed its global platform and innovative resources.  Defendants further admit that this paragraph includes an excerpt from Exhibit D attributed to Gibbons.  Defendants deny this paragraph's remaining allegations.

52.     Defendants deny this paragraph's allegations.

53.     Defendants admit that in 2018 and 2019, Littler hired Gibbons and Gokturk to serve as a shareholder and a principal, respectively.  Defendants admit that Littler compensated Gibbons and that it compensated and continues to compensate Gokturk.  Defendants admit that Littler retained the ability to terminate Gibbons under certain circumstances and that it retained

the ability to terminate Gokturk.  This paragraph's remaining allegations are sufficiently ambiguous such that Defendants cannot fairly understand them, and therefore deny them.

54.     Defendants deny this paragraph's allegations.

55.     Defendants deny this paragraph's allegations.

56.     Defendants deny this paragraph's allegations.

57.     Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations that "Gibbons, using the Littler IP address, accessed, selected, obtained, viewed, downloaded, used, . . . the CWC materials in his practice including to provide legal serves to Littler clients," and therefore deny them.  Defendants deny the remaining allegations of this paragraph.

58.     Defendants admit this paragraph contains excerpts from various Littler materials and/or publications.  Defendants deny this paragraph's remaining allegations.

59.     Defendants deny this paragraph's allegations.

60.     Defendants deny this paragraph's allegations.

61.     Defendants deny this paragraph's allegations.

62.     Defendants deny this paragraph's allegations.

**F.     Obtaining and Using CWC Information and Infringing CWC Materials to Promote Littler's Business Interests and Profits**

63.     Defendants admit that Gokturk and several other Littler employees have – and Gibbons had, from July 2018 to April 2020 – practices that include(d) OFCCP compliance, which covers some of the subject matters identified in this paragraph.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

64.     Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations regarding Gibbons and therefore deny them.  Defendants deny this paragraph's remaining allegations.

65.     Defendants deny this paragraph's allegations.

66.     Defendants deny this paragraph's allegations.

**G.     Littler Presentations Promoting Littler's Business Interests and Profits**

67.     Defendants deny this paragraph's allegations.

68.     Defendants deny this paragraph's allegations.

69.     Defendants admit that defendant Gibbons gave presentations at certain Littler programs and events.  Defendants deny the remaining allegations of this paragraph.

a.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations regarding Gibbons and therefore deny them.  Defendants deny the remaining allegations of this paragraph.

b.     Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations about Gibbons and therefore deny them.  Defendants deny this paragraph's remaining allegations.

70.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations regarding Gibbons and therefore deny them.  Defendants deny the remaining allegations of this paragraph.

a.     Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this

paragraph's remaining allegations about Gibbons and therefore deny them.  Defendants deny this paragraph's remaining allegations.

71.     To the extent the use of the word "examples" implies any conduct in violation of law, Defendants deny this paragraph's allegations and, to the extent that the implication is intended for the following paragraphs, so is this denial.

a.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

i.     Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations about Gibbons and therefore deny them.  Defendants deny this paragraph's remaining allegations.

b.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations regarding Gibbons and therefore deny them.  Defendants deny the remaining allegations of this paragraph.

i.     Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations about Gibbons and therefore deny them.  Defendants deny this paragraph's remaining allegations.

c.     Defendants admit that on May 9, 2019, Gibbons was a co-presenter of a presentation entitled "Help Wanted: How Artificial Intelligence and Technology Are Changing Talent Acquisition Compliance," at the 2019 Executive Employer Conference in Phoenix, Arizona.  Defendants deny this paragraph's remaining allegations.

i.       Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations about Gibbons and therefore deny them.  Defendants deny this paragraph's remaining allegations.

d.       Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations regarding Gibbons and therefore deny them.  Defendants deny the remaining allegations of this paragraph.

i.       Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations about Gibbons and therefore deny them.  Defendants deny this paragraph's remaining allegations.

e.       Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations regarding Gibbons and therefore deny them.  Defendants deny the remaining allegations of this paragraph.

i.       Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

f.       Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations regarding Gibbons and therefore deny them.  Defendants deny the remaining allegations of this paragraph.

i.       Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny

this paragraph's allegations about Gibbons and therefore deny them.  Defendants deny this paragraph's remaining allegations.

       g.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations regarding Gibbons and therefore deny them.  Defendants deny the remaining allegations of this paragraph.

       i.    Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations about Gibbons and therefore deny them.  Defendants deny this paragraph's remaining allegations.

### H.    Littler Publications Promoting Littler's Business Interests and Profits

72.    Defendants admit that during Gibbons' employment from July 2018 to April 2020, Littler published certain articles that Gibbons wrote or co-wrote.  Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

       a.    Defendants admit that Gibbons co-authored and Littler published the article identified in this paragraph.  Defendants deny the remaining allegations of this paragraph.

       i.    Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

### I.    Early Efforts to Obtain CWC's Intellectual Property, Make False and Misleading Statements and Ask Others to Engage in Copyright Infringement and Violations of Law and the CWC Restrictions to the Members-Only Site

73.    Defendants deny this paragraph's allegations.

74.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

75.     Defendants admit that on September 4, 2018, Gibbons emailed his former colleague Danny Petrella, who was then Senior Counsel at the NT Lakis firm.  Defendants deny this paragraph's remaining allegations.

76.     Defendants deny this paragraph's allegations.

77.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegation that Petrella did not respond to Gibbons' September 4, 2018 email. Defendants deny that Petrella "was unwilling to violate established CWC restrictions or engage in copyright infringement or other violations of law" – Gibbons' email did not ask Petrella to send Gibbons the "50-state affirmative action policy survey" referred to in paragraph 75.  Rather, Gibbons merely asked Petrella, "What does Maine require that's different from the Federal requirements?"  Answering that question would not have infringed any copyrights owned by CWC.  Defendants deny this paragraph's remaining allegations.

78.     Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph's first through fourth sentences, and therefore deny them. Defendants admit that the NT Lakis firm considered Gibbons to be, for a time, CWC's outside Assistant General Counsel.  Defendants deny this paragraph's remaining allegations.

79.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

80.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations in its first two sentences and therefore deny them.  Defendants deny this paragraph's remaining allegations.

81.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

82.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

83.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

84.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

85.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations in its first sentence and therefore deny them.  Defendants deny this paragraph's remaining allegations.

86.     Defendants deny this paragraph's allegations.

87.     Defendants deny this paragraph's allegations.

88.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations in its first four sentences and therefore deny them.  Defendants deny this paragraph's remaining allegations.

**J.     Willfully Pursuing Other Avenues to Obtain Information and Infringe Intellectual Property on the CWC Members-Only Site**

89.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

90.     Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own or engaged in fraud.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

91.     Defendants deny that Gibbons was ever a "former CWC staff member." Defendants admit that Gibbons authored or co-authored works that CWC alleges it owns. Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

92.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

93.     Defendants deny Gibbons engaged in fraud.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

94.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

95.     Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

96.     Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants further deny that Littler competes with CWC.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

97.     Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants further deny this paragraph's remaining allegations about Littler. Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

98.     Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants further deny this paragraph's remaining allegations about Littler. Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

99.     Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

**K.     False and Misleading Statements, Deceit and Concealment to Obtain CWC's Intellectual Property**

100.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

101.    Defendants admit that this paragraph contains excepts from the "Login Page" at www.cwc.org.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

102.    Defendants deny that Gibbons engaged in fraud.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

103.    Defendants admit that Littler has never been a CWC member nor sought to be one.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

104.    Defendants admit that while of counsel or a partner at NT Lakis, Gibbons authored or co-authored materials that NT Lakis provided to CWC, and that CWC claims copyright ownership for certain of those materials.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

105.    Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

106.    Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own or engaged in fraud.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

107.    Defendants deny that Littler or Gibbons infringed or intended to infringe copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

108.    Defendants deny this paragraph's allegations.

**L.      Password Changes**

109.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

110.    Defendants deny Gibbons committed fraud.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

111.    Defendants deny that Littler or Gibbons infringed any copyrights that CWC purports to own.  Defendants deny the allegations about Littler in the second sentence.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

112.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

113.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

114.    Defendants admit that while of counsel or a partner at NT Lakis, Gibbons authored or co-authored materials that NT Lakis provided to CWC, and that CWC purports to own copyright interests in or to certain of those materials.  Defendants deny that Gibbons infringed copyrights that CWC purports to own or otherwise acted unlawfully.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

115.    Defendants deny this paragraph's allegations about Littler.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

116.    To the extent that this paragraph alleges that Gibbons committed fraudulent concealment, Defendants deny such allegations.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

117.    Defendants deny Gibbons engaged in fraud.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

118.    Defendants deny Gibbons engaged in fraud, deceit and concealment.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

**1.    Password Change:  June 5, 2019**

119.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

120.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

121.    Defendants deny Gibbons engaged in fraud or fraudulent concealment. Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

122.    Defendants deny Gibbons engaged in fraud.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

123.    Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

124.    Defendants deny Gibbons engaged in fraud.  Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

### 2.    Password Change:  September 27, 2019

125.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

126.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

127.    Defendants deny Gibbons engaged in fraud or fraudulent concealment. Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

128.    Defendants deny Gibbons engaged in fraud.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

129.    Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

130.    Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

### 3.    Password Change:  February 19, 2020

131.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

132.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

133.    Defendants deny Gibbons engaged in fraud or fraudulent concealment. Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

134.    Defendants deny Gibbons engaged in fraud.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

135.    Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

136.    Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

### M.     Infringement Committed Willfully and with Intent to Engage in Other Unlawful Activity

137.    Defendants deny this paragraph's allegations.

138.    Defendants deny that Gibbons was ever a CWC staff member.  Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

139.    Defendants admit that while of counsel or a partner at NT Lakis, Gibbons authored or co-authored materials that NT Lakis provided to CWC, and that CWC claims copyright ownership for certain of those materials.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

140.    Defendants deny this paragraph's allegations.

141.    Defendants deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

142.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

143.    Defendants deny Gibbons engaged in fraud.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

144.    Defendants deny that Gibbons engaged in tortious or criminal acts.  Defendants further deny that Littler or Gibbons infringed copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

N.     **Littler's Access to the CWC Members-Only Confidential Connect Communications Platform**

145.     Defendants deny this paragraph's allegations about Littler.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

146.     Defendants deny this paragraph's allegations about Littler.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

147.     Defendants deny this paragraph's allegations about Littler.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

148.     Defendants deny that Gibbons was ever a CWC staff member.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

149.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

O.     **Discovery of the Littler Infringement of the 2017 Big Data Analytics Presentation**

150.     Defendants deny this paragraph's allegations.

151.     Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

152.     Defendants admit that as an independent contractor of NT Lakis, which deemed her an outside Senior Advisor to CWC, Gokturk presented at a session of the 2017 TACS. Defendants deny this paragraph's remaining allegations about Gokturk.  Defendants lack

sufficient knowledge or information to admit or deny this paragraph's allegations about Gibbons and therefore deny them.

153.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

154.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

155.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

156.    Defendants admit that as of 2020, the referenced PowerPoint presentation appeared to contain a copyright notice of CWC's predecessor in the footer of the slides. Defendants deny this paragraph's remaining allegations.

a.    Defendants admit that as of 2020, the referenced PowerPoint presentation appeared to contain a copyright notice of CWC's predecessor in the footer of the slides. Defendants deny this paragraph's remaining allegations.

157.    This paragraph consists of a legal conclusion to which no response is required. To the extent necessary, Defendants deny this paragraph's allegation.

158.    Defendants admit that CWC is identified as an author, by virtue of the "work made for hire" doctrine, in the Copyright Registration identified in this paragraph.  Defendants deny the remaining allegations of this paragraph.

159.    Defendants deny that Gokturk was "familiar" with the 2017 Big Data presentation.  Defendants admit that Gokturk attended at least one portion of the 2017 TACS, but deny that she attended the Pre-Existing Big Data presentation by NT Lakis lawyers Danny Petrella and Matt Nusbaum.

160.     Defendants admit that Gokturk received the 2017 Big Data presentation in an unsolicited email with all presentations from the 2017 TACS, which Defendants are informed and believe and on that basis allege was emailed to all attendees and presenters.

161.     Defendants deny this paragraph's allegations.

162.     Defendants admit this paragraph's allegations.

      a.     Defendants admit this sub-paragraph's allegations.

      b.     Defendants admit this sub-paragraph's allegations.

163.     Defendants admit this paragraph's allegations.

      a.     Defendants admit this sub-paragraph's allegations.

164.     Defendants deny this paragraph's allegations.

165.     Defendants admit that Littler shareholder Charles (Chad) E. Reis, IV, and Littler associate Lillian T. Manning created an October 18, 2019 PowerPoint presentation entitled "Technology in Recruiting and Hiring: Hidden Legal Risks."  Defendants deny that the PowerPoint presentation infringes any copyrights that CWC purports to own.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

166.     Defendants deny this paragraph's allegations.

      a.     Defendants deny this sub-paragraph's allegations.

167.     Defendants deny this paragraph's allegations.

168.     Defendants admit that the copyright notice identified in this paragraph appears on the referenced presentation.  Defendants deny the remaining allegations of this paragraph.

169.     Defendants deny this paragraph's allegations.

170.     Defendants deny this paragraph's allegations.

171.    Defendants admit that Gibbons, Gokturk and another Littler shareholder gave a May 2019 presentation entitled, "How Artificial Intelligence and Technology Are Changing Talent Acquisition Compliance," in Phoenix, Arizona.  Defendants admit that Littler shareholder Chad Reis gave an August 2019 presentation entitled "Technology in Hiring and Recruiting." Defendants deny this paragraph's remaining allegations.

172.    Defendants deny this paragraph's allegations.

173.    This paragraph consists of a legal conclusion to which no response is required. To the extent necessary, Defendants deny this paragraph's allegations.

174.    This paragraph consists of a legal conclusion to which no response is required. To the extent necessary, Defendants deny this paragraph's allegations.

175.    Defendants deny that Littler competes with CWC.  Defendants admit this paragraph's remaining allegations.

176.    Defendants deny that Gokturk had any "tenure" at CWC, and deny that she was otherwise employed by CWC or a member of CWC "staff."  Defendants admit this paragraph's remaining allegations.

177.    Defendants deny this paragraph's allegations.

178.    Defendants deny this paragraph's allegations.

179.    Defendants deny this paragraph's allegations.

## V.    COPYRIGHTED WORKS

180.    Defendants deny this paragraph's allegations.

181.    Defendants deny this paragraph's allegations.

182.    Defendants admit that Amended Complaint Exhibit B contains the columns referenced by this paragraph.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

183.     Defendants deny that "CWC complied in all respects with the requirements of the Copyright Act" for purposes of registering some, if not all, of the asserted copyrights. Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

## VI.    COUNT 1: DIRECT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT OF WORKS FROM THE CWC MEMBERS-ONLY SITE

184.     Defendants incorporate by this reference their responses to paragraphs 1-67, 69-149, and 180-183, as if fully set forth here.

185.     Defendants deny this paragraph's allegations.

186.     Defendants deny this paragraph's allegations.

187.     Defendants deny this paragraph's allegations.

188.     Defendants deny this paragraph's allegations.

189.     Defendants admit that CWC alleges willful copyright infringement.  Defendants deny this paragraph's remaining allegations.

190.     Defendants deny this paragraph's allegations.

191.     Defendants deny this paragraph's allegations.

192.     Defendants deny this paragraph's allegations.

193.     Defendants deny this paragraph's allegations.

194.     Defendants deny this paragraph's allegations.

195.     Defendants deny this paragraph's allegations.

196.     This paragraph consists of a legal conclusion to which no response is required. To the extent necessary, Defendants deny this paragraph's allegations.

a.      Defendants deny this sub-paragraph's allegations.

b.      Defendants deny this sub-paragraph's allegations.

    c.     Defendants deny this sub-paragraph's allegations.

    d.     Defendants deny this sub-paragraph's allegations.

    e.     Defendants deny this sub-paragraph's allegations.

    f.     Defendants deny this sub-paragraph's allegations.

    g.     Defendants deny this sub-paragraph's allegations.

    h.     Defendants deny this sub-paragraph's allegations.

    i.     Defendants deny this sub-paragraph's allegations.

197.    Defendants deny this paragraph's allegations.

198.    Defendants deny this paragraph's allegations.

199.    Defendants admit that while of counsel or a partner at NT Lakis, Gibbons

authored or co-authored materials that NT Lakis provided to CWC.  Defendants lack sufficient

knowledge or information to admit or deny this paragraph's remaining allegations and therefore

deny them.

200.    Defendants deny this paragraph's allegations.

201.    Defendants deny this paragraph's allegations.

202.    Defendants deny this paragraph's allegations.

203.    Defendants deny this paragraph's allegations.

204.    Defendants deny this paragraph's allegations.

## VII.   COUNT 2: COMPUTER FRAUD AND ABUSE ACT UNDER 18 U.S.C. § 1030(a)(2)(C) OBTAINING INFORMATION FROM THE CWC MEMBERS-ONLY SITE

205.    Defendants incorporate by this reference their responses to paragraphs 1-67, 69-

149, and 180-204, as if fully set forth here.

206.    Defendants deny this paragraph's allegations.

207.    Defendants deny this paragraph's allegations.

208.    Littler denies obtaining any information listed on Exhibit A.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

209.    Defendants deny this paragraph's allegations about Littler.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

210.    Defendants deny this paragraph's allegations.

211.    Defendants deny this paragraph's allegations.

212.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

213.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

214.    Defendants deny this paragraph's allegations about Littler. Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

215.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

216.    Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

217.    Defendants deny that Plaintiff suffered any loss.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

218.    Defendants deny this paragraph's allegations.

219.   Defendants deny this paragraph's allegations.

**VIII.   COUNT 3: COMPUTER FRAUD AND ABUSE ACT UNDER U.S.C. §1030(A)(4) COMPUTER FRAUD**

220.   Defendants incorporate by this reference their responses to paragraphs 1-67, 69-149, and 180-219, as if fully set forth here.

221.   Defendants deny this paragraph's allegations.

222.   Defendants deny this paragraph's allegations.

223.   Defendants deny this paragraph's allegations.

224.   Defendants deny this paragraph's allegations.

225.   Defendants deny this paragraph's allegations.

226.   Defendants deny this paragraph's allegations.

227.   Defendants deny this paragraph's allegations.

228.   Defendants deny this paragraph's allegations.

229.   Defendants deny this paragraph's allegations.

230.   Defendants lack sufficient knowledge or information to admit or deny this paragraph's allegations and therefore deny them.

231.   Defendants deny that Plaintiff suffered a loss.  Defendants lack sufficient knowledge or information to admit or deny this paragraph's remaining allegations and therefore deny them.

232.   Defendants deny this paragraph's allegations.

233.   Defendants deny this paragraph's allegations.

**IX.   COUNT 4: FRAUD**

234.   Defendants incorporate by this reference their responses to paragraphs 1-67, 69-149, and 180-233, as if fully set forth here.

235.    Defendants deny this paragraph's allegations.

236.    Defendants deny this paragraph's allegations.

237.    Defendants deny this paragraph's allegations.

238.    Defendants deny this paragraph's allegations.

239.    Defendants deny this paragraph's allegations.

240.    Defendants deny this paragraph's allegations.

241.    Defendants deny this paragraph's allegations.

242.    Defendants deny this paragraph's allegations.

243.    Defendants deny this paragraph's allegations.

244.    Defendants deny this paragraph's allegations.

245.    Defendants deny this paragraph's allegations.

246.    Defendants deny this paragraph's allegations.

247.    Defendants deny this paragraph's allegations.

248.    Defendants deny this paragraph's allegations.

249.    This paragraph consists of a legal conclusion to which no response is required.

To the extent necessary, Defendants deny this paragraph's allegations.

## X.    COUNT 5: DIRECT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT OF THE 2017 CWC PRE-EXISTING BIG DATA ANALYTICS PRESENTATION

250.    Defendants incorporate by this reference their responses to paragraphs 1-68 and

150-183, as if fully set forth here.

251.    Defendants deny this paragraph's allegations.

252.    Defendants deny this paragraph's allegations.

253.    Defendants deny this paragraph's allegations.

254.    Defendants deny this paragraph's allegations.

255.    Defendants deny this paragraph's allegations.

256.    Defendants deny this paragraph's allegations.

257.    Defendants deny this paragraph's allegations.

258.    Defendants deny this paragraph's allegations.

259.    Defendants deny this paragraph's allegations.

260.    Defendants deny this paragraph's allegations.

261.    Defendants deny this paragraph's allegations.

262.    Defendants deny this paragraph's allegations.

263.    Defendants deny this paragraph's allegations.

264.    Defendants deny this paragraph's allegations.

**XI.    COUNT 6: ALTERATION OR REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION UNDER 17 U.S.C. § 1202**

265.    Defendants incorporate by this reference their responses to paragraphs 1-68, 150-183, and 250-264, as if fully set forth here.

266.    Defendants admit that as of 2020, the referenced PowerPoint presentation appeared to contain a copyright notice of CWC's predecessor in the footer of the slides. Defendants deny this paragraph's remaining allegations.

267.    This paragraph consists of a legal conclusion to which no response is required. To the extent necessary, Defendants deny this paragraph's allegations.

268.    Defendants deny this paragraph's allegations.

269.    Defendants deny this paragraph's allegations.

270.    Defendants deny this paragraph's allegations.

271.    Defendants deny this paragraph's allegations.

272.    Defendants deny this paragraph's allegations.

273.    Defendants deny this paragraph's allegations.

## XII.    COUNT 7: VICARIOUS COPYRIGHT INFRINGEMENT OF CWC WORKS

274.    Defendants incorporate by this reference their responses to paragraph 1-264, as if fully set forth here.

275.    Defendants deny this paragraph's allegations.

276.    Defendants deny this paragraph's allegations.

277.    Defendants deny this paragraph's allegations.

278.    Defendants deny this paragraph's allegations.

279.    Defendants deny this paragraph's allegations.

280.    This paragraph consists of a legal conclusion to which no response is required. To the extent necessary, Defendants deny this paragraph's allegations.

281.    Defendants deny this paragraph's allegations.

282.    Defendants admit that Littler owns and operates its infrastructure, platform and resources.  Defendants deny this paragraph's remaining allegations.

283.    Defendants admit Littler was the employer of Gibbons and Gokturk. Defendants deny this paragraph's remaining allegations.

284.    Defendants deny this paragraph's allegations.

285.    Defendants admit that Littler has described itself as "the largest global employment and labor law practice, with more than 1,500 attorneys in 80 offices worldwide" and that it advises clients on employment law.  Defendants deny the remaining allegations of this paragraph.

286.    Defendants deny this paragraph's allegations.

287.    Defendants deny this paragraph's allegations.

288.    Defendants deny this paragraph's allegations.

289.   Defendants deny this paragraph's allegations.

290.   Defendants deny this paragraph's allegations.

291.   Defendants deny this paragraph's allegations.

292.   Defendants deny this paragraph's allegations.

293.   Defendants deny this paragraph's allegations.

294.   Defendants deny this paragraph's allegations.

295.   Defendants deny this paragraph's allegations.

## **DEFENSES**

### **First Defense**
### **(Standing)**

CWC lacks standing to sue for copyright infringement regarding some or all of the works identified in Amended Complaint Exhibit B ("Works").  In particular, CWC is not the author, co-author or owner by transfer or assignment of some or all of the Works.

### **Second Defense**
### **(Failure to State a Claim)**

Each of Plaintiff's claims for relief fails for failure to state a claim on which relief can be granted.

### **Third Defense**
### **(Express License)**

Defendants allege on information and belief that a member of CWC's Board of Directors, acting with actual, apparent or ostensible authority, provided her login credentials for the CWC Members-Only Site to Gibbons, intending that he access the materials available on it. Defendants further allege on information and belief that the member of CWC's Board of Directors who provided Gibbons with login credentials for the CWC Members-Only Site never expressed that Gibbons' use of such credentials was restricted in any manner.  As a member of CWC's Board of Directors, the board member acted with actual, apparent and/or ostensible

authority to grant Gibbons unconditional access to the CWC Members-Only Site.  In so doing, CWC granted Gibbons a license for unconditional access to the CWC Members-Only Site. CWC's claims are accordingly barred.

### Fourth Defense
### (Implied License)

The relief sought by Plaintiff is barred, in whole or in part, because Defendants were granted an implied license to the works at issue in this matter, in whole or in part.

### Fifth Defense
### (Waiver and Estoppel)

The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

### Sixth Defense
### (Unclean Hands)

The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of unclean hands based upon the conduct alleged in Defendants' Counterclaims that follow.

### Seventh Defense
### (Merger Doctrine)

The expression set forth in some or all of the Works identified in Exhibit B to the Amended Complaint are not copyrightable subject matter under the merger doctrine.

### Eighth Defense
### (De Minimis Use)

The conduct complained of does not constitute infringement because it was *de minimis* use.

### Ninth Defense
### (Fair Use)

The conduct complained of does not constitute infringement because it was fair use.

**<u>Tenth Defense</u>**
**(Fraud on the U.S. Copyright Office)**

As alleged in detail in the Counterclaims that follow – and that are incorporated by reference into this Defense – CWC obtained copyright registrations for some or all of the Works identified in Exhibit B through CWC's misleading or fraudulent statements in its registration applications to the U.S. Copyright Office.  As a consequence, the registrations for such Works are invalid, unenforceable and subject to cancellation.

## COUNTERCLAIM

For their Counterclaim against Plaintiff and Counterclaim Defendant CWC, Littler and Gokturk (collectively "Counterclaimants"), by counsel, allege as follows.

## INTRODUCTION

1.        CWC's Amended Complaint seeks to enforce the copyright interests of literary Works that it does not own.  These works were authored or co-authored by third parties who did not transfer ownership rights in their copyrights to CWC.  CWC knew and knows that the authors or co-authors of many of the Works were neither its own employees nor employees of NT Lakis, identified in the Works' registration applications (and resulting registrations) as "employer for hire."  In fact, the Works' authors or co-authors were not employees of CWC – because CWC has no employees.  And many of the Works' authors or co-authors were not employees of NT Lakis.  Consequently, a substantial number of the asserted Works are not works made for hire under Section 101 of the Copyright Act (17 U.S.C. § 101), were unlawfully registered, and not proper subject matter for this action.

2.        Counterclaimants seek a judicial declaration that CWC has no ownership interest in, or standing to enforce, some or all of the Works at issue in this litigation because they are not works made for hire under the Copyright Act.  Counterclaimants further seek a judicial declaration that the registrations for such Works are invalid and unenforceable because CWC obtained them through misleading or fraudulent statements to the U.S. Copyright Office ("USCO") about the Works' authorship.

## PARTIES

3.        Littler is a professional corporation incorporated in the State of California, with a principal office address of 333 Bush Street, 34th Floor, San Francisco, California, 94104.

4.      Gokturk is an individual and resident of Annandale, Virginia, 22003.  From 2002 through February 2019, Gokturk was an independent contractor for NT Lakis.  In that role, Gokturk authored or co-authored memoranda and articles to which CWC now claims ownership and for which CWC has obtained copyright registrations on the ground that those works were works for hire.

5.      Counterclaimants allege on information and belief that CWC is a non-profit association incorporated in the District of Columbia, with its principal place of business at 1501 M Street, N.W., Washington, DC 20005.

## JURISDICTION AND VENUE

8.      These counterclaims arise under United States Copyright Laws, 17 U.S.C. § 101, *et seq*.  This court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 2201.

9.      Venue is proper in this District Court under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### CWC'S APPLICATIONS TO REGISTER COPYRIGHTS

10.      CWC commenced this action on November 13, 2020, against Littler, Gokturk and defendant Gibbons.  CWC contends that Littler and Gibbons allegedly infringed the copyrights for over 250 legal articles, memoranda and presentations that Gibbons allegedly accessed or downloaded without permission from CWC's "members-only" website while a Littler shareholder from November 2018 to April 2020.

11.      CWC also contends that Littler and Gokturk allegedly infringed the copyright for a presentation entitled "Big Data Analytics and Artificial Intelligence: The Compliance and Diversity Implications of Automating Early Stage Recruitment" (the "Big Data Presentation").

12.     The copyrights to the 253 works that CWC asserts against Littler, Gokturk and Gibbons are listed in Exhibit B to CWC's Amended Complaint (D.I. 23-2) (the "Works").

13.     CWC began applying to register the copyrights for the Works in or about March 2020, ultimately receiving registrations even after commencing this action.  On each registration certificate, the "Authorship on Application" field states that the Work was created jointly by CWC (or its predecessor Equal Employment Advisory Council ("EEAC")) as "employer for hire," on one hand, and by NT Lakis or its predecessor Norris Tysse Lampley & Lakis (collectively "NT Lakis") as "employer for hire," on the other.

14.     Each registration certificate also states that CWC is the "Copyright Claimant," i.e., the claimed owner of the copyright in the relevant Work.  Where the Works were allegedly co-created by CWC's predecessor EEAC, the registration certificate adds that CWC obtained its ownership "by operation of law from EEAC."  Because each of the Works was purportedly co-created by NT Lakis, each registration certificate also states that CWC obtained rights from NT Lakis "by written agreement."

15.     When applying to register a copyright with the USCO, an applicant is required to state whether the work to be registered is a "work made for hire."  The USCO's online application provides a hyperlink to a webpage explaining the legal criteria used to establish whether a work is a "work made for hire."

16.     Under United States copyright law, the author or authors of a work are considered to be the owners of the work unless they have assigned or otherwise transferred their rights to another person.

17.     Where a work is properly considered a "work made for hire," the employer of a person or persons who created the work, or a person who properly commissioned a work, is

considered the author for copyright purposes.  In particular, a work made for hire is one where (i) the "work [is] prepared by an employee within the scope of his or her employment," or (ii) if not prepared by an employee, the work is:

> specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire.

17 U.S.C. §101.  If a work falls outside the statutory subject matter, it does not qualify as a work made for hire.  In such a case, the person or persons who created the work are considered the author(s) of the work and, as author(s), she/he/they own the work absent a written agreement to transfer ownership to another person.

### CWC'S FALSE STATEMENTS TO THE U.S. COPYRIGHT OFFICE

18.     The registration certificates issued to CWC by the USCO, which are publicly available on the agency's website[1], show that CWC applied to register each of the Works in its own name. When CWC applied to register the Works, it falsely informed the USCO that each Work was a "work made for hire," and that the authors of these works were CWC (or its predecessor EEAC), on one hand, and NT Lakis on the other.  CWC knowingly and falsely made these statements to the USCO to induce it to issue registration certificates in CWC's name rather than in the names of the individual authors, despite having no legitimate basis for doing so.

19.     When CWC made its false statements to the USCO, CWC knew that none of the Works were created by its employees – because CWC has no employees.  Rather, CWC knew that all of the Works were created by the lawyers, analysts, compliance specialists, and other professionals engaged by NT Lakis.

---

[1] https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First.

20.     When it applied to register the Works with the USCO, CWC was further aware that none of the Works met the statutory criteria required to constitute a work for hire made by a non-employee, i.e., that they are "specially ordered or commissioned" for use as one or more of the following:

a.     a contribution to a collective work,
b.     a part of a motion picture or other audiovisual work,
c.     a translation,
d.     a supplementary work,
e.     a compilation,
f.     an instructional text,
g.     a test,
h.     answer(s) material for a test, or
i.     an atlas.

21.     When it applied to register the Works with the USCO, CWC knew that it was not a party to any written agreement with any person agreeing that any of the Works would be considered "works made for hire."  And CWC thus knew that the Works did not fall within the statutory subject matter of works made for hire made by non-employees.

22.     When it applied to register the Works with the USCO, CWC further knew that a significant number of the Works had been created by individuals who were independent consultants or partners of the NT Lakis law firm (or its predecessor) who were not employees of NT Lakis.  Despite so knowing, CWC affirmatively represented to the USCO that NT Lakis was a co-author of each Work as an "employer for hire."

23.     When it applied to register the Works with the USCO, CWC knew that none of the partners or independent contractors who performed services for NT Lakis were parties to a written agreement providing that written works that they created, or to which they contributed, were works made for hire.  CWC knew this because its president, Joe Lakis ("Lakis"), is also the managing partner of NT Lakis, and, Counterclaimants allege on information and belief, is the

sole Senior Partner and controlling partner of NT Lakis.  Lakis – whether in his capacity as Managing Partner of his eponymous law firm, or as president of CWC – had actual knowledge that CWC had and has no employees.  And he had actual knowledge those individuals at his firm who were partners, independent contractors, or otherwise were not NT Lakis employees.

24.     By way of example, Gokturk provided services to NT Lakis from 2002 to February 2019 as an independent contractor.  She was not an employee of NT Lakis or CWC. While working with NT Lakis as an independent contractor, Gokturk authored or co-authored written works that were published by CWC.  None of the works that she authored or co-authored meet the statutory criteria for works made for hire under section 101 of the Copyright Act. Moreover, Gokturk is not a party to a written work made for hire agreement with CWC (or EEAC), or with NT Lakis.  Gokturk never assigned or otherwise transferred her ownership in works that she created to CWC, EEAC, NT Lakis, or anyone else.

25.     By way of further example, Gibbons was a partner of NT Lakis from at least January 1, 2017 to July 20, 2018.  He was not an NT Lakis employee during that period.  While NT Lakis deemed Gibbons to be CWC's outside "Assistant General Counsel," he was not a CWC employee.  Nor was he a party to any work made for hire agreement – or any other agreement – with CWC.  Gibbons became a partner of NT Lakis effective January 1, 2017.  His relationship with NT Lakis was then governed by the NT Lakis, LLP Partnership Agreement, made effective January 1, 2017 (the "Partnership Agreement").  The Partnership Agreement contains no provision providing that works created by Gibbons (or any other partner) in the course and scope of his work as a partner at the firm were or would be works made for hire.  Nor did Gibbons enter into any other agreements with NT Lakis containing a work made for hire clause, or otherwise assigning to NT Lakis his copyright interests in any copyrightable works.

As a partner of NT Lakis, Gibbons authored or co-authored many written works, including a number of memoranda that CWC accuses Gibbons and Littler of infringing.  None of the works authored or co-authored by Gibbons meet the statutory or contractual criteria for works made for hire.

26.     Counterclaimants allege on information and belief that the Works identified in Exhibit B to the Amended Complaint, or at least many of them, were authored or co-authored by persons who were not employees of CWC, EEAC, or NT Lakis.  Consequently, neither CWC nor NT Lakis can be considered authors of the works as "employers for hire" under the Copyright Act for many of the Works identified in Exhibit B.[2]

27.     CWC intentionally misrepresented authorship to the USCO to secure registration of the Works in CWC's name so that it could initiate this action.

28.     Counterclaimants allege on information and belief that the USCO relied on CWC's false representations and that, but for CWC's false representations, it would not have registered copyrights in CWC's name – a necessary prerequisite to CWC filing this action and to enforcing the copyrights for the Works identified in Exhibit B.

**P**ARTICULAR **E**XAMPLES OF **CWC'**S **F**RAUDULENTLY **O**BTAINED **C**OPYRIGHT **R**EGISTRATIONS

29.     That the Court should enter a declaratory judgment that (i) CWC does not own some or all of the asserted Works, and (ii) some or all of the copyright registrations for the Works are invalid and unenforceable, is vividly demonstrated by focusing on five exemplary registrations.

30.     As discussed above, Exhibit B to the Amended Complaint lists the copyright registrations on which CWC sues for infringement.  CWC has refused to provide

---

[2] Counterclaimants intend to amend this Counterclaim to more specifically allege the Works covered by this Counterclaim following initial discovery.

Counterclaimants with copies of the vast majority of the Works identified in Exhibit B. Counterclaimants thus do not know the identity of the individuals who wrote the vast majority of the Works.  But Claimants do know the identity of those who wrote some of the accused Works. Of the Works published in 2020, Counterclaimants know who wrote five such Works.  The five works are "Claim Numbers" 1, 8, 9, 10 and 11 on Exhibit B:

**Exhibit B**
**CWC Copyright Registrations**

| Claim Number | Title of Work | Memo. Number | Date of Publication | Date of Registration | Registration Number | Date of First Infringement | Times Downloaded |
|---|---|---|---|---|---|---|---|
| 1 | White House Office of Management and Budget Asking for Public Input on Reform of Federal Agency Adjudicatory Process | 20-037 | 2/21/2020 | 4/24/2020 | TX0008868399 | 2/21/2020 | 1 |
| 8 | MEMBER FEEDBACK REQUESTED: OFCCP Issues Proposed Rule To Revise and Codify Its Procedures for Resolving Alleged "Material" Violations Found During a Compliance Audit | 20-001 | 1/3/2020 | 3/30/2020 | TX0008858503 | 2/28/2020 | 2 |
| 9 | "Must-Pass" FY 2020 Defense Bill Signed by President Trump Contains Federal Contractor "Ban-the-Box" Mandate, 12 Weeks of Paid Parental Leave for Federal Employees | 20-002 | 1/3/2020 | 3/30/2020 | TX0008859306 | 1/3/2020 | 1 |
| 10 | Federal Trial Court Rules OFCCP Must Turn Over EEO-1 Reports in Response to Freedom of Information Act Request, Concludes Key FOIA Exemption Does Not Apply | 20-003 | 1/3/2020 | 3/30/2020 | TX0008858474 | 1/3/2020 | 1 |
| 11 | Congress, Trump Administration Reach Agreement on Deal To Fund Government Through September 30, 2020; OFCCP, EEOC, Wage and Hour All Get Spending Increases | 20-004 | 1/3/2020 | 3/30/2020 | TX0008858463 | 1/3/2020 | 1 |

**EXHIBIT B – CWC MEMOS 20-037, 20-002, 20-003 AND 20-004**

31.      Counterclaimants allege on information and belief that NT Lakis partner Mike Eastman ("Eastman") wrote the memorandum comprising Exhibit B's Claim no. 1, entitled

"White House Office of Management and Budget Asking for Public Input on Reform of Federal Agency Adjudicatory Process," and also identified as CWC Memo 20-037.

32.     Counterclaimants allege on information and belief that NT Lakis has been governed by the Partnership Agreement.  As alleged above, the Partnership Agreement does not contain a work made for hire clause or text.  Counterclaimants allege on information and belief that NT Lakis has not entered into any work made for hire agreements or copyright assignment agreements with its individual partners, independent contractors, or others not classified as employees.

33.     NT Lakis partner Mike Eastman was not an employee of NT Lakis or CWC in February 2020, when CWC Memo 20-037 was written and published.  Because no other statutory basis applies to the Work, CWC Memo 20-037 is not a statutory work made for hire.

34.     Counterclaimants allege on information and belief that Eastman did not enter into a written work made for hire or copyright assignment agreement with CWC or NT Lakis before CWC filed its application to register the copyright for CWC Memo 20-037.  Put simply, Eastman was and remains the "author" of CWC Memo 20-037 for copyright purposes, and owns the copyright for that Work.

35.     When CWC applied to register the copyright for CWC Memo 20-037, therefore, it did not own the copyright interest for the Work.  The application to register the Work indicated that CWC had the right to do so by virtue of "[t]ransfer of any and all remaining copyright interests from NT Lakis to CWC by written agreement."  That representation was false, and CWC knew it because (a) Eastman was not an employee of NT Lakis, and (b) had not conveyed his interest in the copyright for the Work in an agreement.  NT Lakis thus had no copyright interest to convey to CWC.  Moreover, CWC's representation on the application that

"authorship" of the work was by NT Lakis as "employer for hire" and CWC as "employer for hire" was false.

36.     CWC obtained its copyright registration for Memo 20-037 through false pretenses.  It did not own the copyright interest in the Work, and lacked any legal basis to seek the copyright's registration.  The copyright registration for CWC Memo 20-037 is therefore invalid and unenforceable.

37.     Counterclaimants allege on information and belief Mike Eastman also wrote the memoranda comprising Claim nos. 9-11 on Exhibit B:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 9 | "Must-Pass" FY 2020 Defense Bill Signed by President Trump Contains Federal Contractor "Ban-the-Box" Mandate, 12 Weeks of Paid Parental Leave for Federal Employees | 20-002 | 1/3/2020 | 3/30/2020 | TX0008859306 | 1/3/2020 | 1 |
| 10 | Federal Trial Court Rules OFCCP Must Turn Over EEO-1 Reports in Response to Freedom of Information Act Request, Concludes Key FOIA Exemption Does Not Apply | 20-003 | 1/3/2020 | 3/30/2020 | TX0008858474 | 1/3/2020 | 1 |
| 11 | Congress, Trump Administration Reach Agreement on Deal To Fund Government Through September 30, 2020; OFCCP, EEOC, Wage and Hour All Get Spending Increases | 20-004 | 1/3/2020 | 3/30/2020 | TX0008858463 | 1/3/2020 | 1 |

38.     For the same reasons alleged in paragraphs 31-34 above, when CWC applied to register the copyright for CWC Memos 20-002, 20-003 and 20-004, it did not own the copyright interests for the Works.  The application to register each of the three Works indicated – as did the application to register CWC Memo 20-037 – that CWC had the right to do so by virtue of "[t]ransfer of any and all remaining copyright interests from NT Lakis to CWC by written agreement."  That representation was false, and CWC knew it, as alleged above.  Moreover,

CWC's representation on the application that "authorship" of the work was by NT Lakis as "employer for hire" and CWC as "employer for hire" was again false.

39.     CWC obtained its copyright registration for Memos 20-002, 20-003 and 20-004 through false pretenses.  It did not own the copyright interest in the Works, and lacked any legal basis to seek the copyrights' registrations.  The copyright registration for CWC Memos 20-002, 20-003 and 20-004 is therefore invalid and unenforceable.

### Exhibit B – CWC Memo 20-001

40.     Counterclaimants allege on information and belief that NT Lakis partner Danny Petrella ("Petrella") wrote the memorandum comprising Exhibit B's Claim no. 8, entitled "MEMBER FEEDBACK REQUESTED: OFCCP Issues Proposed Rule To Revise and Codify Its Procedures for Resolving Alleged 'Material' Violations Found During a Compliance Audit," and also identified as CWC Memo 20-001.

41.     NT Lakis partner Danny Petrella was not an employee of NT Lakis or CWC in January 2020, when CWC Memo 20-001 was written and published.  Because no other statutory basis applies to the Work, CWC Memo 20-0001 is not a statutory work made for hire.

42.     Counterclaimants allege on information and belief that Petrella – like Eastman – did not enter into a written work made for hire or copyright assignment agreement with CWC or NT Lakis before CWC filed its application to register the copyright for CWC Memo 20-001. Petrella thus was and remains the "author" of CWC Memo 20-001 for copyright purposes, and owns the copyright for that Work.

43.     When CWC applied to register the copyright for CWC Memo 20-001, it did not own the copyright interest for the Work.  The application to register the Work indicated that CWC had the right to do so by virtue of "[t]ransfer of any and all remaining copyright interests

from NT Lakis to CWC by written agreement." That representation was false, and CWC knew it because (a) Petrella was not an employee of NT Lakis, and (b) had not conveyed his interest in the copyright for the Work in an agreement. NT Lakis thus had no copyright interest to convey to CWC. Moreover, CWC's representation on the application that "authorship" of the work was by NT Lakis as "employer for hire" and CWC as "employer for hire" was false.

44.     CWC obtained its copyright registration for Memo 20-001 through false pretenses. It did not own the copyright interest in the Work, and lacked any legal basis to seek the copyright's registration. The copyright registration for CWC Memo 20-001 is therefore invalid and unenforceable.

### FIRST COUNTERCLAIM FOR RELIEF
#### (DECLARATORY JUDGMENT THAT CWC IS NOT THE COPYRIGHT OWNER FOR SOME OR ALL OF THE WORKS)

45.     Counterclaimants incorporate by reference the allegations of paragraphs 1 through 44 of this Counterclaim as if fully stated here.

46.     Pursuant to the copyright laws of the United States, 17 U.S.C. §101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, the Court has the power to issue a declaratory judgment that CWC is not the copyright owner for some or all of the Works it asserts in this action.

47.     CWC alleges that it owns the Works identified in Exhibit B to the Amended Complaint, and the Littler, Gokturk and/or Gibbons infringed some or all of the Works. CWC premises its purported ownership of the Works on authorship by CWC or its predecessor EEAC, NT Lakis, or some combination thereof, as "employers for hire."

48.     The facts alleged above, however, demonstrate that some or all of the Works do not qualify as works made for hire. As a result, CWC and/or NT Lakis are not authors or co-authors of some or all of the Works.

49.     An actual, present and justiciable controversy has thus arisen and exists between CWC and Counterclaimants regarding CWC's ownership of the Works and its right to enforce or otherwise claim copyright infringement regarding the Works.

50.     Counterclaimants seek a declaratory judgment from this Court that (a) neither CWC nor NT Lakis is the author of some or all of the Works, (b) CWC has no present ownership interest in some or all of the Works, and (c) CWC lacks a statutory or other basis to enforce the copyright for some or all of the Works.

### SECOND COUNTERCLAIM
**(DECLARATORY JUDGMENT THAT THE COPYRIGHT REGISTRATIONS IN SOME OR ALL OF THE WORKS ARE INVALID AND UNENFORCEABLE)**

51.     Counterclaimants incorporate by reference the allegations of paragraphs 1 through 44 of this Counterclaim as if fully stated herein

52.     As set forth in detail above, at the time CWC applied to register copyrights in the Works, CWC was aware that neither CWC nor NT Lakis was an "author" of – and thus did not own – some or all of the Works because (a) neither CWC nor NT Lakis employed the person or persons who created or contributed to the creation of some or all of the Works, and (b) neither CWC nor NT Lakis was a party to any written agreement that any or all Works was/were a "work made for hire."

53.     At the time that it filed applications to register the Works, CWC was aware that some or all of the Works were not works made for hire, and that as a consequence neither it nor NT Lakis was or could be considered an author or co-author of such Works.  CWC nonetheless intentionally misrepresented the authorship of some or all of the Works by stating on registration applications to the USCO that the Works were made for hire.  CWC purposefully made these false statements to the USCO to induce it to issue registration certificates in CWC's name so that it could commence this action.

54.     Counterclaimants allege on information and belief that CWC's false statements to the USCO were material to the agency's decision to issue the registrations in the Works to CWC. The USCO relied on CWC's false statements and would not have registered the copyrights in CWC's name had it known the true facts.

55.     An actual, present and justiciable controversy has thus arisen and exists between CWC and Counterclaimants regarding whether some or all of the registrations for the Works issued to CWC were obtained by misleading or defrauding the USCO and whether, as a result, the registrations are invalid, unenforceable or subject to cancellation.

56.     Counterclaimants accordingly seek a declaratory judgment from this Court that CWC knowingly made misleading or fraudulent representations to the USCO regarding some or all of the Works to cause the agency to issue copyright registrations and that, as a result, those registrations are invalid, unenforceable and subject to cancellation.

## **PRAYER**

WHEREFORE, Defendants and Counterclaimants pray for judgment as follows:

1.     Entry of a Declaratory Judgment that:

    a.     neither CWC nor NT Lakis is the author of some or all of the Works;

    b.     CWC has no present ownership interest in some or all of the Works;

    c.     CWC lacks a statutory or other basis to enforce the copyright for some or all of the Works;

    d.     CWC knowingly made misleading or fraudulent representations to the USCO regarding some or all of the Works to cause the agency to issue copyright registrations;

    e.     and as a result, such registrations are invalid and unenforceable;

2.        Judgment in favor of Defendants and against CWC on each of CWC's claims for relief;

3.        Judgment requiring CWC to pay Defendants' costs of suit;

4.        Judgment requiring CWC to pay Defendants' attorneys' fees pursuant to 17 U.S.C. § 505; and

5.        That Defendants be awarded such other relief as the Court may deem just and proper.

## JURY DEMAND

Defendants and Counterclaimants hereby demand a trial by jury on all issues and claims so triable.

Dated:   January 19, 2021

SQUIRE PATTON BOGGS (US) LLP

/s/ *John A. Burlingame*
John A. Burlingame (VSB No. 32694)
2550 M Street NW
Washington DC 20037
(202) 626 6871
john.burlingame@squirepb.com

David S. Elkins (admitted pro hac vice)
1801 Page Mill Road, Suite 110
Palo Alto, California 94304
(650) 843-3378
david.elkins@squirepb.com

Joseph A. Meckes (admitted pro hac vice)
Joseph P. Grasser (admitted pro hac vice)
275 Battery Street, 26th floor
San Francisco, California 94111
(415) 954-0201
joseph.meckes@squirepb.com
joseph.grasser@squirepb.com

Eleanor M. Hagan (admitted pro hac vice)
4900 Key Tower 127 Public Square
Cleveland, Ohio 44114
(216) 479 8500
eleanor.hagan@squirepb.com

*Attorneys for Defendants and Counterclaimants*
*Littler Mendelson, P.C. and Theresa Gokturk*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2021, a copy of the foregoing **LITTLER MENDELSON, P.C.'S AND THERESA GOKTURK'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS** was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel:

Mark L. Krotoski
J. Kevin Fee
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone: +1.202.739.3000
mark.krotoski@morganlewis.com
kevin.fee@morganlewis.com

Thomas Y. Nolan
1400 Page Mill Road
Palo Alto, CA  94304
Telephone: +1.650.843.4000
thomas.nolan@morganlewis.com

*Attorneys for Plaintiff Center for Workplace Compliance*

Robert C. Gill
Ian A. McLin
Saul Ewing Arnstein & Lehr LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
Telephone: +1.202.333.8800
robert.gill@saul.com
ian.mclin@saul.com

*Attorney for Defendant
Lance E. Gibbons*

/s/ *John A. Burlingame*
*One of the Attorneys for Defendants and Counterclaimants Littler Mendelson, P.C. and Theresa Gokturk*