IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| CENTER FOR WORKPLACE COMPLIANCE (f/k/a EQUAL EMPLOYMENT ADVISORY COUNCIL), | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:20-cv-01387-AJT-JFA |
| LITTLER MENDELSON, P.C., *et al.*, | ) ) ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT LANCE E. GIBBONS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Lance E. Gibbons ("Defendant" or "Mr. Gibbons"), by undersigned counsel, responds to First Amended Complaint ("Complaint") filed by plaintiff, the Center for Workplace Compliance ("CWC" or "Plaintiff"), and states as follows:

## I. RESPONSE TO THE INTRODUCTION

1.      Paragraph 1 consists of Plaintiff's characterization of this action.  To the extent the allegations in Paragraph 1 require a response, Plaintiff's characterization is denied.

2.      Paragraph 2 consists of Plaintiff's characterization of the Plaintiff as an entity over a time period of more than forty years.  To the extent the allegations in Paragraph 2 require a response, Plaintiff's characterization is denied.

3.      Paragraph 3 consists of Plaintiff's characterization of the eligibility rules for membership for CWC over a period of more than forty years.  To the extent the allegations in Paragraph 3 require a response, Plaintiff's characterization is denied.

4.      Paragraph 4 consists of Plaintiff's characterization of CWC's eligibility rules, and CWC's thoughts and mental impressions about this action.  To the extent the allegations in Paragraph 4 require a response, Plaintiff's characterization is denied.

5.      Paragraph 5 consists of Plaintiff's characterization of the alleged facts on which this action is based.  To the extent the allegations in Paragraph 5 require a response, Plaintiff's characterization is denied.

6.      Paragraph 6 consists of Plaintiff's characterization of the alleged facts on which this action is based.  To the extent the allegations in Paragraph 6 require a response, the Plaintiff's characterization is denied.  By way of further answer, Mr. Gibbons states that the allegations about his "employment" by CWC are so materially incomplete and inaccurate that they are false and misleading.  At all times relevant herein, Mr. Gibbons was either counsel to or partner in the NT Lakis law firm.  Mr. Gibbons was hired by, worked for, was associated with, and was paid by the NT Lakis law firm, although the name of the NT Lakis firm does not appear anywhere in the Complaint.  Mr. Gibbons had no employment agreement with CWC, and he was not paid by CWC, although his duties as counsel and later as a partner in the NT Lakis firm required that he provide legal services to CWC, for which CWC was charged by the NT Lakis law firm.  At all times relevant hereto CWC had no employees.  Any remaining allegations are denied.

7.      Paragraph 7 consists of Plaintiff's generalized characterization about knowledge allegedly possessed by Mr. Gibbons and by Ms. Gokturk.  To the extent the allegations in Paragraph 7 require a response, Plaintiff's characterization is denied.  For the reasons set forth in paragraph 6 above, Mr. Gibbons also denies the allegations about him being a "CWC staff

member" on the basis that the allegation is so incomplete and inaccurate that it is false and misleading.  Any remaining allegations are denied.

8.      Paragraph 8 consists of Plaintiff's characterization of the alleged facts on which this action is based as to Defendants Littler, Gokturk and Gibbons.  Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations as to Defendants Littler or Gokturk, and he therefore denies the allegations.  The allegations in Paragraph 8 are denied as to Mr. Gibbons.

9.      Paragraph 9 consists of an allegation about "explicit or tacit approval" by Defendant Littler of certain conduct alleged herein.  These allegations are a conclusion of law to which no response is required.  To the extent that a response may be required, Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations about "explicit or tacit approval" by Defendant Littler, and he therefore denies the allegations.  Any remaining allegations are denied.

10.      Paragraph 10 consists of a number of different allegations.  Plaintiff's conclusory allegation of fraud is denied.  The allegation that "some or all of the Littler Defendants falsely represented that Littler was the original author" of content copied from CWC materials is so vague that it does not permit a substantive response.  To the extent that a response is required, Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations, and he therefore denies the allegations.  Mr. Gibbons admits that he used the login credentials of another individual to gain access to CWC materials, but expressly denies that such access was without authorization.  To the contrary, Mr. Gibbons states that permission was granted by a member of CWC's board of directors, who had actual and/or apparent authority to

do so, and that such permitted access was not restricted or revoked.  Any remaining allegations are denied.

11.     Paragraph 11 consists of Plaintiff's summary of the relief it seeks.  Mr. Gibbons denies that Plaintiff is entitled to the relief sought herein.

## II.  THE PARTIES

12.     Defendant admits that Plaintiff is a non-profit association incorporated in the District of Columbia with its principal place of business in the District of Columbia.

13.     Upon information and belief, Mr. Gibbons admits the allegations concerning the jurisdiction where Littler is incorporated.  Mr. Gibbons admits that Littler has at all times relevant hereto maintained offices in Washington, D.C. and in Northern Virginia.

14.     Mr. Gibbons admits that he is a citizen of Virginia as alleged, and that he was a shareholder of Littler during the time periods alleged.  Mr. Gibbons admits that his employment by and partnership in the NT Lakis firm required that he provide legal services to CWC, and that he did so.  At all times relevant hereto, CWC had no employees.  The allegation that Mr. Gibbons was at all relevant times "acting within the course and scope of his employment with Littler" is a conclusion of law to which no response is required.  To the extent that a response may be required, the allegation is denied.  Any remaining allegations are denied.

15.     Mr. Gibbons admits that Ms. Gokturk is a Virginia citizen as alleged, and that she has been a Littler principal since early 2019.  The allegation that Ms. Gokturk was at all relevant times "acting within the course and scope of her employment with Littler" is a conclusion of law to which no response is required.  To the extent that a response may be required, the allegation is denied.  By way of further answer, Mr. Gibbons states that the allegations about Ms. Gokturk's "employment" by CWC are so materially incomplete and inaccurate that they are misleading.  At

all times relevant hereto before her employment by Littler, Ms. Gokturk was an independent contractor for the NT Lakis law firm.  Ms. Gokturk was hired by, worked for, and was paid by the NT Lakis law firm, although the name of the NT Lakis firm does not appear anywhere in the Complaint.  On information and belief, Ms. Gokturk had no employment agreement with CWC, and she was not paid by CWC, although her duties as an independent contractor for the NT Lakis firm required that she provide certain professional services to CWC, for which CWC was charged by the NT Lakis law firm.  At all times relevant hereto, CWC had no employees.  Any remaining allegations are denied.

16.     Defendant is without sufficient knowledge or information to permit him to respond to the allegations as to Doe Defendants 1-10, and the allegations are therefore denied.

### III.  JURISDICTION AND VENUE

17.     The allegations in Paragraph 17 consist of legal conclusions to which no response is required.  To the extent the allegations in Paragraph 17 require a response, Defendant admits only that the Complaint asserts claims based on the Copyright Act, the Computer Fraud and Abuse Act, and for common law fraud.  Any remaining allegations are denied.

18.     Defendant admits that this Court has subject matter jurisdiction based on federal question jurisdiction and diversity of citizenship.

19.     Defendant admits that this Court has supplemental jurisdiction over the fraud claim.

20.     The allegations in Paragraph 20 assert a legal conclusion to which no response is required.  To the extent the allegations in Paragraph 20 require a response, Defendant admits only that Littler transacts business in this judicial district.  Any remaining allegations are denied.

21.     Mr. Gibbons admits that this Court has personal jurisdiction over him.  The allegations as to Ms. Gokturk consist of legal conclusions to which no response is required.  To the extent that a response is required, Defendant states only that upon information and belief Ms. Gokturk is a resident and citizen of Virginia.  Any remaining allegations are denied.

22.     Defendant admits that venue is proper in this Court.

## IV.  FACTUAL BACKGROUND

23.     Defendant admits only that CWC is a non-profit association which, *inter alia*, provides information to its members about workplace compliance requirements and risks.  Mr. Gibbons is without sufficient knowledge or information about CWC's history going back to 1976 to permit him to admit such allegations, and those allegations are therefore denied.  Any remaining allegations are denied.

24.     Defendant is without sufficient knowledge or information to permit him to admit the allegations in paragraph 24 about the various members of Plaintiff's organization going back to 1976, and those allegations are therefore denied.

25.     Defendant admits only that during his employment by or association with the NT Lakis firm that CWC hosted an annual policy conference, a compliance conference, and talent acquisition compliance summit.  Any remaining allegations are denied.

26.     Defendant is without sufficient knowledge or information to permit him to admit the allegations in this paragraph, and the allegations are therefore denied.

27.     Upon information and belief, Mr. Gibbons admits the allegations in this paragraph.

28.     Defendant is without sufficient knowledge or information to permit him to admit the allegations in this paragraph about CWC membership guidelines and requirements, and the allegations are therefore denied.

29.     Defendant is without sufficient knowledge or information to permit him to admit the allegations in this paragraph about how various members of Plaintiff's organization allegedly use information which they obtain from CWC, and those allegations are therefore denied.

30.     Defendant is without sufficient knowledge or information to permit him to admit the allegations in this paragraph, and those allegations are therefore denied.

31.     Defendant is without sufficient knowledge or information to permit him to admit the allegations in this paragraph about Plaintiff's membership restrictions, and the allegations are therefore denied.

32.     Defendant is without sufficient knowledge or information to permit him to admit the allegations in this paragraph, which call for speculation, and the allegations are therefore denied.

33.     Mr. Gibbons admits only that it was his understanding that law firms were not members of CWC.  Mr. Gibbons is without sufficient knowledge or information to admit what information Ms. Gokturk has, and the allegations as to her are denied.  Any remaining allegations are denied.

34.     The allegations of paragraph 34 are denied.

35.     Defendant admits only that to his knowledge CWC has, since 2015, provided workplace compliance information to its members in the form of weekly memoranda.  As

Plaintiff admits, Mr. Gibbons wrote and edited such memoranda.[1]  Any remaining allegations are denied.

36.     Mr. Gibbons admits only that CWC materials are made available to CWC members, and are generally accessible by members.  Any remaining allegations are denied.

37.     Mr. Gibbons admits only that CWC materials are made available to CWC members, and are generally accessible by members.  Any remaining allegations are denied.

38.     Mr. Gibbons admits that it was his understanding that law firms were generally not members of CWC.  Any remaining allegations are denied.

39.     Mr. Gibbons admits that access to the CWC members only site is generally restricted to members and employees.  Any remaining allegations are denied.

40.     Mr. Gibbons admits only that certain of CWC's materials contained the statement that they may not be copied or reproduced except by members without the consent of CWC.

41.     Mr. Gibbons admits only that he became generally familiar with how CWC memoranda were prepared, because he wrote and edited many such memoranda.  Mr. Gibbons is without sufficient knowledge or information to admit the allegations as to Ms. Gokturk, and he therefore denies the allegations.  Mr. Gibbons admits that he rejoined Littler as a shareholder on July 23, 2018.  The remaining allegations are denied.

42.     The allegations of this paragraph are denied.  At all times relevant herein, Mr. Gibbons was either counsel to or partner in the NT Lakis law firm.  Mr. Gibbons was hired by, worked for, was associated with, and was paid by the NT Lakis law firm, although the name of the NT Lakis firm does not appear anywhere in the Complaint.  Mr. Gibbons had no employment agreement with CWC, and he was not paid by CWC, although his duties as a partner in the NT

---

[1]  See, e.g., paragraphs 91, 104, 114, 138 and 139 of the First Amended Complaint.

Lakis firm required that he provide legal services to CWC, for which CWC was charged by the NT Lakis law firm.  At all times relevant hereto CWC had no employees.

43.     Mr. Gibbons is without sufficient knowledge or information to admit the allegations about what NT Lakis or CWC did after he resigned from the NT Lakis firm as a partner on July 20, 2018, and the allegations are therefore denied.

44.     The allegations of this paragraph are denied.  At all times relevant hereto before her employment by Littler, Ms. Gokturk was an independent contractor for the NT Lakis law firm.  Ms. Gokturk was hired by, worked for, and was paid by the NT Lakis law firm, although the name of the NT Lakis firm does not appear anywhere in the Complaint.  On information and belief, Ms. Gokturk had no employment agreement with CWC, and she was not paid by CWC, although hers duties as an independent contractor for the NT Lakis firm required that she provide certain professional services to CWC, for which CWC was charged by the NT Lakis law firm. At all times relevant hereto, CWC had no employees.

45.     Mr. Gibbons admits that he rejoined Littler as a shareholder on July 23, 2018, and that Littler issued the referenced press release.  Mr. Gibbons further admits that his practice areas at NT Lakis and at Littler were similar.  The remaining allegations are denied.

46.     Mr. Gibbons admits that he had previously served as a Littler shareholder from June 2007 to June 2014 in Littler's D.C. Office, and from June 2014 to July 2015 in Littler's Pittsburgh, PA Office.  Any remaining allegations are denied.

47.     Mr. Gibbons admits that on or around February 26, 2019, Littler issued a press release about adding Ms. Gokturk to its office in Northern Virginia, as alleged.

48.     Mr. Gibbons admits only that Littler is a law firm, and that it is his understanding that Littler has the largest global employment and labor law practice.

49.     Mr. Gibbons denies the allegation that Littler and Littler's Workplace Policy Institute (WPI) compete directly with CWC.

50.     Mr. Gibbons admits that it is his understanding that Littler's practice areas include those identified in paragraph 50 of the Complaint.

51.     Mr. Gibbons admits only that Littler has advertised its "robust platform and resources" which it makes available to its attorneys and staff for purposes of servicing its clients. The remaining allegations are denied.

52.     Defendant denies the allegations of this paragraph.

53.     Mr. Gibbons admits that he joined Littler as a shareholder, that he was compensated by Littler, and that Littler retained the ability to discharge him in accordance with the shareholder agreement and applicable law.  The remaining allegations are denied.

54.     The allegations of this paragraph are denied.

55.     Paragraph 55 of the Complaint, which is more than a page long, contains multiple conclusions of law.  To the extent the asserted conclusions of law require a response, the allegations are denied.  Any remaining allegations are denied.

56.     The allegations of paragraph 56 are denied.

57.     Mr. Gibbons admits only that he used a Littler computer to access and view certain CWC materials, and states further that he had permission from a CWC board member to do so.  The remaining allegations are denied.

58.     Mr. Gibbons admits only that the quoted excerpts come from various Littler promotional materials.  The remaining allegations are denied.

59.     The allegations of this paragraph are denied.

60.     The allegations of this paragraph are denied.

61.     The allegations of this paragraph are denied.

62.     The allegations of this paragraph are denied.

63.     Defendant admits only that the materials reflected on Exhibit A to the First Amended Complaint generally relate to the areas in which Mr. Gibbons and certain others at Littler practice.  The remaining allegations are denied.

64.     Mr. Gibbons admits only that he used a Littler computer to access and view certain CWC materials, and states further that he had permission from a CWC board member to do so.  The remaining allegations are denied.

65.     The allegations of this paragraph are denied.

66.     The allegations of this paragraph are denied.

67.     The allegations of this paragraph are denied.

68.     Defendant is without sufficient knowledge or information to permit him to admit the allegations in this paragraph, and the allegations are therefore denied.

69.     Mr. Gibbons admits only that he gave presentations while at Littler on a number of occasions.  The remaining allegations are denied.

70.     Mr. Gibbons admits only that he gave presentations while at Littler on a number of occasions.  The remaining allegations are denied.

71.     Mr. Gibbons admits only that he gave presentations while at Littler on a number of occasions.  The remaining allegations are denied..

72.     Mr. Gibbons admits only that he wrote and published articles while at Littler.  The remaining allegations are denied.

73.     The allegations of this paragraph are denied.

74.     Mr. Gibbons denies that he induced others to infringe Plaintiff's copyrights.

75.     Mr. Gibbons admits only that at some point after leaving NT Lakis he emailed a former colleague who remained at the NT Lakis firm.  The remaining allegations are denied.

76.     The allegations of this paragraph are denied.

77.     Mr. Gibbons admits that he received no response to his email inquiry.  The remaining allegations are denied.

78.     Defendant is without sufficient knowledge or information to permit him to admit the allegations in this paragraph, and the allegations are therefore denied.

79.     Defendant is without sufficient knowledge or information to permit him to admit the allegations in this paragraph, and the allegations are therefore denied.  The allegation about an attorney at CWC is denied, on the basis that at all relevant times CWC had no attorneys or other employees.

80.     Defendant is without sufficient knowledge or information to permit him to admit the allegations in this paragraph, and the allegations are therefore denied.  Mr. Gibbons expressly denies the assertion that the referenced information belongs to Plaintiff or is protected by a valid copyright.

81.     The allegations of this paragraph are denied.

82.     Defendant is without sufficient knowledge or information to permit him to admit the factual allegations in this paragraph, and those allegations are therefore denied.  The remaining portion of the paragraph is a legal conclusion to which no response is required.  To the extent that a response may be required, any remaining allegations are denied.

83.     Defendant is without sufficient knowledge or information to permit him to admit the specifics of the allegations in this paragraph, but admits to engaging in the alleged dialogue

at some point with an attorney at the NT Lakis firm.  The allegation about an attorney at CWC is denied, on the basis that at all relevant times CWC had no attorneys or other employees.

84.     Mr. Gibbons admits only that the attorney at the NT Lakis firm did not respond to his inquiry.  The remaining allegations are denied.

85.     Mr. Gibbons denies that he asked anyone to engage in copyright infringement. The remaining allegations are denied.

86.     The allegations of this paragraph are denied.

87.     The allegations of this paragraph are denied.

88.     Defendant is without sufficient knowledge or information to permit him to admit the allegations, and the allegations are therefore denied.  The allegations about Mr. Gibbons being a former CWC Assistant General Counsel are denied for the reasons set forth above.

89.     Mr. Gibbons admits only that he contacted the person referred to as Company A Employee, who was on the board of directors at CWC.

90.     The allegations of this paragraph are denied.

91.     Mr. Gibbons denies that he was employed by CWC, which had no employees.  At all times relevant herein, Mr. Gibbons was either counsel to or partner in the NT Lakis law firm. Mr. Gibbons admits that he authored memoranda while at the NT Lakis firm, but denies that any copyright notice placed on such documents would be effective to him as an author of such documents.  Any remaining allegations are denied.

92.     The allegations of this paragraph are denied.

93.     Mr. Gibbons denies that he made fraudulent statements to "Company A Employee."  Mr. Gibbons admits that he was given permission by Company A Employee to access the CWC members only site.  Mr. Gibbons states further that as a member of CWC's

board of directors, Company A Employee had actual and/or apparent authority to grant Mr. Gibbons access to the CWC members only site, and that such permitted access was not restricted or revoked.

94.     The allegations of this paragraph consist of conclusions of law to which no response is required.  To the extent that a response may be required, the allegations are denied.

95.     Mr. Gibbons admits only that with the log in credentials and express permission of Company A Employee, who was a member of the board of directors of CWC, he accessed the CWC members only site and viewed materials on that site.  Mr. Gibbons denies that said access constituted an infringement of CWC copyrights.  Any remaining allegations are denied.

96.     Mr. Gibbons admits only that, with permission, he accessed CWC information electronically after he left the NT Lakis firm.  Mr. Gibbons denies the allegations of infringement, and denies that Littler competes with CWC.  Any remaining allegations are denied.

97.     Mr. Gibbons admits only that, with permission, he accessed CWC information electronically after he left the NT Lakis firm.  Mr. Gibbons denies the allegations of infringement.  Any remaining allegations are denied.

98.     Mr. Gibbons admits only that, with permission, he accessed CWC information electronically after he left the NT Lakis firm.  Mr. Gibbons denies the allegations of infringement.  Any remaining allegations are denied.

99.     Mr. Gibbons admits only that, with permission, he accessed CWC information electronically after he left the NT Lakis firm.  Mr. Gibbons denies the allegations of infringement.  Any remaining allegations are denied.

100.     The allegations of this paragraph are denied.

101.     Mr. Gibbons admits only that the image which appears in paragraph 101 of the First Amended Complaint appears to be reasonably accurate.  The remaining allegations are denied.

102.     Mr. Gibbons admits that he was given permission to access the CWC Members-Only site by a member of CWC's board of directors.  As such, permission was granted by someone with actual and/or apparent authority, and such permitted access was not restricted or revoked.  Mr. Gibbons expressly denies making fraudulent statements.  Any remaining allegations are denied.

103.     The allegations of this paragraph are denied.

104.     Mr. Gibbons admits only that he authored a number of memoranda for CWC while at the NT Lakis firm.  Mr. Gibbons denies that he was employed by CWC, which had no employees.  Mr. Gibbons denies that any copyright notice placed on such documents would be effective as to him as an author of such documents.  Any remaining allegations are denied.

105.     Mr. Gibbons expressly denies that he unlawfully obtained or infringed the referenced memoranda.  The remaining allegations are denied.

106.     The allegations of this paragraph are denied.

107.     The allegations of this paragraph are denied.

108.     The allegations of this paragraph are denied.

109.     Upon information and belief, the allegations of this paragraph about the number of password changes are admitted.

110.     The allegations of this paragraph are denied.

111.     The allegations of this paragraph are denied.

112.     The allegations of this paragraph are denied.

113.    The allegations of this paragraph are denied.

114.    Mr. Gibbons admits only that he authored a number of memoranda for CWC while at the NT Lakis firm.  Mr. Gibbons denies that he was employed by CWC, which had no employees.  Mr. Gibbons denies that any copyright notice placed on such documents would be effective as to him as an author of such documents.  Mr. Gibbons expressly denies the allegations that he infringed and unlawfully obtained copies of the referenced memoranda.  Any remaining allegations are denied.

115.    Mr. Gibbons admits only that, with permission, he accessed CWC information electronically after he left the NT Lakis firm which were relevant to his areas of practice.  Any remaining allegations are denied.

116.    The allegations of this paragraph are denied.

117.    Mr. Gibbons expressly denies the allegations of fraud, and denies any remaining allegations.

118.    The allegations of this paragraph are denied.

119.    Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations, and the allegations are therefore denied.

120.    Defendant is without sufficient knowledge or information to permit him to admit the allegations, and the allegations are therefore denied.

121.    Mr. Gibbons admits only that at some point he contacted the Company A Employee, and told them that he was unable to access the CWC site, and requested the new password.  The remaining allegations are denied.

122.    Mr. Gibbons admits that he was given the new password.  The allegations of fraud are expressly denied.

123.    Mr. Gibbons admits that after he was given the new password at some point he accessed the CWC members only site.  Mr. Gibbons expressly denies that he infringed any CWC copyright.  Any remaining allegations are denied.

124.    Mr. Gibbons admits only that, with permission, he accessed CWC information electronically after he left the NT Lakis firm.  Mr. Gibbons denies that he fraudulently obtained credentials, or that he infringed any CWC copyrights.  Any remaining allegations are denied.

125.    Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations, and the allegations are therefore denied.

126.    Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations, and the allegations are therefore denied.

127.    Mr. Gibbons admits only that at some point he contacted the Company A Employee, and told them he was unable to access the CWC site, and requested the new password.  The remaining allegations are denied.

128.    The allegations of this paragraph are denied.

129.    Mr. Gibbons expressly denies that he infringed any CWC copyright.  The remaining allegations are denied.

130.    Mr. Gibbons admits only that, with permission, he accessed CWC information electronically after he left the NT Lakis firm.  Mr. Gibbons denies that he fraudulently obtained credentials, or that he infringed any CWC copyrights.  Any remaining allegations are denied.

131.    Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations, and the allegations are therefore denied.

132.    Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations, and the allegations are therefore denied.

133.    Mr. Gibbons admits only that at some point he contacted the Company A Employee, and told them that he was unable to access the CWC site, and requested the new password.  The remaining allegations are denied.

134.    Mr. Gibbons admits only that he was voluntarily given the credentials by Company A Employee, who was a member of CWC's board of directors.  The remaining allegations are denied.

135.    Mr. Gibbons is without sufficient knowledge or information to permit him to admit the specific allegations about access to CWC's members only site, and therefore denies the allegations.  Mr. Gibbons expressly denies that he infringed any CWC copyright.  Any remaining allegations are denied.

136.    Mr. Gibbons admits only that, with permission, he accessed CWC information electronically after he left the NT Lakis firm.  Mr. Gibbons is without sufficient knowledge or information to permit him to admit the specific allegations about access to CWC's members only site, and therefore denies the allegations.  Mr. Gibbons denies that he fraudulently obtained credentials, or that he infringed any CWC copyrights.  Any remaining allegations are denied.

137.    The allegations of this paragraph are denied.

138.    Mr. Gibbons admits only that he authored a number of memoranda while at the NT Lakis firm.  Mr. Gibbons had no employment agreement with CWC, and he was not paid by CWC, although his duties as counsel to and then as a partner in the NT Lakis firm required that he provide legal services to CWC, for which CWC was charged by the NT Lakis law firm.  At all times relevant hereto CWC had no employees.  Mr. Gibbons denies that any copyright notice placed on such memoranda would be effective as to him as an author of such documents.  Any remaining allegations are denied.

-18-

139.     Mr. Gibbons admits only that he authored a number of memoranda while at the NT Lakis firm.  Mr. Gibbons had no employment agreement with CWC, and he was not paid by CWC, although his duties as counsel to and then as a partner in the NT Lakis firm required that he provide legal services to CWC, for which CWC was charged by the NT Lakis law firm.  At all times relevant hereto CWC had no employees.  Mr. Gibbons denies that any copyright notice placed on such memoranda would be effective as to him as an author of such documents.  Any remaining allegations are denied.

140.     Mr. Gibbons admits only that, with permission, he accessed CWC information electronically after he left the NT Lakis firm.  Mr. Gibbons denies that he fraudulently obtained credentials, or that he infringed any CWC copyrights.  Any remaining allegations are denied.

141.     The allegations of this paragraph are denied.

142.     The allegations of this paragraph are denied.

143.     Mr. Gibbons admits that the password for Company A Employee was reset three times.  Mr. Gibbons expressly denies the allegations of fraud.

144.     The allegations of this paragraph are denied.

145.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

146.     The allegations of this paragraph are denied.

147.     The allegations of this paragraph are denied.

148.     Mr. Gibbons denies the allegations about his employment by CWC, a falsehood which is repeated throughout the Complaint.  The remaining allegations are denied.

149.    Mr. Gibbons admits only that, with permission, he accessed CWC information electronically after he left the NT Lakis firm.  Mr. Gibbons denies that he infringed any CWC copyrights.  Any remaining allegations are denied.

150.    Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

151.    Upon information and belief, admitted.

152.    At all times relevant herein, Mr. Gibbons was either counsel to or partner in the NT Lakis law firm.  Mr. Gibbons was hired by, worked for, was associated with, and was paid by the NT Lakis law firm, although the name of the NT Lakis firm does not appear anywhere in the Complaint.  Mr. Gibbons had no employment agreement with CWC, and he was not paid by CWC, although his duties as counsel to and then as a partner in the NT Lakis firm required he provide legal services to CWC, for which CWC was charged by the NT Lakis law firm.  At all times relevant hereto CWC had no employees.  Mr. Gibbons admits only that he attended this conference and made a presentation in his capacity as a partner of the NT Lakis firm.  Any remaining allegations are denied.

153.    Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph about the presentations given at the conference by others, and the allegations are therefore denied.  The allegation that the presentation was copyright protected is denied.

154.    Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

155.    Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

156.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

157.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

158.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

159.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

160.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

161.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

162.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

163.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

164.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

165.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

166.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

167.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

168.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

169.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

170.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

171.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

172.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

173.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

174.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

175.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

176.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

177.     Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

178.    Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

179.    Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph, and the allegations are therefore denied.

180.    The allegations of this paragraph are denied.

181.    The allegations of this paragraph are denied.

182.    Mr. Gibbons admits only that Exhibit B to the Complaint purports to provide the referenced information.  Mr. Gibbons denies that the referenced information is true and accurate.

183.    Mr. Gibbons is without sufficient knowledge or information to permit him to admit the allegations of this paragraph regarding the certificates of registration, and the allegations are therefore denied.  Mr. Gibbons expressly denies that Plaintiff "complied in all respects with the requirements of the Copyright Act", and further denies that the referenced copyrights are valid.

**COUNT 1: DIRECT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT OF WORKS FROM THE CWC MEMBERS-ONLY SITE**

184.    Defendant incorporates and restates his responses set forth above as if fully set forth herein.

185.    The allegations of this paragraph are denied.

186.    The allegations of this paragraph are denied.

187.    The allegations of this paragraph are denied.

188.    The allegations of this paragraph are denied.

189.    The allegations of this paragraph are denied.

190.    The allegations of this paragraph are denied.

191.    The allegations of this paragraph are denied.

192.    The allegations of this paragraph are denied.

193.    The allegations of this paragraph are denied.

194.    The allegations of this paragraph are denied.

195.    The allegations of this paragraph are denied.

196.    The allegations of this paragraph are denied.

197.    The allegations of this paragraph are denied.

198.    The allegations of this paragraph are denied.

199.    The allegations of this paragraph are denied.

200.    The allegations of this paragraph are denied.

201.    The allegations of this paragraph are denied.

202.    The allegations of this paragraph are denied.

203.    The allegations of this paragraph are denied.

204.    The allegations of this paragraph are denied.   Defendant further denies that

Plaintiff has suffered irreparable harm.

## COUNT 2: COMPUTER FRAUD AND ABUSE ACT
## UNDER 18 U.S.C. § 1030(a)(2)(C) OBTAINING INFORMATION FROM THE
## CWC MEMBERS-ONLY SITE

205.    Defendant incorporates and restates his responses set forth above as if fully set

forth herein.

206.    The allegations of this paragraph are denied.

207.    The allegations of this paragraph are denied.

208.    The allegations of this paragraph are denied.

209.    The allegations of this paragraph are denied.

210.    The allegations of this paragraph are denied.

211.    The allegations of this paragraph are denied.

212.    The allegations of this paragraph are denied.

213.    The allegations of this paragraph are denied.

214.    The allegations of this paragraph are denied.

215.    The allegations of this paragraph are denied.

216.    The allegations of this paragraph are denied.

217.    The allegations of this paragraph are denied.

218.    The allegations of this paragraph are denied.

219.    The allegations of this paragraph are denied.

## COUNT 3: COMPUTER FRAUD AND ABUSE ACT
## UNDER 18 U.S.C. § 1030(a)(4) COMPUTER FRAUD

220.    Defendant incorporates and restates his responses set forth above as if fully set forth herein.

221.    The allegations of this paragraph are denied.

222.    The allegations of this paragraph are denied.

223.    The allegations of this paragraph are denied.

224.    The allegations of this paragraph are denied.

225.    The allegations of this paragraph are denied.

226.    The allegations of this paragraph are denied.

227.    The allegations of this paragraph are denied.

228.    The allegations of this paragraph are denied.

229.    The allegations of this paragraph are denied.

230.    The allegations of this paragraph are denied.

231.    The allegations of this paragraph are denied.

232.   The allegations of this paragraph are denied.

233.   The allegations of this paragraph are denied.

## COUNT 4: FRAUD

234.   Defendant incorporates and restates his responses set forth above as if fully set forth herein.

235.   The allegations of this paragraph are denied.

236.   The allegations of this paragraph are denied.

237.   The allegations of this paragraph are denied.

238.   The allegations of this paragraph are denied.

239.   The allegations of this paragraph are denied.

240.   The allegations of this paragraph are denied.

241.   The allegations of this paragraph are denied.

242.   The allegations of this paragraph are denied.

243.   The allegations of this paragraph are denied.

244.   The allegations of this paragraph are denied.

245.   The allegations of this paragraph are denied.

246.   The allegations of this paragraph are denied.

247.   The allegations of this paragraph are denied.

248.   The allegations of this paragraph are denied.

249.   The allegations of this paragraph are denied.

## COUNT 5: DIRECT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT OF THE 2017 CWC PRE-EXISTING BIG DATA ANALYTICS PRESENTATION

250.   Defendant incorporates and restates his responses set forth above as if fully set forth herein.

251.    The allegations of this paragraph are denied.

252.    The allegations of this paragraph are denied.

253.    The allegations of this paragraph are denied.

254.    The allegations of this paragraph are denied.

255.    The allegations of this paragraph are denied.

256.    The allegations of this paragraph are denied.

257.    The allegations of this paragraph are denied.

258.    The allegations of this paragraph are denied.

259.    The allegations of this paragraph are denied.

260.    The allegations of this paragraph are denied.

261.    The allegations of this paragraph are denied.

262.    The allegations of this paragraph are denied.

263.    The allegations of this paragraph are denied.

264.    The allegations of this paragraph are denied.

**COUNT 6: ALTERATION OR REMOVAL OF**
**COPYRIGHT MANAGEMENT INFORMATION UNDER 17 U.S.C. § 1202**

265.    Defendant incorporates and restates his responses set forth above as if fully set
forth herein.

266.    The allegations of this paragraph are denied.

267.    The allegations of this paragraph are denied.

268.    The allegations of this paragraph are denied.

269.    The allegations of this paragraph are denied.

270.    The allegations of this paragraph are denied.

271.    The allegations of this paragraph are denied.

272.    The allegations of this paragraph are denied.

273.    The allegations of this paragraph are denied.

### COUNT 7: VICARIOUS COPYRIGHT INFRINGEMENT OF CWC WORKS

274.    Defendant incorporates and restates his responses set forth above as if fully set forth herein.

275.    The allegations of this paragraph are denied.

276.    The allegations of this paragraph are denied.

277.    The allegations of this paragraph are denied.

278.    The allegations of this paragraph are denied.

279.    The allegations of this paragraph are denied.

280.    The allegations of this paragraph are denied.

281.    The allegations of this paragraph are denied.

282.    The allegations of this paragraph are denied.

283.    The allegations of this paragraph are denied.

284.    The allegations of this paragraph are denied.

285.    The allegations of this paragraph are denied.

286.    The allegations of this paragraph are denied.

287.    The allegations of this paragraph are denied.

288.    The allegations of this paragraph are denied.

289.    The allegations of this paragraph are denied.

290.    The allegations of this paragraph are denied.

291.    The allegations of this paragraph are denied.

292.    The allegations of this paragraph are denied.

293.     The allegations of this paragraph are denied.

294.     The allegations of this paragraph are denied.

295.     The allegations of this paragraph are denied.

296.     All allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claimed copyrights are invalid, and Plaintiff therefore lacks standing, because Plaintiff does not own the authorship rights to some or all of the Works.

2.     The Complaint fails to state a claim upon which relief can be granted, because it fails to allege copying of constituent elements of each of the Works which represent original expression, rather than content which is in the public domain or is otherwise not protectible, such as language from statutes, regulations, and/or judicial decisions.

3.     The material allegedly copied is not protectible because all or portions of it is in the public domain.

4.     The material allegedly copied does not qualify as infringement under the doctrine of fair use.

5.     Plaintiff's copyrights are invalid because all or some portion of the Works are not original works of authorship.

6.     Plaintiff's copyright registrations are invalid because the Works do not qualify as works for hire, notwithstanding the misrepresentations made by Plaintiff to the Copyright Office in its applications for registration of the Works.

7.     Plaintiff's copyright registrations are invalid because the registrations were procured by fraud on the Copyright Office.

8.      This Court lacks subject matter jurisdiction as to each of the Works for which the copyright registration is invalid.

9.      Plaintiff has failed to state a valid claim for statutory damages, because Plaintiff did not have valid registrations for the Works before the alleged infringement commenced, or within three months of first publication of such Works.

10.     Plaintiff has failed to state a valid claim for statutory damages, because Plaintiff does not have valid registrations for the Works.

11.     The permission granted to Mr. Gibbons as set forth above by a member of Plaintiff's board of directors constituted an express or implied license.

12.     Plaintiff is not entitled to equitable relief because of its unclean hands.

13.     Plaintiff is not entitled to equitable relief because it has not suffered irreparable injury, and it is not at risk for imminent, irreparable injury.

14.     Plaintiff's copyright claim against Mr. Gibbons is subject to the mandatory arbitration provision contained in the NT Lakis partnership agreement.   That partnership agreement governs the issue of what authorship rights Mr. Gibbons has to the Works he authored.   Similarly, the NT Lakis partnership agreement governs the issue of what ownership rights Plaintiff has in Works which were authored by NT Lakis partners other than Mr. Gibbons.

15.     Defendant reserves the right to supplement the affirmative defenses asserted herein throughout trial.

## COUNTERCLAIM

Defendant Lance E. Gibbons, by undersigned counsel, for his counterclaim against Plaintiff, states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Mr. Gibbons is an adult citizen of the Commonwealth of Virginia who resides in this judicial district.

2.      Plaintiff, Center for Workplace Compliance ("CWC"), is a non-profit association incorporated in the District of Columbia, with its principal place of business in the District of Columbia.

3.      This Court has jurisdiction under the Copyright Act, 17 U.S.C. § 101, *et seq*., and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 2201.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

### FACTUAL BACKGROUND

5.      Mr. Gibbons hereby incorporates by reference paragraphs 10 through 44 of the counterclaim asserted by Littler Mendelson, P.C. ("Littler") and Theresa Gokturk ("Gokturk") as if fully set forth herein.

### COUNT 1

6.      For count 1, Mr. Gibbons hereby incorporates by reference paragraphs 45 through 50 of the counterclaim asserted by Littler and Ms. Gokturk as if fully set forth herein.

### COUNT 2

7.      For count 2, Mr. Gibbons hereby incorporates by reference paragraphs 51 through 56 of the counterclaim asserted by Littler and Ms. Gokturk as if fully set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Gibbons hereby incorporates by reference paragraphs 1 – 5 of the

prayer for relief of Littler and Ms. Gokturk


Dated: January 19, 2021                      Respectfully submitted:

                                             */s/ Robert C. Gill*
                                             Robert C. Gill (VSB No. 26266)
                                             Ian A. McLin (VSB No. 92403)
                                             SAUL EWING ARNSTEIN & LEHR LLP
                                             1919 Pennsylvania Avenue, NW, Suite 550
                                             Washington, D.C. 20006
                                             (202) 295-6605
                                             (202) 295-6705 (facsimile)
                                             robert.gill@saul.com
                                             ian.mclin@saul.com

                                             *Counsel for Defendant Lance Gibbons*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2021 true and correct copy of the foregoing **ANSWER OF DEFENDANT LANCE E. GIBBONS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was served via the Court's ECF filing system on the following:

SQUIRE PATTON BOGGS (US) LLP
John A. Burlingame
2550 M Street NW
Washington DC 20037
john.burlingame@squirepb.com

David S. Elkins
1801 Page Mill Road, Suite 110
Palo Alto, California 94304
david.elkins@squirepb.com

Joseph A. Meckes
Joseph P. Grasser
275 Battery Street, 26th floor
San Francisco, California 94111
joseph.meckes@squirepb.com
joseph.grasser@squirepb.com

Eleanor M. Hagan
4900 Key Tower 127 Public Square
Cleveland, Ohio 44114
eleanor.hagan@squirepb.com

*Attorneys for Defendants*
*Littler Mendelson, P.C. and Theresa Gokturk*

Mark L. Krotoski
J. Kevin Fee
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541

Thomas Y. Nolan
1400 Page Mill Road
Palo Alto, CA 94304
mark.krotoski@morganlewis.com
kevin.fee@morganlewis.com
thomas.nolan@morganlewis.com

*Attorneys for Plaintiff Center for Workplace*
*Compliance*

*/s/ Robert C. Gill*
Robert C. Gill