# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| CENTER FOR WORKPLACE COMPLIANCE (f/k/a EQUAL EMPLOYMENT ADVISORY COUNCIL),<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>LITTLER MENDELSON, P.C., LANCE E. GIBBONS, THERESA GOKTURK (a/k/a CHRIS GOKTURK), and DOE DEFENDANTS 1-10, INCLUSIVE,<br><br>Defendants and Counterclaimants. | Case No. 1:20-cv-01387-AJT-JFA |

**CENTER FOR WORKPLACE COMPLIANCE'S ANSWER TO
COUNTERCLAIMS OF LITTLER MENDELSON, P.C. AND THERESA GOKTURK**

Plaintiff and Counterclaim Defendant, Center for Workplace Compliance (f/k/a Equal Employment Advisory Council ("EEAC")) ("CWC" or "Counterclaim Defendant"), by and through its undersigned counsel, hereby answers the Counterclaim asserted in ECF No. 30 by Littler Mendelson, P.C. ("Littler") and Theresa Gokturk ("Gokturk") (collectively, "Counterclaimants") and denies all allegations not expressly admitted herein. The numbered paragraphs below correspond to the paragraph numbers contained in the Counterclaim, which does not include paragraphs numbered 6 or 7, instead skipping from paragraph 5 to paragraph 8.

## INTRODUCTION

1. The allegations regarding whether persons were employees of CWC or NT Lakis, LLP consist of conclusions of law to which no responsive pleading is required. To the extent that a response is required, CWC denies those allegations. CWC denies the remaining allegations in Paragraph 1.

2. CWC admits that Counterclaimants seek the judicial declarations described in Paragraph 2, but CWC denies that Counterclaimants are entitled to these judicial declarations.

## PARTIES

3. CWC admits the allegations in Paragraph 3.

4. CWC admits that Gokturk is an individual and resident of Annandale, Virginia and that from 2002 through February 2019, Gokturk provided services to NT Lakis, LLP (including its applicable predecessors) and its affiliated organizations and clients, including CWC (and its predecessor, EEAC), pursuant to a series of written agreements, which are documents, which speak for themselves. The remaining allegations in Paragraph 4 consist of conclusions of law to which no responsive pleading is required. To the extent that a response is required, CWC denies those remaining allegations.

5.      CWC admits the allegations in Paragraph 5.

## JURISDICTION AND VENUE

8.      CWC admits that Counterclaimants purport to allege claims that, if colorable, would vest the Court with subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 2201.

9.      CWC admits that venue in this District Court is proper.

## FACTUAL BACKGROUND:

### CWC'S APPLICATIONS TO REGISTER COPYRIGHTS

10.     CWC admits the allegations in the first sentence of Paragraph 10.  CWC admits that its Amended Complaint includes allegations that Littler, Gokturk, and Gibbons infringed certain works owned by CWC, which are identified in Exhibit B to the Amended Complaint ("Copyrighted Works").  The Amended Complaint is a document, which speaks for itself. CWC denies the remaining allegations in Paragraph 10.

11.     CWC admits that the Amended Complaint includes allegations that Littler and Gokturk infringed CWC's copyright in the presentation entitled "Big Data Analytics and Artificial Intelligence: The Compliance and Diversity Implications of Automating Early Stage Recruitment."

12.     CWC admits that Exhibit B to the Amended Complaint includes, among other things, the information identified in Paragraph 12.

13.     CWC admits that its earliest applications for the Copyright Works were submitted on March 30, 2020 and admits that it received copyright registrations for certain Copyrighted Works after filing the initial complaint on November 13, 2020, but CWC received all registrations prior to filing the Amended Complaint on December 8, 2020.  Each certificate of registration for

each of the Copyrighted Works is a document that speaks for itself. The remaining allegations in Paragraph 13 are denied. In particular, CWC denies that its copyright applications claim that any of the Copyrighted Works were created by employees of CWC. The Copyright Office's standard online copyright application for a literary work asks the applicant to select "Yes" or "No" to the question "Is this author's contribution a work made for hire?" There are not separate selections for works made for hire by employees or independent contractors subject to a written agreement, as paragraph 13 suggests. CWC selected "Yes" because the Copyrighted Works were primarily drafted by personnel within the scope of their job duties at NT Lakis, LLP (including its predecessors) for the benefit of CWC (or its predecessor, EEAC, as applicable) and were specially commissioned as works made for hire of CWC. CWC admits that the certificates of registration for the Copyrighted Works appear to include the phrase "employer for hire" instead of "work made for hire."

14. CWC admits that CWC is correctly identified as the "Copyright Claimant" in the registration certificates for all of the Copyrighted Works. CWC admits that for Copyrighted Works authored as works made for hire of EEAC, the registration certificates state that CWC is the Copyright Claimant pursuant to "Transfer by operation of law from EEAC; transfer by written agreement from NT Lakis." CWC denies the remaining allegations in Paragraph 14.

15. The first sentence of paragraph 15 consists of conclusions of law to which no responsive pleading is required. To the extent that a response is required, CWC denies those allegations. CWC admits that the Copyright Office's standard online copyright application for a literary work asks the applicant to select "Yes" or "No" to the question "Is this author's contribution a work made for hire?" There are no separate selections for works made for hire by employees or independent contractors subject to a written agreement. CWC admits that the

3

Copyright Office's standard online application provides this hyperlink https://www.copyright.gov/eco/help-author.html, but CWC denies that the webpage purports to provide "the legal criteria" used to establish whether a work is a "work made for hire."

16. The allegations in Paragraph 16 consist of conclusions of law to which no responsive pleading is required. To the extent that a response is required, CWC denies the allegations.

17. The allegations in Paragraph 17 consist of conclusions of law to which no responsive pleading is required. To the extent that a response is required, CWC denies the allegations.

### CWC'S FALSE STATEMENTS TO THE U.S. COPYRIGHT OFFICE

18. CWC admits that CWC submitted copyright applications for each of the Copyrighted Works, which identified CWC as the current copyright claimant and admits that the registration certificates for all of the Copyrighted Works correctly identify CWC as the "Copyright Claimant." CWC denies the remaining allegations in Paragraph 18.

19. CWC denies that it made any false statements to the Copyright Office. The allegations addressing whether persons were employees of CWC for purposes of the work-for-hire doctrine consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, CWC denies those allegations. CWC admits that the Copyrighted Works were primarily drafted by personnel within the scope of their job duties at NT Lakis, LLP (including its predecessors) for the benefit of CWC (or its predecessor, EEAC, as applicable) and were specially commissioned as works made for hire of CWC.

20. CWC denies the allegations in Paragraph 20.

21. CWC denies the allegations in Paragraph 21.

22. CWC admits that the registration certificates for the Copyrighted Works are documents, which speak for themselves and identify NT Lakis, LLP (or its applicable predecessor) as "employer for hire" in the "Authorship on Application" section. The remaining allegations in Paragraph 22 regarding whether persons were employees of NT Lakis, LLP (or its predecessor) for purposes of the work-for-hire doctrine or an author for purposes of copyright law are conclusions of law to which no response is required. To the extent a response is required, CWC denies those allegations.

23. CWC denies the allegations in the first sentence of Paragraph 23. CWC admits that Joe Lakis is the president of CWC and is also currently the sole Senior Partner of NT Lakis, LLP. CWC denies the remaining allegations in the second sentence of Paragraph 23. The remaining allegations regarding whether persons were employees of CWC or NT Lakis, LLP for purposes of the work-for-hire doctrine consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, CWC denies those remaining allegations.

24. CWC admits that Gokturk provided services to NT Lakis, LLP (and its predecessors) and affiliated organizations and clients, including CWC (and its predecessor, EEAC) from 2002 through February 2019, which were rendered in connection with a series of written agreements between Gokturk and NT Lakis, LLP (or its applicable predecessor). The remaining allegations in Paragraph 24 regarding whether Gokturk, for purposes of copyright law, was: (i) an author of any Copyrighted Works; (ii) a party to an agreement that constitutes a "work made for hire" agreement or an assignment of purported copyrightable authorship; and (iii) an employee or an independent contractor of NT Lakis, LLP (or its predecessors) or CWC (or EEAC) for the purpose of the work-for-hire doctrine consist of conclusions of law to which no responsive

pleading is required. To the extent that a response is required, CWC denies those remaining allegations.

25. CWC admits that Gibbons was a partner of NT Lakis, LLP from January 1, 2017 to July 20, 2018, signed the Partnership Agreement, and was CWC's outside Assistant General Counsel at the time of his withdrawal from NT Lakis, LLP. The allegations regarding whether Gibbons was a party to an agreement with CWC or NT Lakis, LLP as well as the legal obligations governing Gibbons' relationship with NT Lakis, LLP consist of conclusions of law to which no responsive pleading is required. To the extent that a response is required, CWC denies those allegations. The remaining allegations in Paragraph 25 regarding whether Gibbons, for purposes of copyright law, was: (i) an author of any Copyrighted Works; (ii) a party to an agreement that constitutes a "work made for hire" agreement or an assignment; and (iii) an employee of NT Lakis, LLP or CWC for the purpose of the work-for-hire doctrine consist of conclusions of law to which no responsive pleading is required. To the extent that a response is required, CWC denies those remaining allegations.

26. The allegations of Paragraph 26 consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, CWC denies those allegations.

27. CWC denies the allegations in Paragraph 27.

28. CWC denies the allegations in Paragraph 28.

**PARTICULAR EXAMPLES OF CWC'S FRAUDULENTLY OBTAINED COPYRIGHT REGISTRATIONS**

29. CWC denies the allegations in Paragraph 29.

30. CWC admits that the Copyrighted Works at issue in CWC's infringement claims against Littler, Gokturk, and Gibbons are identified in Exhibit B to the Amended Complaint. CWC

denies that it has refused to make the Copyrighted Works available to Counterclaimants. With respect to the remaining allegations in Paragraph 30, CWC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 about what Littler, Gokturk, and Gibbons know.

**EXHIBIT B – CWC MEMOS 20-037, 20-002, 20-003 AND 20-004**

31. CWC admits that Eastman is a partner at NT Lakis, LLP and that Eastman drafted text within CWC Memo 20-037 within the scope of his job duties for NT Lakis, LLP.

32. CWC admits that NT Lakis, LLP is governed, in part, by the terms of the Partnership Agreement. The allegations in the second sentence of Paragraph 32 consist of conclusions of law to which no responsive pleading is required. To the extent that a response is required, CWC denies those allegations. CWC denies the remaining allegations of Paragraph 32.

33. CWC admits that CWC Memo 20-037 was written and published in 2020. The remaining allegations in Paragraph 33 consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, CWC denies those remaining allegations.

34. CWC denies the allegations in the second sentence of Paragraph 34. The remaining allegations in Paragraph 34 regarding whether Eastman, for purposes of copyright law, was an author or was party to an agreement that constitutes a "work made for hire" agreement or an assignment consist of conclusions of law to which no responsive pleading is required. To the extent that a response is required, CWC denies those remaining allegations.

35. CWC admits that the application to register CWC Memo 20-037 is a document, which speaks for itself and contains the transfer statement: "Transfer of any and all remaining

copyright interests from NT Lakis to CWC by written agreement." CWC denies the remaining allegations in Paragraph 35.

36. CWC denies the allegations in Paragraph 36.

37. CWC admits that, within the scope of his job duties for NT Lakis, LLP, Eastman drafted text within the CWC Memos 20-002, 20-003 and 20-004, which correspond to "Claim Nos. 9-11 on Exhibit B."

38. CWC admits that the applications to register CWC Memos 20-002, 20-003 and 20-004 are documents, which speak for themselves and each contain the transfer statement: "Transfer of any and all remaining copyright interests from NT Lakis to CWC by written agreement." CWC denies the remaining allegations in Paragraph 38.

39. CWC denies the allegations in Paragraph 39.

## EXHIBIT B – CWC MEMO 20-001

40. CWC admits that Petrella is a partner at NT Lakis, LLP and that Petrella drafted text within CWC Memo 20-001 within the scope of his job duties for NT Lakis, LLP.

41. CWC admits that CWC Memo 20-001 was written in 2019 and 2020 and published in January 2020. The remaining allegations in Paragraph 41 consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, CWC denies those remaining allegations.

42. CWC denies the allegations in the second sentence of Paragraph 42. The remaining allegations in Paragraph 42 regarding whether Petrella, for purposes of copyright law, was an author or was party to an agreement that constitutes a "work made for hire" agreement or assignment consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, CWC denies those remaining allegations.

43. CWC admits that the application to register CWC Memo 20-001 is a document, which speaks for itself and contains the transfer statement: "Transfer of any and all remaining copyright interests from NT Lakis to CWC by written agreement." CWC denies the remaining allegations in Paragraph 43.

44. CWC denies the allegations in Paragraph 44.

**FIRST COUNTERCLAIM FOR RELIEF**
(DECLARATORY JUDGMENT THAT CWC IS NOT
THE COPYRIGHT OWNER FOR SOME OR ALL OF THE WORKS)

45. In answering Paragraph 45, CWC incorporates by this reference its responses to Paragraphs numbered 1-5 and 8-44 of the Counterclaim as if fully stated here.

46. The allegations in Paragraph 46 consist of conclusions of law to which no responsive pleading is required. To the extent that a response is required, CWC denies the allegations in Paragraph 46.

47. CWC admits the allegations in the first sentence of Paragraph 47. The remaining allegations of Paragraph 47 consist of conclusions of law to which no responsive pleading is required. To the extent a response is required, CWC denies those remaining allegations.

48. CWC denies the allegations in Paragraph 48.

49. The allegations in Paragraph 49 consist of conclusions of law to which no responsive pleading is required. To the extent that a response is required, CWC denies the allegations in Paragraph 49.

50. CWC admits that Counterclaimants seek the declaratory judgment described above, but CWC denies that Counterclaimants are entitled to any of the relief requested in Paragraph 50.

## SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT THAT THE COPYRIGHT REGISTRATIONS IN SOME OR ALL OF THE WORKS ARE INVALID AND UNENFORCEABLE)

51. In answering Paragraph 51, CWC incorporates by this reference its responses to Paragraphs numbered 1-5 and 8-44 of the Counterclaim as if fully stated here.

52. CWC denies the allegations in Paragraph 52.

53. CWC denies the allegations in Paragraph 53.

54. CWC denies the allegations in Paragraph 54.

55. CWC denies the allegations in Paragraph 55.

56. CWC admits that Counterclaimants seek the declaratory judgment described above, but CWC denies that Counterclaimants are entitled to any of the relief requested in Paragraph 56.

### RESPONSE TO COUNTERCLAIM PRAYER FOR RELIEF

CWC denies that Counterclaimants are entitled to any of the relief requested in paragraphs 1 through 5, and all subparts, of the Prayer for Relief contained in the Counterclaim or to any relief whatsoever.

### CWC'S AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Counterclaimants fail to state a claim against CWC upon which relief can be granted. Further, Counterclaimants claims are ambiguous, vague, and/or unintelligible. CWC avers that Counterclaimants' claims do not describe the events or legal theories with sufficient particularity to permit CWC to ascertain all defenses that may exist.

**Second Affirmative Defense**

Counterclaimants' claims are barred, in whole or in part, by the applicable statute of limitations because Gokturk was aware that the Copyrighted Works consistently contained copyright notices solely in favor of CWC or EEAC, as applicable, and she did not contest such

public attribution of copyright ownership solely to those entities until after the statute of limitations for such claims.

### Third Affirmative Defense

Counterclaimants' claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, and/or estoppel because Gokturk knowingly drafted materials for EEAC and CWC, which consistently contained copyright notices solely in favor of those entities and she did not contest such attribution of copyright ownership solely to those entities throughout the 17 years that she provided services to CWC and its predecessor EEAC. Gokturk's years of failure to raise any objection invited CWC to rely upon the copyright notices exclusively in favor of CWC (or EEAC, as applicable), which it relied upon when registering the Copyrighted Works.

### Fourth Affirmative Defense

Counterclaimants' claims are barred, in whole or in part, because Counterclaimants lack standing to challenge the sufficiency of work-made-for-hire and/or assignment agreements between CWC and NT Lakis, LLP as well as between NT Lakis, LLP and its partners and lawyers because Counterclaimants' are not a party to such agreements and are not the owners of the copyrights subject to such agreements.

### Reservation of Rights to Assert Additional Defenses

CWC has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. CWC reserves the right to amend or seek to amend its answer and/or affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, CWC respectfully demands the entry of judgment in its favor and against Counterclaimants as follows:

A. That the Counterclaim and each and every allegation and subpart contained therein be dismissed with prejudice;

B. That CWC recover its costs of suit incurred herein, including reasonable attorneys' fees; and

C. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and Counterclaim Defendant, CWC, hereby demands a jury trial on all claims and issues so triable by right to a jury in accordance with Rule 38 of the Federal Rules of Civil Procedure.

Dated:  February 9, 2021

Respectfully submitted,

MORGAN LEWIS & BOCKIUS LLP
By:       /s/ Mark L. Krotoski
           /s/ J. Kevin Fee
Mark L. Krotoski (*pro hac vice*)
J. Kevin Fee (Virginia Bar. No. 88376)
Jane W. Wise (*pro hac vice*)
Rachel E. Fertig (*pro hac vice*)
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone: +1.202.739.3000
Facsimile:  +1.202.739.3001

Thomas Y. Nolan (*pro hac vice*)
1400 Page Mill Road
Palo Alto, CA  94304
Telephone: +1.650.843.4000
Facsimile:  +1.650.843.4001
mark.krotoski@morganlewis.com
kevin.fee@morganlewis.com

                jane.wise@morganlewis.com
                rachel.fertig@morganlewis.com
                thomas.nolan@morganlewis.com

*Attorneys for Plaintiff and Counterclaim Defendant Center for Workplace Compliance*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2021, the foregoing CENTER FOR WORKPLACE COMPLIANCE'S ANSWER TO COUNTERCLAIMS OF LITTLER MENDELSON, P.C. AND THERESA GOKTURK was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel:

| *Attorneys for Defendants and Counterclaimants Littler Mendelson, P.C., and Theresa Gokturk* | *Attorneys for Defendant and Counterclaimant Lance E. Gibbons* |
|---|---|
| John A. Burlingame<br>(Virginia Bar No. 32694)<br>2550 M Street, NW<br>Washington, DC 20037<br>Telephone: +1.202.626.6871<br>john.burlingame@squirepb.com | Robert C. Gill, II<br>(Virginia Bar No. 26266)<br>Ian A. McLin (Virginia Bar No. 92403)<br>Saul Ewing Arnstein & Lehr LLP<br>1919 Pennsylvania Ave. NW, Suite 550<br>Washington, DC  20006<br>Telephone: +1.202.295.6605<br>robert.gill@saul.com<br>ian.mclin@saul.com |
| David S. Elkins (pro hac vice)<br>Joseph Patrick Grasser (pro hac vice)<br>1801 Page Mill Road, No. 110<br>Palo Alto, CA 94304<br>Telephone: +1.650.843.3378<br>david.elkins@squirepb.com<br>joseph.grasser@squirepb.com | |
| Joseph A. Meckes (pro hac vice)<br>275 Battery Street, 26th Floor<br>San Francisco, CA 94111<br>Telephone: +1.925.595.8225<br>joseph.meckes@squirepb.com | |
| Eleanor Marie Carney Hagan<br>(pro hac vice)<br>Key Tower, 127 Public Square #4900<br>Cleveland, OH 44144<br>Telephone: +1.216.479.8072<br>eleanor.hagan@squirepb.com | |

Dated:  February 9, 2021                                        By:      */s/ J. Kevin Fee*  
                                                                                      J. Kevin Fee