IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CENTER FOR WORKPLACE COMPLIANCE (f/k/a EQUAL EMPLOYMENT ADVISORY COUNCIL),<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>LITTLER MENDELSON, P.C., LANCE E. GIBBONS, THERESA GOKTURK (a/k/a CHRIS GOKTURK), and DOE DEFENDANTS 1-10, INCLUSIVE,<br><br>Defendants and Counterclaimants. | Case No. 1:20-cv-01387-AJT-JFA |

**CENTER FOR WORKPLACE COMPLIANCE'S ANSWER TO
<u>COUNTERCLAIMS OF LANCE E. GIBBONS</u>**

## COUNTERCLAIM

Plaintiff and Counterclaim Defendant, Center for Workplace Compliance (f/k/a Equal Employment Advisory Council ("EEAC")) ("CWC" or "Counterclaim Defendant"), by and through its undersigned counsel, hereby answers the counterclaims asserted by Lance E. Gibbons ("Gibbons") in ECF No. 31 ("Gibbons Counterclaim") and denies all allegations not expressly admitted herein. The numbered paragraphs below correspond to the paragraph numbers contained in the Gibbons Counterclaim except where CWC expressly states that its response incorporates by reference its Answer responses to the counterclaim asserted by Littler Mendelson, P.C. ("Littler") and Theresa Gokturk ("Gokturk") in ECF No. 30 ("Littler Counterclaim").

## PARTIES, JURISDICTION AND VENUE

1. CWC admits the allegations in Paragraph 1.

2. CWC admits the allegations in Paragraph 2.

3. CWC admits that Gibbons purports to allege claims that, if colorable, would vest the Court with subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

4. CWC admits that venue in this District Court is proper.

## FACTUAL BACKGROUND

5. In answering Paragraph 5 of the Gibbons Counterclaim, CWC incorporates by this reference Paragraphs numbered 10 through 44 of CWC's Answer to the Littler Counterclaim as if fully stated herein.

## COUNT 1

6. In answering Paragraph 6 of the Gibbons Counterclaim, CWC incorporates by this reference Paragraphs numbered 45 through 50 of CWC's Answer to the Littler Counterclaim as if fully stated herein. Further, CWC denies that Gibbons seeks the declaratory judgment described

in Paragraph 50 of the Littler Counterclaim, and CWC denies that Gibbons is entitled to any of the relief requested in Paragraph 50 of the Littler Counterclaim.

## COUNT 2

7.     In answering Paragraph 7 of the Gibbons Counterclaim, CWC incorporates by this reference Paragraphs numbered 51 through 56 of CWC's Answer to the Littler Counterclaim as if fully stated herein.  Further, CWC denies that Gibbons seeks the declaratory judgment described in Paragraph 56 of the Littler Counterclaim, and CWC denies that Gibbons is entitled to any of the relief requested in Paragraph 56 of the Littler Counterclaim.

### RESPONSE TO GIBBONS COUNTERCLAIM PRAYER FOR RELIEF

CWC denies that Gibbons is entitled to any of the relief requested in paragraphs 1 through 5, and all subparts, of the Prayer for Relief contained in the Littler Counterclaim or to any relief whatsoever.

### CWC'S AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Gibbons fails to state a claim against CWC upon which relief can be granted.  Further, Gibbons' claims are ambiguous, vague, and/or unintelligible. CWC avers that Gibbons' claims do not describe the events or legal theories with sufficient particularity to permit CWC to ascertain all defenses that may exist.

#### Second Affirmative Defense

Gibbons' claims are barred, in whole or in part, by the applicable statute of limitations because Gibbons was aware that the Copyrighted Works consistently contained copyright notices solely in favor of CWC or EEAC, as applicable, and he did not contest such public attribution of copyright ownership solely to those entities until after the statute of limitations for such claims.

### Third Affirmative Defense

Gibbons' claims are barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, and/or estoppel because Gibbons knowingly drafted materials for EEAC and CWC within the scope of his job duties for NT Lakis, LLP and failed to object to the consistent, public attribution of copyright ownership solely to those entities throughout his tenure at NT Lakis, LLP and only objects now in a meritless attempt to excuse his massive, willful, commercial copyright infringement of CWC's Copyrighted Works. Gibbons' years of failure to raise any objection to the exclusive attribution of copyright ownership of the Copyrighted Works in favor or CWC (or EEAC, as applicable) invited CWC to rely upon the copyright notices exclusively in favor of CWC (or EEAC, as applicable), which CWC then relied upon when registering the Copyrighted Works with the U.S. Copyright Office.

### Fourth Affirmative Defense

Gibbons' claims are barred, in whole or in part, because Gibbons lacks standing to challenge the sufficiency of work-made-for-hire and/or assignment agreements between CWC and NT Lakis, LLP as well as between NT Lakis, LLP and Gokturk as he is not the owner of the copyrights subject to such agreements.

### Reservation of Rights to Assert Additional Defenses

CWC has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. CWC reserves the right to amend or seek to amend its answer and/or affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, CWC respectfully demands the entry of judgment in its favor and against Gibbons as follows:

A. That the Gibbons Counterclaim and each and every allegation and subpart contained therein be dismissed with prejudice;

B. That CWC recover its costs of suit incurred herein, including reasonable attorneys' fees; and

C. For such other and further relief as the Court may deem just and proper.

Dated: February 9, 2021

Respectfully submitted,

MORGAN LEWIS & BOCKIUS LLP

By: _____/s/ Mark L. Krotoski_____
_____/s/ J. Kevin Fee_____
Mark L. Krotoski (*pro hac vice*)
J. Kevin Fee (Virginia Bar. No. 88376)
Jane W. Wise (*pro hac vice*)
Rachel E. Fertig (*pro hac vice*)
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone: +1.202.739.3000
Facsimile: +1.202.739.3001

Thomas Y. Nolan (*pro hac vice*)
1400 Page Mill Road
Palo Alto, CA 94304
Telephone: +1.650.843.4000
Facsimile: +1.650.843.4001
mark.krotoski@morganlewis.com
kevin.fee@morganlewis.com
jane.wise@morganlewis.com
rachel.fertig@morganlewis.com
thomas.nolan@morganlewis.com

*Attorneys for Plaintiff and Counterclaim Defendant Center for Workplace Compliance*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2021, the foregoing CENTER FOR WORKPLACE COMPLIANCE'S ANSWER TO COUNTERCLAIMS OF LANCE E. GIBBONS was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel:

*Attorneys for Defendants and Counterclaimants Littler Mendelson, P.C., and Theresa Gokturk*

John A. Burlingame
(Virginia Bar No. 32694)
2550 M Street, NW
Washington, DC 20037
Telephone: +1.202.626.6871
john.burlingame@squirepb.com

David S. Elkins (pro hac vice)
Joseph Patrick Grasser (pro hac vice)
1801 Page Mill Road, No. 110
Palo Alto, CA 94304
Telephone: +1.650.843.3378
david.elkins@squirepb.com
joseph.grasser@squirepb.com

Joseph A. Meckes (pro hac vice)
275 Battery Street, 26th Floor
San Francisco, CA 94111
Telephone: +1.925.595.8225
joseph.meckes@squirepb.com

Eleanor Marie Carney Hagan
(pro hac vice)
Key Tower, 127 Public Square #4900
Cleveland, OH 44144
Telephone: +1.216.479.8072
eleanor.hagan@squirepb.com

*Attorneys for Defendant and Counterclaimant Lance E. Gibbons*

Robert C. Gill, II
(Virginia Bar No. 26266)
Ian A. McLin (Virginia Bar No. 92403)
Saul Ewing Arnstein & Lehr LLP
1919 Pennsylvania Ave. NW, Suite 550
Washington, DC  20006
Telephone: +1.202.295.6605
robert.gill@saul.com
ian.mclin@saul.com

Dated:  February 9, 2021

By: _____*/s/ J. Kevin Fee*_____
　　　　J. Kevin Fee