IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CENTER FOR WORKPLACE COMPLIANCE (f/k/a EQUAL EMPLOYMENT ADVISORY COUNCIL),<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>LITTLER MENDELSON, P.C., LANCE E. GIBBONS, THERESA GOKTURK (a/k/a CHRIS GOKTURK), and DOE DEFENDANTS 1-10, INCLUSIVE,<br><br>Defendants and Counterclaimants. | Case No. 1:20-cv-01387-AJT-JFA |

**PROTECTIVE ORDER [PROPOSED]**

During discovery in this action, the parties will be exchanging confidential, private and/or sensitive business or personal information. The Court, having reviewed the papers submitted in support of the Motion for Protective Order filed by defendants and counterclaimants Littler Mendelson, P.C. ("Littler"), Theresa Gokturk ("Gokturk") and Lance E. Gibbons ("Gibbons"), and in opposition to the motion by plaintiff and counterclaimant Center for Workplace Compliance ("CWC"), and having determined that good cause supports doing so, HEREBY ORDERS that discovery in this action shall be governed by the terms and procedures that follow.

1. **Discovery Materials**: This Protective Order applies to all items or information, regardless of the medium or manner in which they/it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter (collectively "Discovery Materials").

2. **Use Restriction**: Discovery Materials designated "Confidential" by any party or nonparty shall be used only for purposes of this action.

3.     **"Confidential" Designation**:  If a party or nonparty contends that certain Discovery Material it produces should be disclosed and used in this action on a limited basis because it is competitively sensitive, confidential, or for some other good cause under Rule 26(c), then that party or nonparty may designate that material as "CONFIDENTIAL" ("Confidential Material").  Confidential Material shall be maintained in confidence by the recipient and shall not be given, shown, made available, or communicated in any way to anyone other than the following persons: (a) attorneys of record in this action and their staff; (b) in-house counsel (including attorneys in the Littler or CWC Office of the General Counsel); (c) experts retained or specially employed for the purposes of this action who have first signed a Confidentiality Agreement in the form attached as Exhibit A (in the case of testifying experts, a copy of which shall be provided to opposing counsel at the time the testifying expert submits an expert report in this litigation ); (d) court reporters (provided that each is first provided a copy of this Protective Order); (e) the Court and its personnel, in the manner described in paragraph 9; (f) the author or creator of the information; (g) any person identified on the face of the document as having received the document or information; (h) the parties and their officers, directors, and employees whose assistance is reasonably necessary to assist counsel in this action, provided that each is first advised of, and agrees to be bound by, the terms of this Protective Order; and (i) independent support services, including legal interpreters, document reproduction services, computer imaging services, jury consultants, and demonstrative exhibit services (provided that each is first provided a copy of this Protective Order).

4.     **Designating Discovery Materials**: Confidential Material must be marked as such either by a stamped legend if it is a document, or on the disk or other instrument containing the information.  Portions of depositions shall be deemed CONFIDENTIAL only if they are

designated as such when the deposition is taken or within fifteen (15) days after receipt of the transcript. Until fifteen (15) days after receipt of the transcript, the parties shall treat the deposition transcript and testimony as Confidential Material. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked as Confidential Material. Once specific documents have been designated for copying, any documents containing confidential information will then be marked CONFIDENTIAL after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of Confidential Materials before they are copied and marked CONFIDENTIAL pursuant to this procedure. Notwithstanding this presumptive fifteen (15) day time period, all designations in writing of protected testimony shall be concluded no later than five (5) days after the close of the discovery period to prevent the designation process from interfering with the preparation and timely filing of dispositive motions.

     5.    **Inadvertent Production of Privileged, Work-Product Protected, or Confidential Material**:

          a.    The mere inadvertent production of Discovery Material that the producing party or nonparty contends is privileged or work-product protected, or that the producing party inadvertently failed to designate as CONFIDENTIAL at the time of production, shall not, in and of itself, be deemed a waiver of any privilege, protection, or confidentiality, provided that the producing party shall promptly (a) make a specific request for the return of the inadvertently-produced privileged or work-product protected material, or designates the unmarked Discovery Materials as CONFIDENTIAL in writing while promptly providing all other parties replacement Discovery Materials marked CONFIDENTIAL.

b. In the event of a dispute, either party may seek relief from the Court; however, the party or nonparty making the inadvertent production shall bear the burden of proving that the Discovery Materials at issue should be treated as privileged or work-product protected material, or as Confidential Material, and that there has not been a waiver. This provision is in addition to the protections afforded under Rule 502(b) of the Federal Rules of Evidence regarding the inadvertent disclosure of attorney-client privileged information. Moreover, in the event that a waiver of attorney-client privilege has been found due to a disclosure during discovery in this action, this provision constitutes a court order pursuant to Rule 502(d) of the Federal Rules of Evidence that the waiver is not a waiver in any other federal or state proceeding.

6. **Challenging a Designation**: A party's or nonparty's designation of Discovery Materials as Confidential Material may be challenged by any other party. The party or nonparty making the designation shall bear the burden of proving that the Discovery Materials at issue should be treated as Confidential Material.

7. **Reproduction Restrictions**: There shall be no reproduction of Confidential Materials except for the purpose of litigating this action. As is reasonably necessary for this purpose, copies, excerpts, or summaries of Confidential Materials may be made and shown or given to those persons authorized pursuant to paragraph 3 or 4.

8. **Use and Sealing of Own Discovery Materials**: A party or nonparty may use its own Confidential Materials in any way. A party or nonparty may file its own Confidential Materials under seal. This Protective Order, however, does not prospectively authorize sealing of Confidential Materials filed in the judicial record; rather, a party or nonparty must apply for authorization to file its own Confidential Materials under seal in accordance with the procedures set forth in Local Civil Rule 5.

9. **Use and Sealing of Discovery Materials Produced by Another Party or Nonparty**: The parties may use any Confidential Material produced by another party or nonparty as an exhibit or attachment to any motion, or as a deposition exhibit provided such use is consistent with paragraphs 3 and 4 of this Protective Order, or as a proposed trial exhibit.  This Protective Order, however, does not prospectively authorize sealing of Confidential Materials filed in the judicial record; rather a party or nonparty must apply for authorization to file the Protected Information of another party or nonparty under seal in accordance with the procedures set forth in Local Civil Rule 5, seeking to have those Confidential Materials maintained under seal until further order of the Court.  Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as Confidential Materials, the filing party shall follow the Court's Local Rules of Civil Practice and Procedure for filing under seal; provided, however, that the filing in accordance with these Rules shall be wholly without prejudice to the filing party's rights under paragraph 7 of this Protective Order.  If any challenge is made to the sealing of materials filed with the Court, the party or nonparty seeking protection shall bear the burden of proving that sealing is warranted.

10. **Use at Deposition or Hearing**:  If Confidential Material is used as a deposition exhibit, the party or nonparty who produced it may request that only persons authorized under this Protective Order be present for the testimony given regarding that material.  In the event of a dispute, the party or nonparty seeking to limit attendance at the deposition shall bear the burden of seeking relief from the Court.  If Confidential Material is used as a hearing exhibit, any party or nonparty seeking sealing of the judicial record, or closure of the hearing, shall bear the burden of seeking relief from the Court.

11.     **Disposition Upon Termination of Action**:  Upon final termination of this action, including all appeals, the parties shall assemble and return all Confidential Material, together with all copies thereof, to the producing party or nonparty, or destroy that material within 15 days of the final termination.  Counsel shall be permitted to maintain a copy of attorney work product regarding Confidential Material provided counsel continues to do treat such attorney work product in confidence.

12.     **Provision to Nonparties**:  Counsel for the parties shall provide a true and complete copy of this Protective Order on any nonparty on whom a discovery or trial subpoena is served.  A nonparty consents to be bound by this Protective Order by providing any Discovery Materials designated CONFIDENTIAL.  The entry of this Protective Order in no way limits any nonparty from seeking other or further relief from the Court.

13.     **Exclusions from this Protective Order**:  The restrictive disclosure and use provisions of this Protective Order shall not apply to any document or information that is, or during the litigation, becomes (a) of public record; (b) filed as a public record with the clerk of any federal or state court in other litigation; (c) filed with any federal or state agency, copies of which are required by that agency to 'be freely available in their entirety to the public; or (d) published in any other way; provided that such public filing or other publication has not occurred in violation of this Protective Order or by violation of any other law.

14.     **Trial**:  Any use of Confidential Material at trial shall be governed by a separate agreement or order after more is known about the material and potential use at trial.

15.     **Modification**:  Any party shall have the right to apply to the Court to modify this Protective Order for good cause shown.

-7-

16.     **Duration**:  This Protective Order shall remain in full force and effect until modified by further order of the Court, and its terms shall survive the termination of this action unless otherwise modified by the Court.  The Court shall maintain continuing jurisdiction to enforce this Order.

Entered this _____ day of February 2021

Alexandria, Virginia

_____
John F. Anderson
United States Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| CENTER FOR WORKPLACE COMPLIANCE (f/k/a EQUAL EMPLOYMENT ADVISORY COUNCIL),<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>LITTLER MENDELSON, P.C., LANCE E. GIBBONS, THERESA GOKTURK (a/k/a CHRIS GOKTURK), and DOE DEFENDANTS 1-10, INCLUSIVE,<br><br>Defendants and Counterclaimants. | Case No. 1:20-cv-01387-AJT-JFA |

**CONFIDENTIALITY AGREEMENT**

The undersigned, having read and understood the Stipulated Protective Order entered in this action governing and restricting the use and disclosure of Discovery Material, Confidential Discovery Material, and Highly Confidential Discovery Material (as defined therein), hereby agrees to be bound by the terms thereof, and I will use such materials only for the purposes of this case, and I will make no use or disclosure of them other than as provided in the Stipulated Protective Order.

I agree to submit to the jurisdiction of the United States District Court for the Eastern District of Virginia, Alexandria Division, for purposes of enforcement of this order.

Signature:_____

Name (print):_____

Business:_____

Address:_____

Dated:_____