IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CENTER FOR WORKPLACE
COMPLIANCE (f/k/a EQUAL
EMPLOYMENT ADVISORY COUNCIL),

            Plaintiffs and Counterclaim
            Defendant,

    v.

LITTLER MENDELSON, P.C., LANCE E.
GIBBONS, THERESA GOKTURK (a/k/a
CHRIS GOKTURK), and DOE
DEFENDANTS 1-10, INCLUSIVE,

            Defendants and
            Counterclaimants.

Civil Action No. 1:20-cv-1387 (AJT/JFA)

**REPLY MEMORANDUM OF DEFENDANTS AND COUNTERCLAIMANTS
LITTLER MENDELSON, P.C., THERESA GOKTURK AND LANCE E. GIBBONS
IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER**

**LAW AND ARGUMENT**

In rehashing its own moving brief, Center for Workplace Compliance ("CWC") doubles down on its failure to adduce evidence satisfying the good cause burden that CWC must meet for entry of a protective order with an onerous "Highly Confidential" tier. Doing so requires that CWC prove why the less restrictive "Confidential" tier does not provide adequate protection. The Confidential tier (i) restricts the use of designated documents to this case, and (ii) allows disclosure to the parties "only [when] reasonably necessary to assist counsel in this action, provided that each is first advised of, and agrees to be bound by, the terms of this Protective Order." Defendants' proposed order would "survive the termination of this action" and provide the Court with "continuing jurisdiction to enforce" the order. Dkt. 45-1 §§ 3, 16.

Instead of providing evidence to establish that the strong protections in Defendants' proposed Protective Order are insufficient, CWC does the briefing equivalent of waving its hands over categories of documents that Defendants requested in discovery and intoning that *of course* such materials must be "Highly Confidential":

> In this case, Littler has requested Highly Confidential Information. For example, Littler has requested sensitive financial information including projections, forecasts, payroll registers and financial statements… Littler has also requested CWC's board meeting minutes, which reflect highly confidential and competitively sensitive deliberations and planning related to CWC's business… Littler and Mr. Gibbons have also requested records related to CWC's non-public member lists and other member-related information including their activities on CWC's website and communications with CWC, among other non-public intellectual property.

CWC's Opp. Brief (Dkt. 53) at 5.  Simply using adjectives in insisting that such materials are "Highly Confidential Information," sensitive," or "highly confidential and competitively sensitive" does not make them so.  And it certainly does not satisfy CWC's evidentiary burden of proof.

The only new argument CWC makes in its Opposition Brief is that "any suggestion that CWC's research and analysis memoranda are not competitively sensitive and related to Littler's legal services is belied by the fact that Mr. Gibbons accessed CWC's member-restricted content on hundreds of occasions while acting within the scope of his employment by Littler."  CWC's Opp. Brief at 4.  That Gibbons allegedly accessed 200+ copyrighted works does not mean that they are "competitively sensitive and related to Littler's legal services."  CWC alleges that Gibbons was associated with CWC for over three years before he joined Littler in July 2018.  If Gibbons in fact did what CWC alleges – proof regarding which CWC bears the burden – he could have had any number of reasons for doing so.  In any event, CWC's attempt to make a logical leap where none can be made underscores why its quest for the restrictive Highly Confidential tier fails:  CWC relies on argument rather than evidence necessary to meet its burden of demonstrating good cause.

Finally, CWC's Opposition Brief states that it intended to bar parties from seeing materials designated Highly Confidential, as CWC's proposed Protective Order provides:

> CWC's separate motion for a protective order explains the need for a protective order that will safeguard a limited set of highly confidential documents. *See* Dkt. Nos. 48-50. Namely, Plaintiff's proposed protective order allows the parties to designate documents and information that "is extremely competitively sensitive" or "highly confidential" to be treated with heightened protections. *See* Dkt. 48-1 at 2-3. *"Highly confidential" information would not be disclosed to the parties, with the exception of designated in-house counsel. See id.*

*Id.* at 1 (emphasis added). But what CWC told the Court in its moving papers is starkly different:

> In preparing its proposed protective order—and in its negotiations with Defendants—CWC has been mindful that "courts must balance the risk of inadvertant [*sic*] disclosure to competitors against the risk of prejudice to the other party's ability to prosecute or defend the action." [Citation omitted.] With that understanding in mind, *and in order to ensure that the parties are adequately equipped to develop their cases and assist their outside counsel as necessary, CWC's proposed protective order allows for disclosure of materials designated as "Highly Confidential" to "one person designated by each party as the party elects* with a need to know the information in connection with alternative dispute resolution proceedings, settlement negotiations, discovery, preparation for trial, or trial, and whose assistance is reasonably necessary to assist counsel in this action (including an individual party to this action)." Proposed Order at § 4(a)(2). *Although there is no legal requirement that a party have confidential information of another produced to it, in addition to its outside counsel, CWC has proposed this provision as a compromise aimed at ensuring that any difficulties presented by the two-tiered protective order are ameliorated.*

CWC's Opening Brief (Dkt. 49) at 9-10 (emphasis added). That CWC would seek a protective order that disregarded the parties' agreements in meet and confer efforts is one thing. That CWC would characterize to the Court its proposed Highly Confidential tier in its moving papers one way – while the text of its proposed Protective Order provides something wholly different – is quite another.. But CWC outdoes itself by completely changing its characterization – to the Court – of

- 3 -

- 4 -

the proposed Highly Confidential tier from the Opening Brief on its motion to its Opposing Brief

on Defendants' motion.

## **CONCLUSION**

Given the absence of any facts proving that the protections in Defendants' proposed order

are insufficient, face value arguments are all that CWC ever had.  But its unflagged, unexplained

changing characterizations to the Court about the Highly Confidential tier leave CWC with

nothing.  For all of the reasons set forth in their moving papers, in their papers in opposition to

CWC's parallel motion, and now above, Defendants respectfully request that the Court enter their

proposed Protective Order.

Dated: February 25, 2021

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

/s/ *John A. Burlingame*

John A. Burlingame (VSB No. 32694)
2550 M Street NW
Washington DC 20037
(202) 626 6871
john.burlingame@squirepb.com

David S. Elkins (admitted pro hac vice)
1801 Page Mill Road, Suite 110
Palo Alto, California 94304
(650) 843-3378
david.elkins@squirepb.com

Joseph A. Meckes (admitted pro hac vice)
Joseph P. Grasser (admitted pro hac vice)
275 Battery Street, 26th floor
San Francisco, California 94111
(415) 954-0201
joseph.meckes@squirepb.com
joseph.grasser@squirepb.com

Eleanor M. Hagan (admitted pro hac vice)
4900 Key Tower 127 Public Square
Cleveland, Ohio 44114
(216) 479 8500
eleanor.hagan@squirepb.com

*Attorneys for Defendants and*
*Counterclaimants*
*Littler Mendelson, P.C. and Theresa Gokturk*

- 6 -

SAUL EWING ARNSTEIN & LEHR LLP

/s/ *Robert C. Gill*

Robert C. Gill, II (Virginia Bar No. 26266)
Ian A. McLin (Virginia Bar No. 92403)
1919 Pennsylvania Ave. NW, Suite 550
Washington, DC  20006
Telephone: +1.202.295.6605
robert.gill@saul.com
ian.mclin@saul.com

*Attorneys for Defendant and Counterclaimant*
*Lance E. Gibbons*

- 7 -

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 25th day of February 2021, the foregoing was served,

via CM/ECF, upon all counsel of record, including the following:

Mark L. Krotoski
J. Kevin Fee
Jane W. Wise
Rachel E. Fertig
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone: +1.202.739.3000
mark.krotoski@morganlewis.com
kevin.fee@morganlewis.com
jane.wise@morganlewis.com
rachel.fertig@morganlewis.com

Thomas Y. Nolan
1400 Page Mill Road
Palo Alto, CA  94304
Telephone: +1.650.843.4000
thomas.nolan@morganlewis.com

*Attorneys for Plaintiff and Counterclaim*
*Defendant Center for Workplace Compliance*

                                        /s/ *John A. Burlingame*
                                        *Attorney for Defendants and Counterclaimants*
                                        *Littler Mendelson, P.C. and Theresa Gokturk*

010-9174-4394/1/AMERICAS

- 7 -