**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| CENTER FOR WORKPLACE COMPLIANCE (f/k/a EQUAL EMPLOYMENT ADVISORY COUNCIL),<br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>LITTLER MENDELSON, P.C., LANCE E. GIBBONS, THERESA GOKTURK (a/k/a CHRIS GOKTURK), and DOE DEFENDANTS 1-10, INCLUSIVE,<br><br>Defendants and Counterclaimants. | Case No. 1:20-cv-01387-AJT-JFA |

**STIPULATED PROTECTIVE ORDER**

Upon consideration of the stipulation of the parties, as evidenced by the endorsements of counsel below, and it appearing that during discovery the parties will be exchanging confidential and competitively sensitive business information or other private and confidential information, and it otherwise appearing proper to do so, it is for good cause hereby

ORDERED that the discovery in this action, whether the information or documents are produced by, or elicited from, parties or nonparties, shall be governed by the following terms:

1. **Discovery Materials**: This Protective Order applies to all interrogatory answers, responses to requests for admission, documents and data produced (whether produced by parties or nonparties), expert reports, deposition transcripts (whether the testimony of party or nonparty witnesses), and deposition exhibits, all of which are hereafter referred to as "Discovery Materials."

2. **Requirement of Restraint and Care in Designating**: Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific documents or other material that qualify under the appropriate standards.

Subject to the meet and confer obligations in Section 7, designations that have been shown to be inappropriate may expose the designating party to sanctions in accordance with Federal Rule of Civil Procedure 37(b).

If a designating party learns that information or items it designated for protection do not qualify for protection at all, or do not qualify for Highly Confidential treatment as initially asserted, the designating party will take steps to address the issue including meeting and conferring with the other parties.

3. **Use Restriction**: Discovery Materials designated "Confidential" or "Highly Confidential" by any party or nonparty shall be used only for purposes of this action.

4. **"Confidential" Designation**: If a party or nonparty contends that certain Discovery Material it produces should be disclosed and used in this action on a limited basis because it is competitively sensitive, confidential, or for some other good cause under Rule 26(c), then that party or nonparty may designate that material as "Confidential" ("Confidential Material").

Confidential Material shall be maintained in confidence by the recipient and shall not be given, shown, made available, or communicated in any way to anyone other than the following persons:

(a) attorneys of record in this action and their staff;

(b) attorneys in the Office of the General Counsel and their staff who have first signed a Confidentiality Agreement in the form attached as Exhibit A;

(c) experts retained or specially employed for the purposes of this action who have first signed a Confidentiality Agreement in the form attached as Exhibit A;

(d) court reporters;

(e) the Court and its personnel;

(f) the author or creator of the information;

(g) any person identified on the face of the document as having received the document or information and/or a pre-litigation recipient of the document;

(h) the parties and their officers, directors, and employees whose assistance is reasonably necessary to assist counsel in this action, and who have first signed a Confidentiality Agreement in the form attached as Exhibit A; and

(i) independent support services, including legal interpreters, computer imaging services, jury consultants, and demonstrative exhibit services and who have first signed a Confidentiality Agreement in the form attached as Exhibit A.

5. **"Highly Confidential" Designation**: If a party or nonparty contends that any Discovery Material should be disclosed and used in this action on a very limited basis because it is extremely competitively sensitive, highly confidential, or for some other extraordinary good cause within the meaning of Rule 26(c), then that party or nonparty may designate that material as "Highly Confidential" or a similar designation ("Highly Confidential Material"). The "Highly Confidential" designation should be reserved for extremely sensitive information that constitutes or relates to confidential business plans (including financial projections, competitive strategy, extremely competitively sensitive information, and business or financial models).

Highly Confidential Material shall be kept confidential by the recipient and shall not be given, shown, made available, or communicated in any way to anyone other than the following persons:

(a) attorneys of record in this action and their staff;

(b) members of the Office of the General Counsel and their staff of the Parties who have first signed a Confidentiality Agreement in the form attached as Exhibit A;

(c) one person designated by each party as the party elects with a need to know the information in connection with alternative dispute resolution proceedings, settlement negotiations, discovery, preparation for trial, or trial, and whose assistance is reasonably necessary to assist counsel in this action (including an individual party to this action) who has first signed a Confidentiality Agreement in the form attached as Exhibit A;

(d) the author or creator of the information;

(e) any person identified on the face of the document as having received the document or information and/or a pre-litigation recipient of the document;

(f) experts retained or specially employed for the purposes of this action who have first signed a Confidentiality Agreement in the form attached as Exhibit A (this provision includes testifying and consulting experts);

(g) court reporters;

(h) the Court and its personnel; and

(i) independent support services, including legal interpreters, computer imaging services, jury consultants, and demonstrative exhibit services and who have first signed a Confidentiality Agreement in the form attached as Exhibit A.

6. **Designating Discovery Materials**: Confidential and Highly Confidential Material must be marked as such either by a stamped legend if it is a document, or on the disk or other instrument containing the information. Portions of depositions shall be deemed confidential or highly confidential only if they are designated as such when the deposition is taken or within seven (7) days after receipt of the transcript. Until seven (7) days after receipt of the transcript, the parties shall treat the deposition transcript and testimony as Highly Confidential Material.  In the event that documents are produced for inspection at the party's facilities, such documents may be

produced for inspection before being marked as Confidential or Highly Confidential Material. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential or documents before they are copied and marked as Confidential or Highly Confidential Material pursuant to this procedure.  Notwithstanding this presumptive seven (7) day time period, all designations in writing of protected testimony shall be concluded no later than five (5) days after the close of the discovery period to prevent the designation process from interfering with the preparation and timely filing of dispositive motions.

    7.    **Inadvertent Production of Privileged, Work-Product Protected, or Confidential Information**: The mere inadvertent production of Discovery Material which the producing party or nonparty contends is privileged or work-product protected, or which the producing party inadvertently failed to designate as Confidential or Highly Confidential at the time of production, shall not, in and of itself, be deemed a waiver of any privilege, protection, or confidentiality, provided that the producing party shall promptly make a specific request (a) for the return of the inadvertently-produced privileged or work-product protected material, or (b) for the opportunity to designate the confidentiality of undesignated Discovery Materials. In the event of a dispute, either party may seek relief from the Court; however, the party or nonparty making the inadvertent production shall bear the burden of proving that the Discovery Materials at issue should be treated as privileged or work-product protected material, or as Confidential or Highly Confidential Material, and that there has not been a waiver. This provision is in addition to the protections afforded under Rule 502(b) of the Federal Rules of Evidence regarding the inadvertent disclosure of attorney-client privileged information. Moreover, in the event that a waiver of

attorney-client privilege has been found due to a disclosure during discovery in this action, this provision constitutes a court order pursuant to Rule 502(d) of the Federal Rules of Evidence that the waiver is not a waiver in any other federal or state proceeding.

8. **Challenging a Designation**: Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A party's or nonparty's designation of Discovery Materials as Confidential or Highly Confidential Material may be challenged by any other party. As part of the meet and confer process, the challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must meet and confer directly. The party or nonparty making the designation shall bear the burden of proving that the Discovery Materials at issue should be treated as Confidential or Highly Confidential Material. The parties are encouraged to resolve these disputes without the need for intervention by the Court.

9. **Reproduction Restrictions**: There shall be no reproduction of Confidential and Highly Confidential Materials except for the purpose of litigating this action. As is reasonably necessary for this purpose, copies, excerpts, or summaries of Confidential and Highly Confidential Materials may be made and shown or given to those persons authorized pursuant to paragraph 3 or 4. The recipient of Highly Confidential Material that has been produced in electronic format shall not copy or store it on any computer hard drive (except in RAM), or on any computer network or networked device, unless access to such information is password-protected, and password access is limited to the persons authorized under this Protective Order. For example, this paragraph would permit the copying of Confidential and Highly Confidential Materials to be copied to a

password-protected computer used by counsel, including a computer connected to a secure network that meets industry standards for protecting data.

10. **Use and Sealing of Own Discovery Materials**: A party or nonparty may use its own Confidential or Highly Confidential Materials in any way. A party or nonparty may file its own Confidential or Highly Confidential Materials under seal. This Protective Order, however, does not prospectively authorize sealing of Confidential or Highly Confidential Materials filed in the judicial record; rather, a party or nonparty must apply for authorization to file its own confidential or Highly Confidential Materials under seal in accordance with the procedures set forth in Local Civil Rule 5.

11. **Use and Sealing of Discovery Materials Produced by Another Party or Nonparty**: The parties may use any Confidential or Highly Confidential Material produced by another party or nonparty as an exhibit or attachment to any motion, or as a deposition exhibit provided such use is consistent with paragraphs 3 and 4 of this Protective Order, or as a proposed trial exhibit. This Protective Order, however, does not prospectively authorize sealing of Confidential or Highly Confidential Materials filed in the judicial record; rather a party or nonparty must apply for authorization to file the Protected Information of another party or nonparty under seal in accordance with the procedures set forth in Local Civil Rule 5, seeking to have those Confidential or Highly Confidential Materials maintained under seal until further order of the Court. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential or highly confidential, the filing party shall follow the Court's Local Rules of Civil Practice and Procedure for filing under seal; provided, however, that the filing in accordance with these Rules shall be wholly without prejudice to the filing party's rights under paragraph 7 of this Protective Order. If any challenge is made to the sealing of

7

materials filed with the Court, the party or nonparty seeking protection shall bear the burden of proving that sealing is warranted.

12. **Use at Deposition or Hearing**: If Confidential or Highly Confidential Material is used as a deposition exhibit, the party or nonparty who produced it may request that only persons authorized under this Protective Order be present for the testimony given regarding that material. In the event of a dispute, the party or nonparty seeking to limit attendance at the deposition shall bear the burden of seeking relief from the Court. If Confidential or Highly Confidential Material is used as a hearing exhibit, any party or nonparty seeking sealing of the judicial record, or closure of the hearing, shall bear the burden of seeking relief from the Court.

13. **Disposition Upon Termination of Action**: Upon final termination of this action, including all appeals, the parties shall assemble and return all Confidential and Highly Confidential Material, together with all copies thereof, to the producing party or nonparty, or destroy that material within 15 days of the final termination. Counsel shall be permitted to maintain a copy of attorney work product regarding Confidential Material provided counsel continues to do treat such attorney work product in confidence.

14. **Adoption by Nonparty**: Counsel for the parties shall serve a true and complete copy of this Protective Order on any nonparty on whom a discovery or trial subpoena is served. A nonparty may consent to be bound by this Protective Order. The entry of this Protective Order upon the stipulation of the parties in no way limits any nonparty from seeking other or further relief from the Court.

15. **Exclusions from this Protective Order**: The restrictive disclosure and use provisions of this Protective Order shall not apply to any document or information that is, or during the litigation, becomes (a) of public record; (b) filed as a public record with the clerk of any federal

or state court in other litigation; (c) filed with any federal or state agency, copies of which are required by that agency to 'be freely available in their entirety to the public; or (d) published in any other way; provided that such public filing or other publication has not occurred in violation of this Protective Order or by violation of any other law.

16. **Trial**: Any use of Confidential or Highly Confidential Material at trial shall be governed by a separate agreement or order after more is known about the material and potential use at trial.

17. **Superseding Interim Protective Agreement**: This Protective Order shall supersede an informal Interim Protective Agreement (dated Feb. 15, 2021) agreed to by the parties pending this Protective Order.

18. **Modification**: Each party shall have the right to apply to the Court to modify this Protective Order for good cause shown.

19. **Duration**: This Protective Order shall remain in full force and effect until modified by further order of the Court, and its terms shall survive the termination of this action unless otherwise modified by the Court. The Court shall maintain continuing jurisdiction to enforce this Order.

Entered this _____ day of March, 2021

Alexandria, Virginia

John F. Anderson
United States Magistrate Judge

**WE ASK FOR THIS:**

March 2, 2021

Respectfully submitted,

9

By: /s/ Mark L. Krotoski
/s/ J. Kevin Fee
Mark L. Krotoski (admitted *pro hac vice*)
J. Kevin Fee (VSB No. 88376)
Jane W. Wise (admitted *pro hac vice*)
Rachel E. Fertig (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
(202) 739-3000 (telephone)
mark.krotoski@morganlewis.com
kevin.fee@morganlewis.com
jane.wise@morganlewis.com
rachel.fertig@morganlewis.com

Thomas Y. Nolan (admitted *pro hac vice*)
1400 Page Mill Road
Palo Alto, CA 94304
(650) 843-4000 (telephone)
thomas.nolan@morganlewis.com

*Attorneys for Plaintiff and Counterclaimant Defendant Center for Workplace Compliance*

By: /s/ John A. Burlingame

John A. Burlingame (VSB No. 32694)
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington DC 20037
(202) 626 6871
john.burlingame@squirepb.com

David S. Elkins (admitted *pro hac vice*)
1801 Page Mill Road, Suite 110
Palo Alto, California 94304
(650) 843-3378
david.elkins@squirepb.com

Joseph A. Meckes (admitted *pro hac vice*)
Joseph P. Grasser (admitted *pro hac vice*)
275 Battery Street, 26th floor
San Francisco, California 94111
(415) 954-0201
joseph.meckes@squirepb.com
joseph.grasser@squirepb.com

Eleanor M. Hagan (admitted *pro hac vice*)
4900 Key Tower 127 Public Square
Cleveland, Ohio 44114
(216) 479 8500
eleanor.hagan@squirepb.com

*Attorneys for Defendants and Counterclaimants*
*Littler Mendelson, P.C. and Theresa Gokturk*

By: */s/* Robert C. Gill
Robert C. Gill (VSB No. 26266)
robert.gill@saul.com
Ian A. McLin, Esq. (VSB No. 92403)
Saul Ewing Arnstein & Lehr LLP
ian.mclin@saul.com
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605 (telephone)

*Attorneys for Defendant and Counterclaimant Lance E. Gibbons*

10

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| CENTER FOR WORKPLACE COMPLIANCE (f/k/a EQUAL EMPLOYMENT ADVISORY COUNCIL),<br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>LITTLER MENDELSON, P.C., LANCE E. GIBBONS, THERESA GOKTURK (a/k/a CHRIS GOKTURK), and DOE DEFENDANTS 1-10, INCLUSIVE,<br><br>Defendants and Counterclaimants.. | Case No. 1:20-cv-01387-AJT-JFA |

## **CONFIDENTIALITY AGREEMENT**

The undersigned, having read and understood the Stipulated Protective Order entered in this action governing and restricting the use and disclosure of Discovery Material, Confidential Material, and Highly Confidential Material (as defined therein), hereby agrees to be bound by the terms thereof, and I will use such materials only for the purposes of this case, and I will make no use or disclosure of them other than as provided in the Stipulated Protective Order.

I also agree to submit to the jurisdiction of the United States District Court for the Eastern District of Virginia, Alexandria Division, for the purpose of the enforcement of this order.

Name (print): _____

Business: _____

Address: _____

_____

Dated: _____

## CERTIFICATE OF SERVICE

      I hereby certify that on March 2, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of filing to all counsel of record:[1]


By:    /s/ J. Kevin Fee   
       J. Kevin Fee

---

[1] A courtesy copy will be delivered to chambers within twenty-four hours in accordance with the Alexandria Division's chambers-copy rules.