IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CENTER FOR WORKPLACE COMPLIANCE (f/k/a EQUAL EMPLOYMENT ADVISORY COUNCIL),<br><br>      Plaintiff and Counterclaim Defendant,<br><br>   v.<br><br>LITTLER MENDELSON, P.C., LANCE E. GIBBONS, THERESA GOKTURK (a/k/a CHRIS GOKTURK), and DOE DEFENDANTS 1-10, INCLUSIVE,<br><br>      Defendants and Counterclaimants. | Civil Action No. 1:20-cv-1387 (AJT/JFA) |

## DEFENDANT AND COUNTERCLAIMANT LITTLER MENDELSON'S MOTION TO COMPEL COMPLETE RESPONSES TO INTERROGATORIES

Defendant and Counterclaimant Littler Mendelson P.C. ("Littler"), pursuant to Fed. R. Civ. P. 37, moves to compel plaintiff and counterclaim defendant Center for Workplace Compliance ("CWC") to serve complete responses to Interrogatories regarding authorship of the copyright works in suit and to serve final responses to Interrogatories where CWC has promised to identify and produce business records under Federal Rule of Civil Procedure 33(d) but has failed to do so now almost one month after serving its initial responses. Specifically, Littler seeks an order:

    1.    Ordering CWC to provide complete answers to Interrogatories Nos. 1, 2 and 3. To the extent CWC does not know the complete answer to an Interrogatory, it must describe the steps it took to obtain information sufficient to answer the Interrogatory including, but not limited to, obtaining such information from its law firm NT Lakis, LLP;

2. Holding that CWC's reliance on Federal Rule of Civil Procedure 33(d) to answer Interrogatories Nos. 1, 2 and 3 to be improper and striking those portions of its Responses;

3 Ordering CWC to provide complete Responses to Interrogatories Nos. 6-7, 10-11, 22-24, 26 and 27 on the ground that CWC's February 22, 2021 Responses to these Interrogatories indicated that CWC would answer pursuant to Rule 33(d), but, to date, CWC has failed to do so.

4. Ordering CWC to provide complete and final responses to all Interrogatories that are the subject of this motion within 11 days of entry of the Court's order on this motion.

The factual background and legal bases for entering the above orders are further set forth in the accompanying Memorandum of Points and Authorities in support of this motion.

**STATEMENT OF COUNSEL PURSUANT TO LOCAL RULE 37(e)**

Counsel for Littler engaged in several hours of telephonic discovery conferences and exchanged no fewer than six letters and several emails regarding these issues. Littler made a good faith effort to resolve these disputes but were unable to reach agreement.

Dated: March 19, 2021

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

/s/ *John A. Burlingame*
John A. Burlingame (VSB No. 32694)
2550 M Street NW
Washington DC 20037
(202) 626 6871
john.burlingame@squirepb.com

David S. Elkins (admitted pro hac vice)
1801 Page Mill Road, Suite 110
Palo Alto, California 94304
(650) 843-3378
david.elkins@squirepb.com

- 3 -

Joseph A. Meckes (admitted pro hac vice)
Joseph P. Grasser (admitted pro hac vice)
275 Battery Street, 26th floor
San Francisco, California 94111
(415) 954-0201
joseph.meckes@squirepb.com
joseph.grasser@squirepb.com

Eleanor M. Hagan (admitted pro hac vice)
4900 Key Tower 127 Public Square
Cleveland, Ohio 44114
(216) 479 8500
eleanor.hagan@squirepb.com

*Attorneys for Defendants and Counterclaimants Littler Mendelson, P.C. and Theresa Gokturk*

- 4 -

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 19th day of March 2021, the foregoing was served, via CM/ECF, upon all counsel of record.

                                      /s/ *John A. Burlingame*
                                      *Attorney for Defendants and Counterclaimants*
                                      *Littler Mendelson, P.C. and Theresa Gokturk*