IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CENTER FOR WORKPLACE COMPLIANCE (f/k/a EQUAL EMPLOYMENT ADVISORY COUNCIL),<br><br>   Plaintiff and Counterclaim Defendant,<br><br> v.<br><br>LITTLER MENDELSON, P.C., LANCE E. GIBBONS, THERESA GOKTURK (a/k/a CHRIS GOKTURK), and DOE DEFENDANTS 1-10, INCLUSIVE,<br><br>   Defendants and Counterclaimants. | Civil Action No. 1:20-cv-1387; AJT JFA |

**DECLARATION OF JOSEPH A. MECKES IN SUPPORT OF MOTION TO COMPEL
<u>COMPLETE RESPONSES TO INTERROGATORIES</u>**

I, Joseph A. Meckes, declare as follows:

  1. I am an attorney-at-law, licensed to practice before the courts of the State of California, the United States Supreme Court, and various United States District Courts and Courts of Appeals. I am a partner of Squire Patton Boggs (US) LLP, counsel of record in this action for defendants and counterclaimants Littler Mendelson, P.C. ("Littler") and Theresa Gokturk. This declaration is based on my personal knowledge. If called on to do so, I would and could testify competently as to the facts set forth below.

  2. Attached hereto as Exhibit A are Littler's First Set of Interrogatories to plaintiff Center for Workplace Compliance ("CWC") served on January 21, 2021 ("the Interrogatories").

  3. Attached hereto as Exhibit B are CWC's initial Objections to the Interrogatories served on February 5, 2021.

- 2 -

4. Attached hereto as Exhibit C are CWC's initial Responses to the Interrogatories served on February 22, 2021.

5. Attached as Exhibit D are CWC's Amended Responses to the Interrogatories served on March 5, 2021.

6. I have met and conferred with counsel for CWC regarding the Interrogatories via telephone several times over several hours. Attached hereto as Exhibit E is a letter my colleague John Burlingame sent to CWC's counsel on February 8, 2021 prior to our first telephone conference.

7. Attached hereto as Exhibit F is a follow up letter I sent to CWC's counsel on February 19, 2021 confirming that CWC had promised to provide complete responses to interrogatories notwithstanding its objections unless it had explicitly stated it would not.

8. Attached as Exhibit G is a February 26, 2021 letter I sent CWC's counsel after receiving CWC's February 22, 2021 Responses to Interrogatories.

9. During a March 2, 2021 meet-and-confer call, CWC's counsel stated that its sole obligation in responding to interrogatories was to provide information in its possession and that its information regarding authorship of the works in suit might be incomplete. I asked whether CWC had gone to its assignor and law firm NT Lakis to obtain information and asked CWC to confirm that its answers were based on documents and evidence within the possession custody and control of both CWC and NT Lakis.  CWC's counsel stated it was aware of no such obligation.

10. Attached as Exhibit H is a March 2, 2021 letter I sent to CWC's counsel confirming my understanding of discovery conference held earlier that day.

11. Attached as Exhibit I is a March 3, 2021 letter I received from CWC's counsel.

12. Attached as Exhibit J is a March 16, 2021 letter I sent to CWC's counsel.

- 3 -

13. Attached as Exhibit K is a March 16, 2021 letter I sent to CWC's counsel asking for an update on when CWC would identify documents per Rule 33(d) for Interrogatories Nos. 6-7, 10-11, 22-24, 26 and 27.

14. On March 17, 2021, CWC's counsel asked that we continue to meet and confer about both of my March 16, 2021 letters. I offered to meet and confer with counsel the following day, but CWC's counsel did not respond until late in the evening on March 18. Attached as Exhibit L is the email exchange with CWC's counsel.

15. Given the content of the Amended Responses and CWC's refusal to promise to amend, however, I concluded that we had reached an impasse and that we would make no further progress through discovery conferences. CWC had promised to substantially complete its document production by March 19, 2021 so I found it inexplicable that CWC is unable to provide complete interrogatory responses where it has referenced Rule 33(d). Further, prior to CWC serving its Amended Responses, we had discussed these issues for several hours and had made no progress resolving them.

16. In response to Interrogatories 1, 2 and 3, CWC has identified a nearly identical list of about 250 documents comprised solely of the alleged copyrighted works in suit and an assignment agreement. I have reviewed the list of documents CWC cited in response to Interrogatories 1, 2 and 3. In each case, the list is comprised solely of the Works at issue and, as to Nos. 1 and 2 only, an agreement titled "Confirmation Agreement and Assignment of Copyright Interest and Related Rights" produced as CWC0007793, which is attached hereto as Exhibit M.

17. Examples of documents cited by CWC in its Responses to Interrogatories Nos, 1, 2 and 3 are Exhibit N, which is a copy of a document produced by CWC bearing Bates number CWC0001691; Exhibit O, which is a copy of a document produced by CWC bearing Bates number

- 4 -

CWC0002413; Exhibit P, which is a copy of a document produced by CWC bearing Bates number CWC0007755; and Exhibit Q, which is a copy of a document produced by CWC bearing Bates number CWC0007740.

18.   Attached as Exhibit R is a copy of the profile of Michael Bracken of the NT Lakis law firm taken from https://ntlakis.com/index.php/people/bracken-michael/, last accessed on March 18, 2021.

I declare under penalty of perjury that the forgoing is true and correct.  Executed on March 19, 2021.

                                                 /s/ *Joseph A. Meckes*
                                                 Joseph A. Meckes