# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| CENTER FOR WORKPLACE COMPLIANCE (f/k/a EQUAL EMPLOYMENT ADVISORY COUNCIL),<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>LITTLER MENDELSON, P.C., LANCE E. GIBBONS, THERESA GOKTURK (a/k/a CHRIS GOKTURK), and DOE DEFENDANTS 1-10, INCLUSIVE,<br><br>Defendants and Counterclaimants. | Case No. 1:20-cv-01387-AJT-JFA |

**CENTER FOR WORKPLACE COMPLIANCE'S OBJECTIONS AND RESPONSES TO
LITTLER MENDELSON, P.C.'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33 and Local Civil Rule 26, Defendant Center for Workplace Compliance ("CWC," "Association," or "Plaintiff") hereby submits its objections and responses to the First Set of Interrogatories (the "Interrogatories") served on it by Defendant Littler Mendelson, P.C. ("Littler" or "Defendant") as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff's objections are made pursuant to Local Rule 26(C), and Plaintiff shall serve its responses within 30 days of service or a date otherwise agreed to by the Parties.

2.      No incidental or implied admissions are intended by the responses herein.  The fact that Plaintiff has answered or objected to any Interrogatory should not be taken as an admission that Plaintiff accepts or admits the existence of any "fact" set forth or assumed by such Interrogatories.

1

3.     In preparing these responses, Plaintiff has reviewed the documents and information reasonably available to it at this time.  Discovery in this action is continuing and Plaintiff may learn of additional facts pertaining to the Interrogatories.  Therefore, Plaintiff reserves the right to change, amend, or supplement its objections and responses at a later date.

4.     Plaintiff's responses are made solely for purposes of this action, and not for purposes of any other action.  These responses are subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections or grounds that would require the exclusion of evidence disclosed herein if the evidence were produced and sought to be introduced into evidence in Court; all of which objections and grounds are specifically reserved and may be interposed at the time of trial or other attempt to use one or more of these responses.

5.     Plaintiff's responses are made without in any way waiving or intending to waive, but on the contrary, preserving and intending to preserve, the following:

   a.   All questions of authenticity, relevance, materiality, privilege, and admissibility as evidence for any purpose of the information provided, which may arise in any subsequent proceeding in, or the trial of, this or any other action;

   b.   The right to object to the use of said information at any subsequent proceeding in, or the trial of, this or any other action, or any other grounds;

   c.   The right to object on any ground at any time to other interrogatories or other disclosure involving said information or subject matter thereof; and

   d.   The right to make additions and/or amendments to these responses if further disclosure or investigation yields information called for in disclosure.

6.      Any information or documentation produced by Plaintiff will be disclosed subject to the terms of a protective order entered by the Court ("Protective Order") and any protocol governing the production of electronically stored information ("ESI") entered by the Court ("ESI Protocol").

7.      Any response by Plaintiff shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Plaintiff's Interrogatories, definitions, or instructions.

8.      Where Plaintiff responds that it will produce documents, Plaintiff will make reasonable efforts to gather information within its possession, custody, or control responsive to the Interrogatory as it understands and interprets each Interrogatory, subject to and limited by the objections it may have as to each Interrogatory, including those objections contained in these general objections and all other objections made herein, as well as any limitations agreed to by the parties.  If Plaintiff asserts an interpretation of any aspect of the Interrogatory different from that made by Plaintiff, Plaintiff reserves the right to supplement its objections and/or responses, if such interpretation made by Plaintiff is held to be the applicable interpretation.

9.      No express, incidental, or implied admissions are intended by Plaintiff's responses and objections.  The fact that Plaintiff agrees to provide information or documentation in response to a particular Interrogatory is not intended and shall not be construed as an admission that any such information or documentation either exists or constitutes admissible evidence.  The fact that Plaintiff agrees to provide information and documentation in response to a particular Interrogatory is not intended and shall not be construed as a waiver by Plaintiff of any part of any objection to such Interrogatory or any part of any objection made herein.

## SPECIFIC OBJECTIONS TO DEFINITIONS

The following objections apply to each and every separately-numbered Interrogatory and are incorporated by reference into each and every specific response as if set forth in full in each separately-numbered response. Plaintiff's responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Plaintiff seeks to impose.

1.      Plaintiff objects to Littler's definitions of "You" and "CWC" as overbroad and unduly burdensome. Plaintiff will interpret "You" and "CWC" to mean Center for Workplace Compliance and its predecessors, including, without limitation, Equal Employment Advisory Council.

2.      Plaintiff objects to Littler's definition of "Conference Materials" on the basis that "other substantive material presented" is vague and ambiguous. Plaintiff further objects to this definition to the extent it purports to apply to internal training programs presented to CWC staff, and is therefore not proportional to the needs of the case considering the negligible importance of such documents for all time to the claims and defenses in this litigation and the costs to identify responsive information balanced against the amount in controversy in this matter. Plaintiff will interpret "Conference Materials" to mean "any document, presentation, slide deck or memorandum presented, distributed, or made available to others at a conference, symposium, or training program made to third parties."

3.      Plaintiff objects to Littler's definition of "Document(s)" on the basis that the terms "copies of all preliminary and final draft copies of documents, whether complete or not, by whatever means made," and the defined term "ESI" are vague and ambiguous. Plaintiffs will interpret "Document" to mean has the same meaning as used in Rule 34(a)(1) of the Federal

4

Rules of Civil Procedure, and as used here includes within its scope (a) any "thing" or "things," which also have the same meaning as used in Rule 34(a)(1) of the Federal Rules of Civil Procedure, and (b) any "writing" as defined in Federal Rule of Evidence 1001(a). "Document(s)" also means originals and copies of all of the above upon which notations in writing, print or otherwise have been made which do not appear on the originals, including ESI (e.g., e-mail, voicemail, instant messages, mobile phone text messages). Every non-identical copy of a "document" should be considered a separate 'document.'"

4.      Plaintiff objects to Littler's definition of "Employment Status" to the extent it purports to call for a legal conclusion.

5.      Plaintiff objects to Littler's definition of "Identify" to the extent it seeks information outside the possession, custody, or control of Plaintiff or purports to call for a legal conclusion. Plaintiff further objects to this definition because it is vague and ambiguous as to the time period for which it seeks disclosure of the defined information.

<strong><u>SPECIFIC OBJECTIONS AND RESPONSES</u></strong>

**INTERROGATORY NO. 1:**

For each Work, identify each individual who contributed to the authorship of the Work.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion. Plaintiff objects to the term "contributed" as vague and ambiguous.

Subject to and without waiving its objections, based on Plaintiff's present knowledge, for the Works listed in rows 1–66, 68, 70, 72-90, 92-245 of Exhibit B to the Second Amended Complaint (ECF No. 39-2), the lead drafter(s) of each Work are identified in the contact information for each Work (though additional persons who did not draft the Work may also be

named).  John Tysse was also involved in drafting the Works identified in rows 1-66, 68, 70, 72-90, 92-245, 251-252.  For Works in rows 67, 69, 71, 91, 246 – 253, the lead drafter(s) are identified in the chart below:

| Work | Lead Drafters |
|---|---|
| Work 67: CWC Reference - VETS- 4212 Annual Report from Federal Contractors | Matt Nusbaum |
| Work 69: CWC Reference - 503/4212 Affirmative Action Program Requirements for Individuals with Disabilities and Disabled Veterans | Matt Nusbaum |
| Work 71: CWC Reference - EO 11246 Supply and Service (Non- Construction) AAP Requirements for Women and Minorities | Matt Nusbaum |
| Work 91: BIG DATA ANALYTICS AND ARTIFICIAL INTELLIGENCE: THE COMPLIANCE AND DIVERSITY IMPLICATIONS OF AUTOMATING EARLY STAGE RECRUITMENT. | Danny Petrella |
| Work 246: EEAC Sample Executive Order 11246 AAP Narrative for Women & Minorities | Matt Nusbaum |
| Work 247: OFCCP Desk Audit Submission Checklist | Danny Petrella |
| Work 248: Model Audit and Reporting System, Prepared in Accordance with 41 C.F.R. 60-2.17(d) | Matt Nusbaum |
| Work 249: Model Audit and Reporting System, Prepared in Accordance with 41 C.F.R. 60-300.44(h), 60-741.44(h) | Matt Nusbaum |

| Work | Lead Drafters |
|------|---------------|
| Work 250: EEAC'S UPDATED OFCCP COMPLIANCE EVALUATION CHECKLIST | Plaintiff's early investigation indicates that Matt Nusbaum was involved in the preparation of this work. |
| Work 251: EEAC's Guide to Responding to OFCCP Requests for Information | Plaintiff's early investigation indicates that Danny Petrella was involved in the preparation of this work. |
| Work 252: Practicing Affirmative Action Within the Law | Plaintiff's early investigation indicates that Jeff Norris, Danny Petrella, and Joe Lakis were involved in the preparation of this work. |
| Work 253: EEO/AA Compliance in Executive Searches | Joe Lakis and Danny Petrella |

All of the Center for Workplace Compliance and NT Lakis staff identified above may be contacted only through the undersigned counsel at Morgan, Lewis & Bockius LLP.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents from which a further answer to this Interrogatory may be determined. Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.

**INTERROGATORY NO. 2:**

For each Work, describe in detail the contribution made by each individual who contributed to the authorship of the Work.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to the terms "describe in detail the contribution made" and "contributed" as vague and ambiguous.  Plaintiff objects to this Interrogatory to the extent that it attempts to elicit

information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.

Subject to and without waiving its objections, Plaintiff understands that, with respect to drafting the Works, the lead drafters typically conducted legal research and analysis, which the lead drafters then summarized based on their expertise in order to draft the Works.  Lead drafters would also typically control the overall focus, scope, and style of the Work and would supervise, edit, and ultimately control whether additional contributions from associates, counsel, or non-lawyer staff of NT Lakis may be included in the Work.  John Tysse typically provided editing to refine the analysis in the Works, including those identified at rows numbered 1–66, 68, 70, 72-90, 92-245, 251-252 of Exhibit B.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents from which a further answer to this Interrogatory may be determined.  Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.

**INTERROGATORY NO. 3:**

For each individual who contributed to the authorship of any Work, describe in detail his or her Employment Status at the time of his or her contribution.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion.  Plaintiff objects to the terms "contributed," "contribution," and "describe in detail his or her Employment Status" as vague and ambiguous.

Subject to and without waiving its objections, based on Plaintiff's present knowledge, all individuals who contributed to the authorship of the Works were either partners, counsel,

associates, or non-lawyer staff of NT Lakis, LLP (or its applicable predecessor entity) at the time of their contribution to each of the Works listed in rows 1-253 of Exhibit B.  Based on Plaintiff's present knowledge, at all times relevant to the authorship of the Works, all contributors to the Works were employees of NT Lakis, LLP (or its applicable predecessor), for purposes of copyright law.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents from which a further answer to this Interrogatory may be determined. Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.

**INTERROGATORY NO. 4:**

For each person who contributed to the authorship of any Work, identify each document transferring that person's copyright interest in such Work to another person or otherwise agreeing that the Work is a "work made for hire" under 17 U.S.C. §101.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion.  Plaintiff objects to the term "contributed" as vague and ambiguous.  Plaintiff objects to the term "transferring" as vague and ambiguous and to the extent it presumes that any "transfer" of a copyright interest was necessary.  Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.

Subject to and without waiving its objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents from which an answer to this Interrogatory may be determined.

9

Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.

**INTERROGATORY NO. 5:**

For each Work, identify each document conveying any rights in such Work to another person including, but not limited to, CWC.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion.  Plaintiff objects to the term "conveying" as vague and ambiguous and to the extent is presumes that any "conveyance" of a rights was necessary.  Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.

Subject to and without waiving its objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents from which an answer to this Interrogatory may be determined. Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.

**INTERROGATORY NO. 6:**

For each Work, state the amount of time each individual who contributed to the authorship of the Work spent on his or her contribution.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion.  Plaintiff objects to the terms "contributed" and "contribution" as vague and ambiguous.  Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential

or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it relates to services beyond the creation of the Works at issue in this litigation.

Subject to and without waiving its objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents from which an answer to this Interrogatory may be determined. Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.

**INTERROGATORY NO. 7:**

State the amount of money that you paid to NT Lakis for each Work or the amount of money you paid for services in relation to the creation of the Work.

**OBJECTION AND RESPONSE TO INTERROGATORY NO.  7:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion.  Plaintiff objects to the phrase "the amount of money you paid for services in relation to the creation of the Work" as vague and ambiguous.  Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it relates to services beyond the creation of the Works at issue in this litigation.

Subject to and without waiving its objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents from which an answer to this Interrogatory may be determined. Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.

**INTERROGATORY NO. 8:**

State the total amount of money that you paid to NT Lakis each calendar year from 2015 through 2020.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial. Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order. Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it relates to services beyond the creation of the Works at issue in this litigation. Plaintiff objects to this Interrogatory to the extent it is not relevant to the parties' claims and defenses.

Pursuant to your letter dated February 8, 2021, CWC understands that this Interrogatory has been withdrawn and accordingly will not respond.

**INTERROGATORY NO. 9:**

Identify each Affiliated Organization alleged in paragraphs 14, 15 and 44 of your Amended Complaint.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which

would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to the term Identify to the extent that it calls for a legal conclusion, including to the extent that it purports to require Plaintiff to identify each Affiliated Organization by name and describe CWC's organizational and operational relationship with such entity/entities, to the extent they exist.

Subject to and without waiving its objections, Plaintiff states that the term "affiliated organizations" as used in the Second Amended Complaint refers to the entities NT Lakis, LLP, a Washington DC limited liability partnership engaged in the practice of law, and Employment Advisory Services, Inc., a Virginia subchapter S corporation engaged in the business of providing human resources compliance consulting services.

**INTERROGATORY NO. 10:**

For each Work, separately state for each month since its creation the number of times the Work was accessed by any person who was not a member of CWC's staff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is unlimited time and seeks access data from both entities and individuals that are entirely unrelated to the claims and defenses in this litigation.  Plaintiff objects to this Interrogatory to the extent it is not relevant to the parties' claims and defenses.  Accordingly, Plaintiff will not produce

information in response to this Interrogatory, except to the extent it relates to Defendants' use, access or copying of the Work after January 1, 2018.

Subject to and without waiving its objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff incorporates the information described in Exhibits A, B, and N to the Second Amended Complaint and will produce documents from which a further answer to this Interrogatory may be determined.  Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.

**INTERROGATORY NO. 11:**

For each Work, separately state for each month since its creation the identity of each person who accessed the work who was not a member of CWC's staff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is unlimited time and seeks access data from both entities and individuals that are entirely unrelated to the claims and defenses in this litigation.   Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information or documentation not within the possession, custody, or control of Plaintiff.  Plaintiff objects to this Interrogatory to the extent it is not relevant to the parties' claims and defenses.

Subject to and without waiving its objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff incorporates the information described in Exhibits A and N to the Second Amended

Complaint and will produce documents from which a further answer to this Interrogatory may be determined.  Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.

**INTERROGATORY NO. 12:**

State the date you discovered each incident of allegedly infringing conduct alleged in your Amended Complaint.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to the phrase "incident of allegedly infringing conduct" as vague and ambiguous.  Plaintiff object to this Interrogatory as premature to the extent that discovery is in its early stages and additional infringing conduct is potentially ongoing.

Subject to and without waiving its objections, Plaintiff initially discovered that the Littler IP Address was being used to access the members-only and password-restricted portion of the CWC website on or about January 31, 2020.

**INTERROGATORY NO. 13:**

Describe in detail the circumstances that led you to discover the allegedly infringing conduct described in your Amended Complaint.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information or documentation that is privileged; that was prepared in anticipation of litigation or for trial; that

15

otherwise constitutes attorney work product, privileged attorney-client communications, or communications protected by the common interest or joint prosecution privilege; or that is otherwise privileged or immune from discovery.  Inadvertent disclosure of any such information or documentation is not intended to and shall not constitute waiver of any privilege or any other ground for objecting to discovery with respect to such information or with respect to the subject matter thereof.  Nor shall such inadvertent production or disclosure waive the right of Plaintiff to object to the use of any such information during this litigation or in any other subsequent proceeding.  Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to the phrase "allegedly infringing conduct" as vague and ambiguous.  Plaintiff objects to this Interrogatory to the extent it is not relevant to the parties' claims and defenses.

Subject to and without waiving its objections, around the end of January 2020, CWC's President Joe Lakis recalls having read one or possibly more trade journal articles regarding individuals who reportedly had obtained and exploited unauthorized access to online systems containing confidential, proprietary, and/or competitive information. Prompted by what he had read, on the morning of January 31, 2020, Mr. Lakis asked CWC's Director of Information Technology, Nick Kuriger, to perform a scan of the IP addresses that were being used to access CWC's website, and to flag any IP addresses that appeared to be suspicious because of who they belonged to and what they were accessing.  Mr. Kuriger's initial scan on January 31, 2020 revealed that an IP address belonging to Littler Mendelson, P.C. (199.108.124.252) had been used to access member-restricted content on the CWC Members-Only Site on approximately ten

16

(10) occasions during the month of January 2020.  Mr. Kuriger further learned that whoever was using the Littler IP address to access CWC's member-restricted content was using the access credentials of an employee of one of CWC's member organizations. Mr. Kuriger then informed Mr. Lakis of what he had discovered.

**INTERROGATORY NO. 14:**

Identify the annual amount of compensation that you paid directly to Gibbons, if any, from January 1, 2015 through July 2018.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.

Subject to and without waiving its objections, at all times relevant to this matter CWC did not pay Gibbons.

**INTERROGATORY NO. 15:**

Identify the annual amount of compensation that you paid directly to Gokturk, if any, from January 1, 2000 through April 2019.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.

Subject to and without waiving its objections, at all times relevant to this matter, CWC did not pay Gokturk.

**INTERROGATORY NO. 16:**

For each year from 2015 through 2020, identify each individual granted access the CWC Members-Only Site.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is unlimited time and seeks access data from both entities and individuals that are entirely unrelated to the claims and defenses in this litigation.  Plaintiff objects to this Interrogatory to the extent it is not relevant to the parties' claims and defenses.  Accordingly, Plaintiff will not produce information in response to this Interrogatory, except for access made by Defendants after January 1, 2018.

Subject to and without waiving its objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents from which an answer to this Interrogatory may be determined. Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.

**INTERROGATORY NO. 17:**

Identify each CWC member on an annual basis from 2012 through 2020.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that

contains confidential or highly confidential information of Plaintiff, the disclosure of which

would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to

the terms of an appropriate Protective Order.  Plaintiff objects to this Interrogatory to the extent

that it calls for a legal conclusion.  Plaintiff objects to this Interrogatory as overly broad, unduly

burdensome, and not proportional to the needs of the case considering (1) the negligible

importance of the information sought to the claims and defenses in this litigation and (2) the cost

to identify responsive information balanced against the amount in controversy in this matter.

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims or defenses.

Accordingly, we will not produce information in response to this Interrogatory.

**INTERROGATORY NO. 18:**

For each CWC member identified in response to Interrogatory No. 17, state the amount of CWC

membership fees that the member has paid you for each calendar year from 2012 through 2020.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that

contains confidential or highly confidential information of Plaintiff, the disclosure of which

would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to

the terms of an appropriate Protective Order.  Plaintiff objects to this Interrogatory as overly

broad, unduly burdensome, and not proportional to the needs of the case considering (1) the

negligible importance of the information sought to the claims and defenses in this litigation and

(2) the cost to identify responsive information balanced against the amount in controversy in this

matter.  Plaintiff objects to this Request to the extent it is not relevant to the parties' claims or defenses.  Accordingly, we will not produce information in response to this Interrogatory.

**INTERROGATORY NO. 19:**

Identify each document published on the CWC Members-Only Site that Gibbons drafted, authored or co-authored.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to this Interrogatory to the extent that it calls for a legal conclusion.  Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks documents information beyond the claims and defenses at issue in this litigation.

Subject to and without waiving its objections, based on Plaintiff's present knowledge, Gibbons may have contributed to the drafting of the following Works as part of his job duties at NT Lakis, LLP, which are identified by their memo number:

- 15-148.pdf

- 15-153.pdf

- 15-164.pdf

- 15-166.pdf

- 15-177.pdf

- 15-183.pdf

- 15-190.pdf

- 15-249.pdf

- 16-006.pdf

- 16-034.pdf

- 16-060.pdf

- 16-073.pdf

- 16-083.pdf

- 16-243.pdf

- 16-249.pdf

- 17-004.pdf

- 17-264.pdf

- 18-075.pdf

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents from which a further answer to this Interrogatory with respect to the Works may be determined.  Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.

**INTERROGATORY NO. 20:**

Identify each document published on the CWC Members-Only Site that Gokturk drafted, authored or co-authored.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to this Interrogatory to the extent

that it calls for a legal conclusion.  Plaintiff objects to this Interrogatory as overly broad, unduly

burdensome, and not proportional to the needs of this case to the extent it seeks documents

information beyond the claims and defenses at issue in this litigation.

   Subject to and without waiving its objections, based on Plaintiff's present knowledge,

Gokturk did not contribute to the drafting of the Works.

**INTERROGATORY NO. 21:**

If you contend that the value of any Work has decreased as a result of infringement alleged in

your Amended Complaint, describe in detail your bases for so contending as to each such Work.

**OBJECTION AND RESPONSE TO INTERROGATORY NO.  21:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that

contains confidential or highly confidential information of Plaintiff, the disclosure of which

would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to

the terms of an appropriate Protective Order.  Plaintiff objects to this Interrogatory to the extent

that it calls for a legal conclusion.  Plaintiff objects to this Interrogatory as premature to the

extent that it calls for the disclosure of expert testimony.  Plaintiff objects to the extent this

Interrogatory calls for expert testimony or exhibits and is therefore premature at this early stage

of the litigation, and is therefore, inconsistent with the Local and Federal Rules.

**INTERROGATORY NO. 22:**

Describe in detail all "restricted, confidential and private information from the CWC Members-

Only Confidential Connect Platform" that Littler and Gibbons "obtained," as you allege in

paragraph 147 of your Amended Complaint.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information or documentation not within the possession, custody, or control of Plaintiff.  Plaintiff objects to the extent this Interrogatory calls for expert testimony or exhibits and is therefore premature at this early stage of the litigation, and is therefore, inconsistent with the Local and Federal Rules.  Plaintiff objects to this Interrogatory to the extent that it attempts or purports to call for the production of any information or documentation already in the possession of or available to Defendant through other sources, which are more convenient, less burdensome, and less expensive, including, without limitation, or to the extent it calls for production of information or documentation that is publicly available or is already in Defendant's possession, custody, or control.

Subject to and without waiving its objections, based on Plaintiff's present knowledge, by accessing the CWC Members-Only Confidential Connect Platform, Gibbons, while working for Littler, would have been able to view, monitor, and observe confidential communications of CWC members and access the full directory of all CWC member individuals who had accounts on the platform, including their names, companies, and contact information.  Plaintiff also incorporates the information described in Exhibit A to the Second Amended Complaint.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents from which a further answer to this Interrogatory may be determined.  Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.

**INTERROGATORY NO. 23:**

Describe in detail the "loss" you allege to have suffered in paragraph 217 of your Amended

Complaint, including but not limited to identifying all personnel or resources involved, the time

each person spent, the results of any investigation, and any remedial action allegedly taken by

CWC.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 23:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information or

documentation that is privileged; that was prepared in anticipation of litigation or for trial; that

otherwise constitutes attorney work product, privileged attorney-client communications, or

communications protected by the common interest or joint prosecution privilege; or that is

otherwise privileged or immune from discovery.  Inadvertent disclosure of any such information

or documentation is not intended to and shall not constitute waiver of any privilege or any other

ground for objecting to discovery with respect to such information or with respect to the subject

matter thereof.  Nor shall such inadvertent production or disclosure waive the right of Plaintiff to

object to the use of any such information during this litigation or in any other subsequent

proceeding.  Plaintiff objects to this Interrogatory to the extent that it attempts to elicit

information that contains confidential or highly confidential information of Plaintiff, the

disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be

disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to this

Interrogatory to the extent that it attempts to elicit information or documentation not within the

possession, custody, or control of Plaintiff.  Plaintiff objects to the extent this Interrogatory calls

for expert testimony or exhibits and is therefore premature at this early stage of the litigation, and

is therefore, inconsistent with the Local and Federal Rules.  Plaintiff objects to the term "resources" as vague and ambiguous.

Subject to and without waiving its objections, Plaintiff incorporates the information described the Second Amended Complaint, including that Plaintiff suffered a "loss", under 18 U.S.C. § 1030(e)(11), which exceeds $5,000 based on reasonable costs including the cost of an internal investigation and engagement of outside resources to determine who was responsible for the unauthorized access to information and materials on the CWC Members-Only Site, responding to the Defendants' unauthorized access to information and materials on the CWC Members-Only Site, investigating the incident, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to Defendants' offense.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents from which a further answer to this Interrogatory may be determined.  Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced. Plaintiff will supplement its response with expert testimony in accordance with the Local and Federal Rules as well as the Scheduling Order.

**INTERROGATORY NO. 24:**

Describe in detail the "loss" you allege to have suffered in paragraph 231 of your Amended Complaint, including but not limited to identifying all personnel or resources involved, the time each person spent, the results of any investigation, and any remedial action allegedly taken by CWC.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 24:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information or documentation that is privileged; that was prepared in anticipation of litigation or for trial; that

otherwise constitutes attorney work product, privileged attorney-client communications, or

communications protected by the common interest or joint prosecution privilege; or that is

otherwise privileged or immune from discovery.  Inadvertent disclosure of any such information

or documentation is not intended to and shall not constitute waiver of any privilege or any other

ground for objecting to discovery with respect to such information or with respect to the subject

matter thereof.  Nor shall such inadvertent production or disclosure waive the right of Plaintiff to

object to the use of any such information during this litigation or in any other subsequent

proceeding.  Plaintiff objects to this Interrogatory to the extent that it attempts to elicit

information that contains confidential or highly confidential information of Plaintiff, the

disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be

disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to this

Interrogatory to the extent that it attempts to elicit information or documentation not within the

possession, custody, or control of Plaintiff.  Plaintiff objects to the extent this Interrogatory calls

for expert testimony or exhibits and is therefore premature at this early stage of the litigation, and

is therefore, inconsistent with the Local and Federal Rules.  Plaintiff objects to the term

"resources" as vague and ambiguous.

Subject to and without waiving its objections, Plaintiff incorporates the information

described the Second Amended Complaint, including that Plaintiff suffered a "loss", under 18

U.S.C. § 1030(e)(11), which exceeds $5,000 based on reasonable costs including the cost of an

internal investigation and engagement of outside resources to determine who was responsible for

the unauthorized access to information and materials on the CWC Members-Only Site,

responding to the Defendants' unauthorized access to information and materials on the CWC

Members-Only Site, investigating the incident, conducting a damage assessment, and restoring

the data, program, system, or information to its condition prior to Defendants' offense, including by requiring password changes for CWC members to prohibit further unauthorized access by Defendants to the CWC Members-Only Site  and reminding CWC members that their login credentials for the CWC Members-Only Site are intended for their use only.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents from which a further answer to this Interrogatory may be determined.  Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.  Plaintiff will supplement its response with expert testimony in accordance with the Local and Federal Rules as well as the Scheduling Order.

**INTERROGATORY NO. 25:**

Identify each member of your Board of Directors from January 1, 2015 through the present.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 25:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that contains confidential or highly confidential information of Plaintiff, the disclosure of which would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information related to both entities and individuals that are entirely unrelated to the claims and defenses in this litigation.  Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information or documentation not within the possession, custody, or control of Plaintiff, including the individual's current employer and title and/or the employer and title during the individual's term on the Board of Directors.

Subject to and without waiving its objections, and pursuant to Fed. R. Civ. P. 33(d),
Plaintiff will produce documents from which an answer to this Interrogatory may be determined.
Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials
after the relevant documents are produced.

**INTERROGATORY NO. 26:**

Identify each member of CWC's staff from January 1, 2015 through March 2020.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 26:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that
contains confidential or highly confidential information of Plaintiff, the disclosure of which
would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to
the terms of an appropriate Protective Order.  Plaintiff objects to this interrogatory to the extent
that it calls for a legal conclusion. Plaintiff objects to the term "CWC staff" as vague and
ambiguous.

Subject to and without waiving its objections, and pursuant to Fed. R. Civ. P. 33(d),
Plaintiff will produce documents from which an answer to this Interrogatory may be determined.
Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials
after the relevant documents are produced.

**INTERROGATORY NO. 27:**

Identify each member of the staff of your Affiliated Organizations from January 1, 2015 through
March 2020.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 27:**

Plaintiff objects to this Interrogatory to the extent that it attempts to elicit information that
contains confidential or highly confidential information of Plaintiff, the disclosure of which

would be unduly prejudicial.  Any information disclosed by Plaintiff will be disclosed subject to the terms of an appropriate Protective Order.  Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion.

Subject to and without waiving its objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents from which an answer to this Interrogatory may be determined. Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials after the relevant documents are produced.

**INTERROGATORY NO. 28:**

For each CWC Conference from 2015 through 2020, identify all Conference Materials that you made available to attendees.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 28:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information or documents unrelated to the claims and defenses at issue in this Litigation.  Accordingly, Plaintiff will not produce information in response to this Interrogatory, except for the CWC Conferences alleged in the Second Amended Complaint.

Subject to and without waiving its objections, and pursuant to Fed. R. Civ. P. 33(d),

Plaintiff will produce documents from which an answer to this Interrogatory may be determined.

Plaintiff will supplement its response with appropriate Bates numbers to the referenced materials

after the relevant documents are produced.

Dated:  February 22, 2021                        As to the objections,

                                                 MORGAN LEWIS & BOCKIUS LLP

                                                 By:  _____*/s/ Mark L. Krotoski*_____
                                                          _____*/s/ J. Kevin Fee*_____
                                                       Mark L. Krotoski (*pro hac vice*)
                                                       J. Kevin Fee (Virginia Bar. No. 88376)
                                                       Jane W. Wise (*pro hac vice*)
                                                       Rachel E. Fertig (*pro hac vice*)
                                                       1111 Pennsylvania Ave. NW
                                                       Washington, DC 20004-2541
                                                       Telephone: +1.202.739.3000
                                                       Facsimile:  +1.202.739.3001
                                                       mark.krotoski@morganlewis.com
                                                       kevin.fee@morganlewis.com
                                                       jane.wise@morganlewis.com
                                                       rachel.fertig@morganlewis.com


                                                       Thomas Y. Nolan (*pro hac vice*)
                                                       1400 Page Mill Road
                                                       Palo Alto, CA  94304
                                                       Telephone: +1.650.843.4000
                                                       Facsimile:  +1.650.843.4001
                                                       thomas.nolan@morganlewis.com

                                                       *Attorneys for Center for Workplace
                                                       Compliance*

## **VERIFICATION**

I, Joseph Lakis, am the President of Center for Workplace Compliance. I am authorized to make this verification on behalf of Plaintiff Center for Workplace Compliance and I make this verification for that reason. I have reviewed the responses in the foregoing Center for Workplace Compliance's Objections and Responses to Littler Mendelson, P.C.'s First Set of Interrogatories.

I declare under penalty of perjury that the foregoing responses are true and correct to the best of the knowledge, information, and belief of Center for Workplace Compliance.

Executed on February 22, 2021 at Washington, DC.

Joseph Lakis
President
Center for Workplace Compliance

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2021, the foregoing Center for Workplace

Compliance's Objections and Responses to Littler Mendelson, P.C.'s First Set of Interrogatories

was served via email with consent upon the following:

| | |
|---|---|
| *Attorneys for Defendants Littler Mendelson, P.C., and Theresa Gokturk* | *Attorneys for Defendant Lance E. Gibbons* |
| John A. Burlingame | Robert C. Gill, II |
| (Virginia Bar No. 32694) | (Virginia Bar No. 26266) |
| 2550 M Street, NW | Ian A. McLin (Virginia Bar No. 92403) |
| Washington, DC 20037 | Saul Ewing Arnstein & Lehr LLP |
| Telephone: +1.202.626.6871 | 1919 Pennsylvania Ave. NW, Suite 550 |
| john.burlingame@squirepb.com | Washington, DC  20006 |
| | Telephone: +1.202.295.6605 |
| David S. Elkins (pro hac vice) | robert.gill@saul.com |
| Joseph Patrick Grasser (pro hac vice) | ian.mclin@saul.com |
| 1801 Page Mill Road, No. 110 | |
| Palo Alto, CA 94304 | |
| Telephone: +1.650.843.3378 | |
| david.elkins@squirepb.com | |
| joseph.grasser@squirepb.com | |
| | |
| Joseph A. Meckes (pro hac vice) | |
| 275 Battery Street, 26th Floor | |
| San Francisco, CA 94111 | |
| Telephone: +1.925.595.8225 | |
| joseph.meckes@squirepb.com | |
| | |
| Eleanor Marie Carney Hagan | |
| (pro hac vice) | |
| Key Tower, 127 Public Square #4900 | |
| Cleveland, OH 44144 | |
| Telephone: +1.216.479.8072 | |
| eleanor.hagan@squirepb.com | |

*/s/ Mark L. Krotoski*
Mark L. Krotoski