**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| CENTER FOR WORKPLACE COMPLIANCE (f/k/a EQUAL EMPLOYMENT ADVISORY COUNSIL), | |
| *Plaintiff/Counterclaim Defendant*, | Case No. 1:20-cv-01387-AJF-JFA |
| v. | |
| LITTLER MENDELSON, P.C., LANCE E. GIBBONS, THERESA GOKTURK), et al., | |
| *Defendants and Counterclaimants*. | |

**LITTLER MENDELSON, P.C.'S MEMORANDUM
IN SUPPORT OF MOTION TO SEAL**

Littler Mendelson, P.C. ("Littler"), by counsel, respectfully submits this memorandum in support of its motion to seal certain portions of the June 11, 2021 hearing transcript.

## I.      INTRODUCTION

As described in more detail in the contemporaneously-filed Declaration of Andrew Kiester in support of this Motion to Seal ("Kiester Sealing Decl."), the Littler Confidential Information ("Littler Confidential Information") discloses non-public information regarding Littler's networks, data storage and data security, which it considers confidential because this information could be used, in conjunction with other information, to create a data security risk.

## II.     LAW AND ARGUMENT

### A.      LEGAL STANDARD ON MOTION TO SEAL

"Under established Fourth Circuit precedent, before a district court may seal any court documents, it must (1) give public notice of the request to seal and allow interested parties a

reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

Local Civil Rule 5(C) provides the procedures to follow when seeking to file material under seal before this Court. Local Civil Rule 5 requires, among other things, that the party seeking to seal materials "make a good faith effort to redact or seal only as much as necessary to protect legitimate interests" and contemporaneously file a motion to seal. The motion to seal must include:

> (1) A non-confidential description of what material has been filed under seal;
>
> (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;
>
> (3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied; [and]
>
> (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

Local Civil Rule 5(C). Where the material sought to be sealed belongs to the moving party, it bears the burden of showing that sealing is warranted under the requirement 2, 3, and, if necessary, 4. Where, however, "a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential

must file a response to the motion complying with requirements (2), (3), and (4) above along with a proposed order." *Id.*

### B.      THE LITTLER CONFIDENTIAL INFORMATION SHOULD BE SEALED

This Memorandum and the accompanying Kiester Sealing Decl. satisfy both the requirements of the Fourth Circuit and Local Civil Rule 5 to justify the sealing of the documents at issue.

First, this motion and its notice provides the public with notice of the intent to seal and provides a non-confidential description of the information Littler seeks to have sealed. *E.g., Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, Civil Action No. 2:18-CV-00585 (MSD-DEM), 2020 U.S. Dist. LEXIS 60696, at *6 (E.D. Va. Mar. 16, 2020) (Moving party "met the public notice requirement by filing a separate Notice of Motion to Seal for docketing").

Second, as explained in the Kiester Sealing Decl., if the Court does not seal the Littler Confidential Information, then Littler would be exposed to a data security risk. Kiester Sealing Decl., ¶ 1-2.

Third, Littler has contemporaneously filed a redacted version of the transcript in the public record with this filing, attached hereto as Exhibit 1, to ensure that the relief sought is narrowly-tailored, along with an under-seal version with highlighting showing Littler's confidential information to assist the Court's review. *Id*. at *7.

As for the duration of the sealing, Littler requests that the Littler Confidential information shall remain sealed until further order of this Court. Finally, to the extent the Court is at all inclined to deny this motion, Littler requests that the Littler Confidential Information be returned to it or destroyed but, in any event, not filed in the public record due to the risk of harm to Littler.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Littler submits that the Court should grant this motion to Seal the Littler Confidential Information.

Dated: July 19, 2021

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

<u>*/s/ John A. Burlingame*</u>
John A. Burlingame (VSB No. 32694)
Katie M. Horton (VSB No. 92567)
2550 M Street NW
Washington DC 20037
(202) 626 6871
john.burlingame@squirepb.com

David S. Elkins (admitted pro hac vice)
1801 Page Mill Road, Suite 110
Palo Alto, California 94304
(650) 843-3378
david.elkins@squirepb.com

Joseph A. Meckes (admitted pro hac vice)
Joseph P. Grasser (admitted pro hac vice)
275 Battery Street, 26th floor
San Francisco, California 94111
(415) 954-0201
joseph.meckes@squirepb.com
joseph.grasser@squirepb.com

Eleanor M. Hagan (admitted pro hac vice)
4900 Key Tower 127 Public Square
Cleveland, Ohio 44114
(216) 479 8500
eleanor.hagan@squirepb.com

*Attorneys for Defendants and*
*Counterclaimants*
*Littler Mendelson, P.C. and Theresa*
*Gokturk*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day 19th of July 2021, the foregoing was served, via CM/ECF upon all counsel of record:

/s/ John A. Burlingame
*Attorney for Defendants and
Counterclaimants Littler Mendelson,
P.C. and Theresa Gokturk*